```
1  WILLIAM SLOAN COATS (SBN 98464)
   MARK R. WEINSTEIN (SBN 193043)
2  SAM O'ROURKE (SBN 205233)
   KYLE D. CHEN (SBN 239501)
3  WHITE & CASE LLP
   3000 El Camino Real
4  Five Palo Alto Square, 9th Floor
   Palo Alto, California 94306
5  Telephone:   (650) 213-0300
   Facsimile:   (650) 213-8158
6
   Attorneys for Plaintiffs
7
   ACER, INC.,
8  ACER AMERICA CORPORATION and
   GATEWAY, INC.
9
```

E-FILING

Filed
FEB - 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

Fee Paid
S1
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08 00877 HRL

| | |
|---|---|
| ACER, INC.,<br>ACER AMERICA CORPORATION and<br>GATEWAY, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TECHNOLOGY PROPERTIES LIMITED,<br>PATRIOT SCIENTIFIC CORPORATION,<br>and ALLIACENSE LIMITED,<br><br>    Defendants. | CASE NO:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs Acer, Inc. ("Acer"), Acer America Corporation ("Acer America") and Gateway, Inc. ("Gateway") (collectively "Plaintiffs"), by and through their attorneys, allege as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et seq., seeking a declaratory judgment that no valid and enforceable claim of United States Patent Numbers 5,809,336 ("'336 patent"); 5,784,584 ("'584 patent"); and 5,440,749 ("'749 patent") (collectively the "patents-in-suit") are infringed by Plaintiffs.

## PARTIES

2. Plaintiff Acer is a Taiwan corporation with its principal place of business in Taipei, Taiwan, R.O.C.

3. Plaintiff Acer America is a California corporation with its principal place of business in San Jose, California.

4. Plaintiff Gateway is a Delaware corporation with its principal place of business in Irvine, California. Gateway is a wholly-owned subsidiary of Acer.

5. Defendant Technology Properties Ltd. ("TPL") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, TPL is a co-owner of the patents-in-suit.

6. Defendant Patriot Scientific Corporation ("Patriot") is, on information and belief, incorporated under the laws of the State of Delaware and maintains its principal place of business in Carlsbad, California. On information and belief, Patriot is a co-owner of the patents-in-suit.

7. Defendant Alliacense Ltd. ("Alliacense") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, Alliacense is responsible for negotiating possible licenses to the patents-in-suit with third parties, on behalf of TPL.

## JURISDICTION AND VENUE

8. The Plaintiffs file this complaint against TPL, Patriot and Alliacense (collectively "Defendants") pursuant to the patent laws of the United States, Title 35 of the

1  United States Code, with a specific remedy sought based upon the laws authorizing actions for
2  declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202.
3       9.    This Court has subject matter jurisdiction over this action, which arises
4  under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.
5       10.   Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) and
6  1400(b) because, on information and belief, Defendants are corporations subject to personal
7  jurisdiction in this District and, on information and belief, TPL and Alliacense maintain their
8  principal places of business in this District.

## INTRADISTRICT ASSIGNMENT

11.   This action is properly filed in the San Jose Division of the Northern District of California because Defendants reside, or do business, in this district.

## EXISTENCE OF AN ACTUAL CONTROVERSY

12.   There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

13.   Beginning in or about 2006, and continuing thereafter, Alliacense has repeatedly demanded that Plaintiffs enter into a royalty-bearing license for the patents-in-suit. Alliacense has claimed that certain products of Plaintiffs are infringed by one or more claims of the patents-in-suit, and has told Plaintiffs that if they do not take a license to the patents-in-suit, Plaintiffs may be subject to substantial liabilities. Alliacense's allegations have included claim charts purporting to describe how certain products of Plaintiffs allegedly infringe one or more claims of the patents-in-suit.

14.   Alliacense and Plaintiffs met numerous times during the past fourteen months to discuss a possible license, with the most recent meeting having taken place on January 20, 2008. Throughout this period, Alliacense consistently threatened Plaintiffs and demanded that they take a license to the patents-in-suit. For example, during the January 20, 2008 meeting, the Senior Vice President of Licensing for Alliacense, Mr. Mark Davis, told representatives of Plaintiffs that they would be risking a patent infringement lawsuit if Plaintiffs failed to enter into a licensing agreement.

15. Although Plaintiffs and Alliacense have repeatedly discussed the possibility of a license to the patents-in-suit, the parties have been unable to reach any agreement. On February 6, 2008, Mr. Davis sent Plaintiffs an email expressing frustration at the status of the negotiations and the parties' inability to work out an agreement. Mr. Davis concluded his e-mail by inquiring "if Acer still has an interest in resolving this matter outside of the court and if so, how [it] would like to proceed."

16. Based upon the above facts, there is an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

## FIRST CLAIM

## DECLARATORY JUDGMENTS REGARDING THE '336 PATENT

17. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

18. No valid and enforceable claim of the '336 patent is infringed by the Plaintiffs.

## SECOND CLAIM

## DECLARATORY JUDGMENT REGARDING THE '584 PATENT

19. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

20. No valid and enforceable claim of the '584 patent is infringed by the Plaintiffs.

## THIRD CLAIM

## DECLARATORY JUDGMENT REGARDING THE '749 PATENT

21. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

22. No valid and enforceable claim of the '749 patent is infringed by the Plaintiffs.

///

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment as follows:

1. Declaring that no valid and enforceable claim of the patents-in-suit is infringed by the Plaintiffs;

2. Declaring that defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against the Plaintiffs claiming that the patents-in-suit are valid, enforceable, or infringed, or from representing that the products or services of the Plaintiffs infringe the patents-in-suit;

3. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding the Plaintiffs their attorneys' fees and costs in connection with this case;

4. Awarding the Plaintiffs such other and further relief as the Court deems just and proper.

Dated: February 8, 2008

WILLIAM SLOAN COATS
MARK R. WEINSTEIN
SAM O'ROURKE
KYLE D. CHEN
WHITE & CASE LLP

_____
Kyle D. Chen
Attorneys for Plaintiffs
Acer, Inc., Acer America Corp. and Gateway, Inc.