1  John L. Cooper (State Bar No. 050324)
   jcooper@fbm.com
2  Jeffrey M. Fisher (State Bar No. 155284)
   jfisher@fbm.com
3  Helen E. Dutton (State Bar No. 235558)
   hdutton@fbm.com
4  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
5  San Francisco, CA  94104
   Telephone:  (415) 954-4400
6  Facsimile:  (415) 954-4480

7  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LIMITED
8  and ALLIACENSE LIMITED

9  Charles T. Hoge, Esq. (State Bar No. 110696)
   choge@knlh.com
10 Kirby Noonan Lance & Hoge
   35 Tenth Avenue
11 San Diego, CA  92101
   Telephone:  (619) 231-8666
12 Facsimile:  (619) 231-9593

13 Attorneys for Defendant
   PATRIOT SCIENTIFIC CORPORATION

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                         SAN JOSE DIVISION

17

18

19 ACER, INC., ACER AMERICA                    Case No.  5:08-cv-00877 JF
   CORPORATION and GATEWAY, INC.,
20                                             **NOTICE OF MOTION AND MOTION TO**
              Plaintiff,                       **DISMISS OR, IN THE ALTERNATIVE, TO**
21                                             **TRANSFER VENUE; MEMORANDUM OF**
       v.                                      **POINTS AND AUTHORITIES IN**
22                                             **SUPPORT THEREOF**
   TECHNOLOGY PROPERTIES
23 LIMITED, PATRIOT SCIENTIFIC                 Date:     August 1, 2008
   CORPORATION, and ALLIACENSE                 Time:     9:00 a.m.
24 LIMITED,                                    Dept:     Courtroom 3, 5th Floor
                                               Before:   Honorable Jeremy Fogel
25            Defendants.

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

23129\1558401.2

1

**NOTICE OF MOTION AND MOTION**

2

TO PLAINTIFFS ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.

3

PLEASE TAKE NOTICE that Defendants TECHNOLOGY PROPERTIES LIMITED,

4

PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, pursuant to Rule

5

12(b)(1) of the Federal Rules of Civil Procedure, move to dismiss this action or, in the alternative,

6

to transfer this action to the United States District Court for the Eastern District of Texas under 28

7

U.S.C. § 1404(a).  Transfer to the Eastern District of Texas is here appropriate because that court

8

has already expended considerable resources learning the complex microprocessor technology

9

disclosed in the patents-in-suit and because the Court of Appeals for the Federal Circuit may

10

remand issues relating to one of these patents to the Eastern District of Texas for further

11

proceedings.  This motion will be heard on August 1, 2008, at 9:00 a.m. or as soon thereafter as

12

the matter can be heard.

13

This motion is further based on the accompanying memorandum of points and authorities,

14

supporting declarations, all pleadings, exhibits and papers on file in this action and any other

15

matters properly before the Court.

16

17

Dated: April 25, 2008                                    FARELLA BRAUN & MARTEL LLP

18

19

By:_____/s/ John L. Cooper_____
     John L. Cooper

20

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED

21

and ALLIACENSE LIMITED

22
23
24
25
26
27
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

23129\1558401.2

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................................... 1

II.   THE COURT SHOULD DECLINE DECLARATORY JUDGMENT
      JURISDICTION AND DISMISS AND/OR TRANSFER THIS ACTION
      BECAUSE THE EASTERN DISTRICT OF TEXAS IS THE MOST SUITABLE
      FORUM. ................................................................................................................. 3

      A.   Legal Standard For a Motion To Dismiss ............................................... 3

      B.   The Declaratory Judgment Discretion Inquiry Collapses to a 1404 Analysis ........ 4

           1.   Declaratory Judgment Jurisdiction is Discretionary ................... 4

           2.   Recent Federal Circuit Case Law Requires This Court to Consider
                the Transfer Factors under 28 U.S.C. § 1404(a) as the Guide to
                Determine Whether to Accept Jurisdiction .................................. 4

      C.   The Transfer Factors of § 1404(a) Counsel Transfer of this Case to the
           Eastern District of Texas. ..................................................................... 5

           1.   The Public Factors Strongly Favor Transferring This Case To the
                Eastern District of Texas ............................................................ 6

                a.   Judge Ward Is Already Familiar with the Technical Issues,
                     and It Would be Wasteful of Judicial Resources For a
                     Second Court to Learn the Same Technology ............................... 7

                b.   Transfer to the E.D. Tex. is Necessary to Protect Against
                     Inconsistent Rulings ........................................................ 9

                c.   The Texas Court Has the Ability to Compel Attendance of
                     the Most Important Witnesses ........................................... 11

                d.   The Remaining Public Interest Factors Favor Transfer ................. 12

           2.   The Private Factors Are Neutral ............................................... 13

                a.   Plaintiffs' Choice of Forum Should Be Accorded No
                     Weight ................................................................... 13

                b.   Both Forums are Equally Convenient to Plaintiffs' Parties
                     and Witnesses ........................................................... 14

                c.   Both Forums Provide Equal Ease of Access to Proof ................... 14

      D.   This Case Could Have Been Brought in the Eastern District of Texas ............... 15

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

- i -

23129\1558401.2

III.    ALTERNATIVELY, THIS COURT SHOULD STAY THESE CASES PENDING
        THE RESOLUTION OF TPL'S ONGOING APPEAL TO THE FEDERAL
        CIRCUIT AND ITS OFFENSIVE CASE AGAINST ACER, SOON TO BE
        FILED IN THE EASTERN DISTRICT OF TEXAS ...................................................... 16

IV.     CONCLUSION ........................................................................................................... 16

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

- ii -

23129\1558401.2

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Allen v. Scribner*,
    812 F.2d 426 (9th Cir. 1987)..................................................................... 7

*Ambat v. City and County of San Francisco*,
    No. C07-3622, 2007 WL 3101323 (N.D. Cal. Oct. 22, 2007)........................................ 3

*Am. Philips Corp. v. Am. Vending Sales, Inc.*,
    35 F.3d 1576 (Fed. Cir.1994) ................................................................. 15

*Arete Power, Inc., v. Beacon Power Corp.*,
    No. C07-5167, 2008 WL 508477 (N.D. Cal. Feb. 22, 2008)........................ 6, 9, 11, 12

*Beres v. Village of Huntley, Illinois*,
    824 F. Supp. 763 (N.D. Ill. 1992) ............................................................ 3

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
    21 F.3d 1558 (Fed. Cir. 1994) .............................................................. 15

*Cambridge Filter Corp. v. Int'l Filter Co., Inc.*,
    548 F. Supp. 1308 (D.C. Nev. 1982) ....................................................... 11

*Capo, Inc. v. Dioptics Med. Products*,
    387 F.3d 1352 (Fed. Cir. 2004)............................................................... 4

*Carus Corp. v. Greater Texas Finishing Corp.*,
    No. 91-C2560, 1992 WL 22691 (N.D. Ill. January 31, 1992) ......................... 10

*Commodity Futures Trading Comm'n v. Savage*,
    611 F.2d 270 (9th Cir. 1979)................................................................... 7

*CoxCom, Inc. v. Hybrid Patents, Inc.*,
    No. C06-7918, 2007 WL 2500982 (N.D. Cal. 2007)....................................... 11

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir.1986)........................................................ 6, 13, 14

*EMC Corp. v. Norand Corp.*,
    89 F.3d 807 (Fed. Cir. 1996).................................................................. 4

*Electronics for Imaging, Inc. v. Coyle*,
    394 F.3d 1341 (Fed. Cir. 2005).............................................................. 4

*Genentech v. Eli Lilly & Co.*,
    998 F.2d 931 (Fed. Cir. 1993)............................................................. 4, 5

*Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*,
    815 S.W.2d 223 (Tex. 1991) ................................................................ 15

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

- iii -

23129\1558401.2

*Medimmune Inc. v. Genentech Inc.*,
    549 U.S. 118 (2007) ............................................................................................................. 5

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
    518 F.3d 897 (Fed. Cir. 2008) ............................................................................................ 5

*Miller Brewing Co. v. Ace U.S. Holdings, Inc.*,
    391 F. Supp. 2d 735 (E.D. Wisc. 2005) ........................................................................ 3, 4

*Minnesota Min. and Mfg. Co. v. Norton Co.*,
    929 F.2d 670 (Fed. Cir. 1991) ............................................................................................ 4

*Nolan Helmets S.P.A. v. Fulmer Helmets Inc.*,
    37 U.S.P.Q. 2d 1351 (S.D. Fl. Nov 27, 1995) ................................................................ 14

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ................................................................................................ 5

*Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, v. Gibson Guitar Corp.*,
    No. 91-C6718, 1991 WL 273800 (N.D. Ill. Dec. 12, 1991) ............................................ 7

*Piper Aircraft v. Reyno*,
    454 U.S. 235 (1981) ......................................................................................................... 14

*Regents of Univ. of Cal. v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997) .......................................................................................... 7

*Reiffen v. Microsoft*,
    104 F. Supp. 2d 48 (D.D.C. 2000) ......................................................................... 7, 10, 11

*Royal Queentex Enters. v. Sara-Lee Corp.*,
    No. C-99-4787, 2000 WL 246599 (N.D. Cal. March 1, 2000) .................................. 13, 14

*Serco Servs. Co., L.P. v. Kelley Co., Inc.*,
    51 F.3d 1037 (Fed. Cir. 1995) ............................................................................................ 4

*Singleton v. Volkswagen of Am., Inc.*,
    No. 2-06-CV-222, 2006 WL 2634768 (E.D. Tex. September 12, 2006) ......................... 12

*Steelcase Inc. v. Haworth Inc.*,
    41 U.S.P.Q. 2d 1468 (C.D. Cal. 1996) ...................................................................... 11, 14

*Tafolla v. City of Tustin*,
    885 F.2d 1473 (9th Cir. 1989) .......................................................................................... 12

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d 1574 (Fed. Cir.1990) ......................................................................................... 15

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ........................................................................................................... 6

*Van Slyke v. Capital One Bank*,
    503 F. Supp. 2d 1353 (N.D. Cal. 2007) .............................................................. 11, 12, 15

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

- iv -

23129\1558401.2

*Vishay Dale Elecs., Inc. v. KOA Corp.*,
   No. 4:04-CV-247-A, 2004 WL 1908244 (N.D. Tex. August 24, 2004) .......................... 15

*Vitria Tech. Inc. v. Cincinnati Ins. Co.*,
   2005 WL 2431192 (N.D. Cal. 2005) ................................................................................ 15

*Wilton v. Seven Falls Co.*,
   575 U.S. 277 (1995) ........................................................................................................... 4

### DOCKETED CASES

*Defendant Mosaid's Motion to Transfer, Micron Technology v. Mosaid Technologies*,
   Document 43, No. 5:06-4496 (N.D. Cal) ......................................................................... 12

### FEDERAL STATUTES

28 U.S.C.
   § 1391(c) ........................................................................................................................... 15
   § 1400(b) ........................................................................................................................... 15
   § 1404(a) ............................................................................................................... 4, 5, 7, 15
   § 2201 .................................................................................................................................. 4

35 U.S.C.
   §§ 102, 103, 112 ................................................................................................................. 2

### FEDERAL RULES

Federal Rules of Civil Procedure
   Rule 1 ................................................................................................................................ 12
   Rule 12(b)(1) ................................................................................................................... 1, 3
   Rule 45(c)(3) ..................................................................................................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

- v -

23129\1558401.2

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **STATEMENT OF THE ISSUE TO BE DECIDED**

3    Whether this Court should conserve judicial resources and avoid the possibility of

4    inconsistent rulings and, accordingly, dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) or

5    transfer this action to the District Court of the Eastern District of Texas where:

6    1) three of the four patents in these cases were before the Honorable John Ward in the

7    Eastern District of Texas;

8    2) Judge Ward expended considerable judicial resources learning the complex

9    microprocessor technology disclosed in these patents and construing the disputed claims; and

10    3) the Court of Appeals for the Federal Circuit may remand issues relating to one of these

11    patents back to the Eastern District of Texas for further proceedings, which would be duplicative

12    of proceedings in this Court if this case is not dismissed or transferred.

13    **I.    INTRODUCTION**

14    Plaintiffs Acer, Inc., Acer America Corporation and Gateway, Inc. (collectively, "Acer")

15    filed this declaratory judgment action alleging that their products do not infringe three of

16    Technology Properties Limited's ("TPL's") patents.  TPL is a small-entity patent owner involved

17    for over twenty years with the development, manufacture and marketing of innovative high

18    technology products.[1]

19    TPL holds patents on several different aspects of high speed computer microprocessors.

20    These patents include U.S. Patent Nos. 5,809,336 ("the '336 patent"), 5,784,584 ("the '584

21    patent"), 5,440,749 ("the '749 patent"), and 6,598,148 ("the '148 patent").  In general, the '336

22    patent discloses a microprocessor with a first clock that clocks the Central Processing Unit

23    (CPU), a second clock that clocks the input/output interface (I/O), and a mechanism that

24    coordinates the data transfer between the CPU and I/O despite their asynchronous timing.  The

25    _____

26    [1]    Co-defendant Patriot Scientific Corporation ("Patriot") owns an interest in U.S. Patent
Nos. 5,440,749, 5,784,584, and 5,809,336 and 6,598,148.  Alliacense Limited does not own an
interest in any of these patents and should not have been named in this action.

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL          - 1 -          23129\1558401.2

'584 patent discloses a method of executing a set of instructions within a plurality of instruction groups acquired from memory. The '148 patent is directed to a microprocessor with a CPU designed efficiently such that it takes up minimal surface area on the chip, and thus over 50% of the chip surface is dedicated to Random Access Memory (RAM). The '749 patent discloses a microprocessor that fetches multiple instructions in parallel and executes fetched instructions using an arithmetic logic unit connected to a push down stack. These patents are part of the family of patents known as the Moore Microprocessor Portfolio patents, or MMP patents. Numerous major companies, such as Intel, Hewlett-Packard, and Nokia, have licensed the technology they disclose and claim.

To protect its rights and the rights of its licensees, in 2006, TPL asserted the '336 patent, the '584 patent, and the '148 patent of the MMP patents against Toshiba, Matsushita, NEC, and ARM, Ltd. in the Eastern District of Texas, where the case was assigned to the Honorable John Ward, Case No. 2:05-cv-00494-TJW ("E.D.Tex. Case"). The case proceeded for two years, and Judge Ward received a tutorial on the technology of the MMP patents from both plaintiff and defendants. Judge Ward issued a *Markman* decision construing numerous limitations of the '336 patent, the '584 patent, and the '148 patent on June 15, 2007. After the ruling issued, but before trial, defendants Toshiba, Matsushita, and NEC agreed to license the MMP patents, thereby resolving the litigation as to those defendants.

Due to what TPL believes to be an erroneous claim construction regarding the '584 patent, however, TPL appealed a portion of the *Markman* decision relating to two claim terms of that patent as against defendant ARM, Ltd. (the only defendant left in the action). This appeal was recently briefed in the Federal Circuit, and oral argument is scheduled for May 7, 2008. If the Federal Circuit overturns any portion of the *Markman* decision, it will send the case back to the Eastern District of Texas for further adjudication regarding the '584 patent. The case will include issues of alleged invalidity of the '584 patent under 35 U.S.C. §§ 102, 103, and 112.

On February 8, 2008, plaintiffs filed this declaratory judgment complaint requesting this Court hold that they do not infringe a valid or enforceable claim of three of the MMP patents: the '336 patent, the '584 patent and the '749 patent. This Court should dismiss or transfer this action

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL
- 2 -
23129\1558401.2

1   to the Eastern District of Texas so that this case can proceed before Judge Ward.[2]  This Court

2   should conserve its resources and avoid "re-inventing the wheel" by learning the complex

3   technology that a competent judge of another jurisdiction has already mastered.  This Court

4   should decline jurisdiction to avoid issuing rulings that are inconsistent with Judge Ward's prior

5   rulings.  Finally, this Court should avoid parallel litigation over the '584 patent, which is still

6   being contested and may well be remanded for further proceedings before Judge Ward, both to

7   conserve judicial resources and avoid inconsistent rulings.  Alternatively, the Court should stay

8   this case pending the resolution of TPL's directly-related appeal, which is scheduled for argument

9   next month in the Federal Circuit, and its offensive cases against Acer in Texas.

**II.    THE COURT SHOULD DECLINE DECLARATORY JUDGMENT
JURISDICTION AND DISMISS AND/OR TRANSFER THIS ACTION BECAUSE
THE EASTERN DISTRICT OF TEXAS IS THE MOST SUITABLE FORUM.**

**A.    Legal Standard For a Motion To Dismiss**

13  A motion requesting the Court to decline or abstain from jurisdiction may be considered

14  under Federal Rule of Civil Procedure 12(b)(1).  *See Ambat v. City and Cty of San Francisco*, No.

15  C07-3622, 2007 WL 3101323, at *2 (N.D. Cal. Oct. 22, 2007).  ("[N]umerous courts have also

16  considered abstention arguments within the framework of a motion to dismiss for lack of subject

17  matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)"; *Miller Brewing Co. v.*

18  *Ace U.S. Holdings, Inc.,* 391 F.Supp.2d 735, 739 (E.D. Wisc. 2005) ("A motion to dismiss or stay

19  based on an abstention doctrine raises the question of whether a court should exercise subject

20  matter jurisdiction."); *Beres v. Village of Huntley, Illinois*, 824 F. Supp. 763, 766 (N.D. Ill. 1992)

21  ("a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)

22  appears to be an appropriate method for raising the issue of abstention.").  The Rule 12(b)(1)

23  framework applies with equal force to the issue of whether a court should exercise jurisdiction

24  under the Declaratory Judgment Act.  *Miller Brewing*, 391 F. Supp. 2d at 740.

---

[2]  On April 25, 2008, TPL filed complaints in the Eastern District of Texas alleging that plaintiffs infringe the MMP patents.  TPL has sought to have this action assigned to Judge Ward as a related case.  *Declaration of John. L. Cooper in Support of Motion to Dismiss ("Cooper Declaration"), Exh. A.*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL          - 3 -          23129\1558401.2

**B.**    **The Declaratory Judgment Discretion Inquiry Collapses to a 1404 Analysis**

      **1.**    **Declaratory Judgment Jurisdiction is Discretionary.**

The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction…, any court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added)

The question of whether to exercise declaratory judgment jurisdiction in the context of a patent infringement matter is governed by Federal Circuit case law rather than the decisions of the regional circuits since it impacts the Federal Circuit's mandate to promote national uniformity in patent practice. *See, e.g., Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005); *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995); *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

Both the permissive language of the Declaratory Judgment Act and the subsequent interpretation of the Act by the courts "have made the exercise of declaratory judgment jurisdiction discretionary." *Minnesota Min. and Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672 (Fed. Cir. 1991). A district court is not required to exercise declaratory judgment jurisdiction, but has "unique and substantial discretion" to decline that jurisdiction. *Electronics for Imaging, Inc.*, 394 F.3d at 1345 (quoting *Wilton v. Seven Falls Co.*, 575 U.S. 277, 289 (1995)); *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996). "The use of discretion is not plenary, however, for '[t]here must be well-founded reasons for declining to entertain a declaratory judgment action.'" *Electronics for Imaging*, 394 F.3d at 1345, *quoting Capo, Inc. v. Dioptics Med. Products*, 387 F.3d 1352, 1355 (Fed. Cir. 2004). Those reasons exist here.

      **2.**    **Recent Federal Circuit Case Law Requires This Court to Consider the Transfer Factors under 28 U.S.C. § 1404(a) as the Guide to Determine Whether to Accept Jurisdiction.**

In the past, the Federal Circuit followed the general rule that the first-filed lawsuit should proceed. "The general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech*, 998 F.2d at 937. *See also Pacesetter Sys., Inc. v. Medtronic,*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL        - 4 -        23129\1558401.2

*Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) ("Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit").  In *Medimmune Inc. v. Genentech Inc.*, 549 U.S. 118 (2007), however, the Supreme Court announced a "more lenient legal standard [that] facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008).  Now, "[i]nstead of relying solely on considerations such as tenuousness of jurisdiction, broadness of case, and degree of vestment, . . . or automatically going with the first filed action, . . . the trial court weighing jurisdiction . . .  must consider the real underlying dispute: the convenience and suitability of competing forums," applying the factors announced in 28 U.S.C. § 1404(a) for adjudicating motions to transfer venue.  *Micron*, 518 F.3d at 904 ("In other words, this court notes that when the discretionary determination is presented after the filing of an infringement action, the jurisdiction question is basically the same as a transfer action under § 1404(a).")  The Federal Circuit reasoned that "[e]ventually, robust consideration of these factors will reduce the incentives for a race to the courthouse because both parties will realize that the case will be heard or transferred to the most convenient or suitable forum."  *Micron*, 518 F.3d at 905.  Importantly, the Court noted, ***"[t]he first-filed suit rule . . . will not always yield the most convenient and suitable forum***."  *Id.* at 904 (emphasis added).  Accordingly, this Court must determine the most suitable and convenient venue, and this action should proceed there, regardless of where it was first-filed.

### C.    The Transfer Factors of § 1404(a) Counsel Transfer of this Case to the Eastern District of Texas.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citation omitted).  The district court must consider both public factors which go to the interests of justice, and private

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

- 5 -

23129\1558401.2

1   factors, which go to the convenience of the parties and witnesses.  *Decker Coal Co. v.*

2   *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

3              **1.    The Public Factors Strongly Favor Transferring This Case To the
                        Eastern District of Texas.**
4

5          The *Decker* court identified public-interest factors including (A) relative degrees of court

6   congestion, (B) local interest in deciding local controversies, (C) potential conflicts of laws, and

7   (D) burdening citizens of an unrelated forum with jury duty.  *Decker Coal*, 805 F.2d at 843.

8          In the context of patent litigation, this Court has recently identified various factors that are

9   important in the transfer determination (some of which overlap with *Decker*):

10         (1) the relative ability of each of the two courts to compel attendance of witnesses,

11         (2) the relative ability of the two courts to provide direct access by witnesses and jurors to

12  tangible evidence or to pertinent premises,

13         (3) promoting consistency among court rulings that affect the development and trial of this

14  case [potential conflicts of laws, *Decker*],

15         (4) reducing the aggregate transaction costs imposed by the litigation on the parties,

16         (5) providing the most expeditious access to judicial resources and a trial date [court

17  congestion, *Decker*],

18         (6) assessing the relative intensity in the two jurisdictions of any local interests that the

19  litigation might implicate [local interest, *Decker*], and

20         (7) the relative levels of familiarity of the judges in the two courts with the substantive

21  law they would be called upon to construe and apply in this case.

22  *Arete Power, Inc., v. Beacon Power Corp.*, No. C07-5167, 2008 WL 508477, at * 9 (N.D. Cal.

23  Feb. 22, 2008).

24              **a.    Judge Ward Is Already Familiar with the Technical Issues, and
                        It Would be Wasteful of Judicial Resources For a Second Court
25                      to Learn the Same Technology.**

26         In a highly technical case such as this, the judge's familiarity of the issues can be decisive.

27  "Consideration of the interest of justice, which includes judicial economy, 'may be determinative

28  to a particular transfer motion, even if the convenience of the parties and witnesses might call for

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL                    - 6 -                    23129\1558401.2

1    a different result.'" *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir.

2    1997) (citation omitted).

3         In *Regents*, UC brought suit against Lilly in the Northern District of California for

4    infringement of its patent covering recombinant DNA technology. *Regents*, 119 F.3d at 1562.

5    The case was consolidated for discovery purposes with four other cases in the Southern District of

6    Indiana pursuant to multi-district litigation procedures. *Id.* at 1563. After discovery was

7    complete, the Indiana court transferred venue to itself for trial under § 1404(a) because judicial

8    economy was best served by trial in the Indiana court. *Id.*

9         The Federal Circuit upheld the decision to transfer venue, stating that "the fact that the

10    district court ultimately afforded little or no weight to the other factors does not, standing alone,

11    indicate that the district court abused its discretion. On the contrary, in a case such as this in

12    which several highly technical factual issues are presented and the other relevant factors are in

13    equipoise, the interest of judicial economy may favor transfer to a court that has become familiar

14    with the issues." *Id.* at 1565 (*citing Commodity Futures Trading Comm'n v. Savage*, 611 F.2d

15    270, 279 (9th Cir. 1979) and *Allen v. Scribner*, 812 F.2d 426, 436-37 (9th Cir. 1987)). *See also*

16    *Reiffen v. Microsoft*, 104 F.Supp.2d 48, 55 (D.D.C. 2000) (transferring to the N.D. Cal, stating,

17    "The Honorable Vaughn R. Walker of the Northern District has already expended substantial

18    time and effort to become familiar with the technology underlying the disputed patents, the

19    prosecution of the patents, the record considered by the Patent Office in issuing the patents, and

20    the legal issues related to the patents' alleged validity and infringement."); *Pattishall, McAuliffe,*

21    *Newbury, Hilliard & Geraldson, v. Gibson Guitar Corp.*, No. 91-C6718, 1991 WL 273800, *2

22    (N.D. Ill. Dec. 12, 1991) ("First, the Tennessee case has been assigned to Judge John Nixon, who

23    presided over the underlying trademark infringement case. Although the case settled, the parties

24    still appeared before Judge Nixon on several occasions, and his familiarity with the infringement

25    case will undoubtedly give him a greater understanding of the situation than if the case were to

26    proceed in an entirely new forum. Familiarity of the judge with the underlying action has been

27    held to be a valid consideration justifying a change of venue.")

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL          - 7 -                    23129\1558401.2

1    Judge Ward has already spent many days, likely weeks, learning the highly technical

2    factual issues of the MMP patents.  TPL filed its original complaint on October 24, 2005 for

3    infringement of the '336 patent, the '584 patent, and the '148 patent in the Eastern District of

4    Texas. *Cooper Declaration,* Exh. A, *Complaint for Patent Infringement*, E.D.Tex. Case. Both

5    plaintiff and defendants prepared and submitted tutorials on the technology disclosed in the

6    patents. *Cooper Declaration,* Exh. B, *Notice of Filing Defendants' Technology Tutorial*, E.D.Tex.

7    Case, Docket No. 241.  Judge Ward then took on the personal and labor-intensive task of learning

8    the general area of technology, and specifically the patents' detailed disclosure and claim terms.

9    He was further required to review each of the patents' file histories and the competing expert

10    interpretations and arguments of counsel.  He considered the contested claim terms and phrases

11    presented in each of the '336 patent, the '584 patent, and the '148 patent, and he issued a

12    *Markman* decision on June 15, 2007.  *Cooper Declaration,* Exh. C, *Memorandum Opinion and*

13    *Order*, E.D.Tex. Case, Docket No. 259.  This decision construes the meaning of 33 claim terms

14    over 31 pages.  Finally, Judge Ward would likely hear this case if transferred to the Eastern

15    District of Texas.  *See* E.D.Tex. Local Rules CV-42(a-c) (requiring counsel to notify court of

16    cases with related subject matter and allowing consolidation of related cases.).

17    It would be a duplication of effort for this Court to invest the time and energy to learn the

18    complex technology involved when Judge Ward has already done so.  It would also cause

19    unnecessary delay and expense to help this Court understand the technology when significant

20    resources have already been spent doing so in the E.D.Tex. Case.  The Federal Circuit has

21    approved this factor as being decisive in transferring a case to another district in *Regents*, and did

22    so under the stricter first-to-file analysis that preceded *Genentech.*

23
24
    **b.    Transfer to the E.D. Tex. is Necessary to Protect Against Inconsistent Rulings.**

25    "As a general proposition, the interest of justice is advanced to the extent that one court

26    (rather than two or more) is the source of the rulings and judicial guidance that are provided in

27    any one case.  Concentrating responsibility for rulings and guidance in one court reduces both

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL    - 8 -    23129\1558401.2

1    inefficiencies (eliminating the need for judges in other courts to become familiar with the case

2    and the pertinent law) and the risk that the parties or witnesses will be subject to inconsistent

3    directives." *Arete*, 2008 WL 508477 at *11.

4        In the Texas Case, the *Markman* decision issued by Judge Ward with regard to the '336

5    patent and '148 patent was not appealed.  Accordingly, that decision remains the best indication

6    for third parties on how to design their products to avoid the patent claims or whether to seek a

7    license for those patents.

8        Acer, however, will likely request this Court to issue its own Markman decision,

9    construing the claims in its favor.  A *Markman* decision by this Court that departs from the

10   *Markman* decision issued by Judge Ward will only provide an inconsistent result and promote

11   confusion among the third parties looking for clarification on the scope of the coverage of the

12   '336 and '148 patents.  Indeed, Acer itself recognizes the necessity of having only one judge as

13   evidenced in their Administrative Motion to Consider Whether Cases Should Be Related:

14   "Having the actions conducted before more than one judge would create an unduly burdensome

15   duplication of labor and expense and would present a substantial possibility of conflicting results

16   on common legal and factual issues."  (*See* D.E. # 7 at p. 2, ll.21-23.)

17       In contrast, if this case is transferred to the Eastern District of Texas, Judge Ward may

18   issue a second *Markman* decision on those patents.  In that case, he would simply be clarifying

19   his own earlier decision, which would promote clarification, not confusion, of the coverage of the

20   patents.

21       Further, the Texas Case is still being contested regarding the '584 patent.  TPL is

22   contesting the claim construction of the '584 patent in an appeal before the Federal Circuit.

23   *Cooper Declaration*, Exh. D, *Plaintiffs' Amended Notice of Appeal*, E.D.Tex. Case, Docket. No.

24   350.  If that claim construction is reversed, and TPL expects that it will be, the Federal Circuit

25   will remand the case back to Texas for further adjudication regarding the '584 patent.  "As a

26   general proposition, cases should be transferred to the district where related actions are pending.

27   The presence of three related cases involving the same patent and the same type of infringement

28   actions in the [transferee] district weighs heavily in favor of transfer."  *Carus Corp. v. Greater*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL                - 9 -                        23129\1558401.2

1   *Texas Finishing Corp.*, No. 91-C2560, 1992 WL 22691, at *2 (N.D. Ill. January 31, 1992)

2   (citations removed).

3         ARM, Ltd. has alleged both that the '584 patent is invalid and that it does not infringe the

4   '584 patent. *Cooper Declaration*, Exh. E at ¶ 95, *First Amended Answer of ARM, Ltd. to

5   Plaintiff's Second Amended Complaint*, E.D. Tex. Case, Doc. No. 203. The plaintiffs in this case

6   also have argued that the claims of the '584 patent are invalid and not infringed. *See Complaint* ¶

7   20. Accordingly, both Judge Ward and this Court will likely be ruling on the same issue of

8   validity of the '584 patent and the related issue of infringement of the '584 patent. It is wasteful

9   of judicial resources to have two judges ruling on the same issues. Further, there is the possibility

10  that the two courts could issue inconsistent decisions. Accordingly, it would serve the interest of

11  justice to transfer this case to Judge Ward to avoid duplicative, and potentially inconsistent,

12  rulings.

13        Further, precedent holds that even if the Federal Circuit upholds the claim construction of

14  the '584 patent and the case is not remanded, this Court should transfer the case. In *Reiffen v.

15  Microsoft*, 104 F.Supp.2d 48, 50 (D.D.C. 2000), Mr. Reiffen had first asserted his patents against

16  Microsoft in the Northern District of California. The court decided his patents were invalid, and

17  he appealed the decision to the Federal Circuit. *Id*. He then filed a similar suit in the District

18  Court of the District of Columbia. *Id*. While the appeal to the Federal Circuit was pending, the

19  District Court of the District of Columbia transferred its case to the Northern District of

20  California. *Id*. It held that the fact that the Federal Circuit case was still pending "does not imply

21  that it would be sensible or convenient to litigate this complaint here if the Federal Circuit affirms

22  (and so does not remand to the Northern District of California). No matter what the Federal

23  Circuit decides, ***litigating this matter here would squander judicial resources and run the risk

24  of inconsistent judgments on validity and infringement***[]." *Id*. at 55 (emphasis added). Thus,

25  under *Reiffen*, this Court should transfer this case even if the claim construction of the '584 were

26  to be upheld on appeal.

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL                - 10 -                23129\1558401.2

1

2

**c.    The Texas Court Has the Ability to Compel Attendance of the Most Important Witnesses**

3    This Court has also held that the ability of a court to compel attendance of important, non-

4    party witnesses is an important factor.  "Most cases have some third-party non-partisan witnesses

5    who will refuse to voluntarily appear at trial and can be made to do so only through a subpoena.

6    Sometimes these witnesses are critical precisely because they are non-partisans.  All other things

7    being equal, the overall quality of the trial is better in the venue where more unaffiliated

8    witnesses can be compelled to testify."  *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d. 1353,

9    1364 (N.D. Cal. 2007).  "The availability of compulsory process to compel the attendance of

10    unwilling witnesses is an important factor."  *Arete*, 2008 WL 508477, at *10 (*citing Cambridge

11    Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1311 (D.C. Nev. 1982)).  It is the

12    convenience of non-party witnesses that is the more important factor and is accorded greater

13    weight than the convenience of party witnesses.  *See CoxCom, Inc. v. Hybrid Patents, Inc.*, No.

14    C06-7918, 2007 WL 2500982, at *2 (N.D. Cal. 2007).

15    Further, the inventors listed on patents are considered to be particularly important.

16    "Among the most significant witnesses on the infringement and anticipation issues are the

17    inventor(s) and the design and testing engineers."  *Arete*, 2008 WL 508477, at *7 (*citing

18    Steelcase Inc. v. Haworth Inc.*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996)).

19    Charles Moore, the lead inventor listed on the MMP patents, is a consultant for TPL.

20    *Cooper Declaration*, ¶ 8.  Accordingly, he is available to testify in either jurisdiction.  Mr. Fish,

21    however, is the second-listed inventor on the MMP patents and is not affiliated with any party to

22    this litigation.  He is a resident of Dallas, TX, and therefore outside of the subpoena power of this

23    Court.  *Cooper Declaration*, ¶ 9.  Mr. Fish is, however, within the subpoena power of the E.D.

24    Texas, which has subpoena power over the entirety of Texas:

25

26

27

> A court may compel any witness residing in the state in which the
> court sits to attend trial, subject to reasonable compensation if the
> witness incurs substantial expense. See Fed.R.Civ.P. 45(c)(3).
> Under this rule, this Court's subpoena power extends to all of the
> witnesses listed by the Defendant because they all reside in the
> State of Texas.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL                - 11 -                23129\1558401.2

1   *Singleton v. Volkswagen of Am., Inc.*, No. 2-06-CV-222, 2006 WL 2634768, at *3 (E.D. Tex.

2   September 12, 2006) (Ward, J.)

3       Accordingly, the Eastern District of Texas is able to compel the only non-affiliated

4   inventor of the patents-in-suit to attend trial, while this Court is not.  As stated in both *Van Slyke*

5   and *Arete*, it is important for the non-affiliated inventor to be available for trial.

6               **d.      The Remaining Public Interest Factors Favor Transfer.**

7       The Federal Rules of Civil Procedure mandate that the rules shall "be construed and

8   administered to secure the just, speedy, and inexpensive determination of every action," and

9   courts have adhered to a long-standing maxim that 'justice delayed is justice denied."  *See* Fed. R.

10  Civ. Pro. 1; *Tafolla v. City of Tustin*, 885 F.2d 1473, 1477 (9th Cir. 1989).  A transfer to the

11  Eastern District of Texas would favor expeditious access to judicial resources, because Judge

12  Ward would not require the time to get up to speed with regard to the MMP patents.  Evidence

13  was also recently submitted in a currently-pending case in this jurisdiction showing that this

14  Court is much more congested than the Eastern District of Texas.  "The 2007 caseload profile for

15  the Northern District of California indicates a median time from filing to trial of 24.9 months, and

16  a caseload of 643 pending cases per judgeship.  During the same period, the median time from

17  filing to trial in the Eastern District of Texas was 18 months, with 419 pending cases per

18  judgeship." *Defendant Mosaid's Motion to Transfer, Micron Technology v. Mosaid Technologies*,

19  Document 43, No. 5:06-4496 (N.D. Cal.) (citations omitted).

20      The factors of aggregate costs and local interests are also neutral.  TPL believes that

21  Acer's design and manufacturing facilities of the potentially infringing products are primarily

22  based in Asia.  Gateway further represented in its 2006 SEC filing that it "has outsourced a

23  substantial portion of its manufacturing operations to countries in Asia, Eastern Europe, and

24  Mexico."  *Cooper Declaration*, ¶ 14,  Exh. I at p. 14.  TPL therefore believes that there is no local

25  interest in the Northern District of California related to Acer's infringement.

26      In addition, Acer is a Taiwanese company with its principal places of business in Taiwan.

27  *See Complaint*, ¶ 2.  All decision-making authority for the plaintiffs for this conflict primarily

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL          - 12 -          23129\1558401.2

1   resides in Taiwan.  All Acer correspondence with TPL in the pre-litigation attempts at a business

2   agreement was executed by individuals at Acer's Taiwanese offices.  TPL conducted its

3   discussions with Acer employees including BJ Lin, Deputy General Counsel, Ares Yang, Patent

4   Director of Legal Unit, Kate Ci Shang, an attorney, Ellen Yeh, a patent engineer, and Morgan

5   Lin, an associate patent engineer.  *Davis Decl*, ¶ 2.  All of these people are based in Taiwan.

6   Even the negotiations with Gateway Inc. were not with residents of the Bay Area.  TPL

7   conducted its discussions with employees of Gateway Inc. including Mike Barry, Associated

8   General Counsel, Gregory Call, Vice President and General Counsel, and Mike Flannery, Senior

9   Director of Engineering.  *Davis Decl.*, ¶ 4.  These individuals are based in either Irvine,

10   California or North Sioux City, South Dakota.  *Id*.

11       Here, there is no imposition of jury service on unaffected citizens in either jurisdiction

12   because this case is national in scope and therefore affects the sale of potentially infringing

13   products to citizens of both jurisdictions.  The factor of direct access by the witnesses to pertinent

14   premises is not important because there are no pertinent premises in a patent case.  Further, the

15   aggregate costs are likely the same, because the Acer will either be required to travel to Texas or

16   the Bay Area for trial.

17                    **2.        The Private Factors Are Neutral.**

18       The district court must consider also private convenience and fairness factors, including

19   ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and

20   relative convenience to witnesses.  *Decker Coal*, 805 F.2d at 843.

21                    **a.        Plaintiffs' Choice of Forum Should Be Accorded No Weight.**

22       In the weighing of convenience factors, when the forum plaintiff has chosen is also the

23   plaintiff's residence, plaintiff's choice is given considerable weight and will not be disturbed

24   unless other factors weigh substantially in favor of transfer.  *Royal Queentex Enters v. Sara-Lee*

25   *Corp.*, No. C-99-4787, 2000 WL 246599, at *3 (N.D. Cal. March 1, 2000) (*citing Decker Coal*,

26   805 F.2d at 843, which requires a "strong showing of inconvenience to warrant upsetting the

27   plaintiff's choice of forum").

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL          - 13 -                    23129\1558401.2

1   The Supreme Court recognized, however, that plaintiff's choice of forum is entitled to

2   appreciably less weight when plaintiff does not reside there.  "The District Court properly decided

3   that the presumption in favor of the plaintiff's forum choice applied with less than maximum

4   force when the plaintiff or (as here) the real parties in interest are foreign… when the plaintiff or

5   real parties in interest are foreign, this assumption is much less reasonable and the plaintiff's

6   choice deserves less deference."  *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56, (1981).  "Some

7   courts have gone even further and held that no deference is to be given a plaintiff's choice of

8   forum in cases involving a foreign plaintiff and an American defendant."  *Nolan Helmets S.P.A. v.*

9   *Fulmer Helmets Inc.*, 37 U.S.P.Q.2d 1351, 1352 (S.D. Fl. Nov 27, 1995).

10      In sum, TPL believes that the residence of the people and products involved with Acer's

11  proof relating to infringement is Taiwan and not California, and therefore its choice of forum is

12  entitled to little deference.

13
                    **b.      Both Forums are Equally Convenient to Plaintiffs' Parties and**
14                  **Witnesses.**

15      Both Acer as a party and most of its witnesses who will testify about the non-infringement

16  of its products are likely based in Taiwan or outside the Bay Area.  Moving this case to Texas

17  will impose little burden on these plaintiffs relative to traveling to the Bay Area.  All of

18  defendant's witnesses over which it has control have consented to travel to Texas.  Convenience

19  to the parties' counsel is generally not a relevant factor.  *Steelcase Inc. v. Haworth Inc.*, 41

20  U.S.P.Q.2d 1468, 1469-70 (C.D. Cal. 1996)).  Accordingly, this factor is neutral.

21                  **c.      Both Forums Provide Equal Ease of Access to Proof**

22      Acer's proof relating to infringement is concentrated in Taiwan.  Thus, there is no

23  difference in this factor whether the case is heard in Texas or the Bay Area.  Further, any

24  evidence of invalidity is likely documentary in nature, and therefore there is no difficulty in

25  accessing such proof in either jurisdiction.  "With technological advances in document storage

26  and retrieval, transporting documents does not generally create a burden."  *Van Slyke v. Capital*

27  *One Bank*, 503 F.Supp.2d, 1353, 1364 (N.D. Cal. 2007) (*citing Vitria Tech. Inc. v. Cincinnati Ins.*

28  *Co.*, 2005 WL 2431192, *3 (N.D. Cal. 2005)).  Accordingly, this factor is not probative.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL            - 14 -                    23129\1558401.2

1

**D.    This Case Could Have Been Brought in the Eastern District of Texas**

2

28 U.S.C. § 1404(a) allows transfer of a case to a district where the case could have been

3

originally brought.  The venue statute for patent cases provides as follows:  Any civil action for

4

patent infringement may be brought in the judicial district where (A) the defendant resides, or

5

(B) where the defendant has committed acts of infringement and has a regular and established

6

place of business.  28 U.S.C. § 1400(b).  The Federal Circuit has held that the general venue

7

statutes, 28 U.S.C. § 1391(c) define a corporation's residence to include any district where there

8

would be personal jurisdiction over the corporate defendant at the time the action is commenced.

9

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir.1990).

10

Texas has a long-arm statute that reaches as far as the federal constitutional requirements

11

of due process will allow.  *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*,

12

815 S.W.2d 223, 226 (Tex. 1991).  A party with a distribution network that sells and offers to sell

13

products in Texas that are alleged to infringe the patents establishes personal jurisdiction.  *Vishay*

14

*Dale Elecs., Inc. v. KOA Corp.*, No. 4:04-CV-247-A, 2004 WL 1908244, at *3 (N.D. Tex. August

15

24, 2004) (*citing Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir.

16

1994); and *Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir.1994)).

17

In this case, Acer offers its products for sale in Marshall, Texas.  Its website,

18

www.acer.com, directs the user to the United States website from which a user can then purchase

19

an accused Acer product from one of Acer's online partners, including for example CompUSA,

20

Office Depot or Amazon.com.  *Cooper Declaration*, ¶ 10, Exh. F.  Indeed, as but one example,

21

Amazon.com lists over 80 Acer products for sale to on-line customers, including those in

22

Marshall, Texas.  *Cooper Declaration*, ¶ 11, Exh. G.  Accordingly, Acer has an "established

23

distribution channel" for its products in Marshall.

24

Gateway likewise has an established distribution channel in Marshall.  For example, a user

25

can enter its website, www.gateway.com, and locate the desired product such as the Gateway

26

HD2200 monitor.  *Cooper Declaration*, ¶ 12. Upon entering the user's zipcode, for example

27

75605 for Longview, Texas (within the Eastern District of Texas), the user can view local stores

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL

- 15 -

23129\1558401.2

1    where the desired item is in stock; here, that particular product is in stock at Circuit City in

2    Longview, Texas.  *Cooper Declaration*, ¶ 13, Exh. H.

3

4    **III.    ALTERNATIVELY, THIS COURT SHOULD STAY THESE CASES PENDING
         THE RESOLUTION OF TPL'S ONGOING APPEAL TO THE FEDERAL
5        CIRCUIT AND ITS OFFENSIVE CASE AGAINST ACER, SOON TO BE FILED
         IN THE EASTERN DISTRICT OF TEXAS**

6

7           TPL has appealed Judge Ward's construction of key claim terms appearing in the '584

8    patent.  That appeal will soon be resolved by the Federal Circuit.  TPL has also filed lawsuits in

9    the Eastern District of Texas accusing plaintiffs in this case of infringing the very patents that are

10   the subject of the present declaratory-judgment complaint.  According to the policies of that

11   court, these cases should be assigned to Judge Ward since he has already construed these patents

12          To the extent this Court determines not to dismiss or transfer plaintiffs' current

13   declaratory-judgment claims to Texas, and for all the same reasons that militate in favor of

14   transfer, TPL urges the Court to stay these claims pending the resolution of its appeal in the

15   Federal Circuit and its soon-to-be-filed cases in the Eastern District of Texas.

16   **IV.    <u>CONCLUSION</u>**

17          For the foregoing reasons, this Court should dismiss or transfer this case to the Eastern

18   District of Texas, where Judge Ward will be able to use his previously-gained knowledge in an

19   efficient manner.

20   Dated: April 25, 2008                    FARELLA BRAUN & MARTEL LLP

21

22                                            By:_____/s/ John L. Cooper_____
                                                  John L. Cooper
23
                                              Attorneys for Defendants
24                                            TECHNOLOGY PROPERTIES LIMITED
                                              and ALLIACENSE LIMITED
25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Not. of Mot. & Mot. to Dismiss or to Transfer
Venue; MPA—Case No. C08 00877 HRL                    - 16 -                    23129\1558401.2

1

2

Dated: April 25, 2008                              KIRBY NOONAN LANCE & HOGE

3

4

By:_____/s/ Charles T. Hoge_____
        Charles T. Hoge

5

6

Attorneys for Defendants
PATRIOT SCIENTIFIC CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

1   John L. Cooper (State Bar No. 050324)
    jcooper@fbm.com
2   Jeffrey M. Fisher (State Bar No. 155284)
    jfisher@fbm.com
3   Helen E. Dutton (State Bar No. 235558)
    hdutton@fbm.com
4   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
5   San Francisco, CA  94104
    Telephone:  (415) 954-4400
6   Facsimile:  (415) 954-4480

7   Attorneys for Defendants
    TECHNOLOGY PROPERTIES LIMITED
8   and ALLIACENSE LIMITED

9   Charles T. Hoge, Esq. (State Bar No. 110696)
    choge@knlh.com
10  Kirby Noonan Lance & Hoge
    35 Tenth Avenue
11  San Diego, CA  92101
    Telephone:  (619) 231-8666
12  Facsimile:  (619) 231-9593

13  Attorneys for Defendant
    PATRIOT SCIENTIFIC CORPORATION

14

15               UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

                    SAN JOSE DIVISION
17

18

| | |
|---|---|
| 19  ACER, INC., ACER AMERICA<br>    CORPORATION and GATEWAY, INC., | Case No.  5:08-cv-00877 JF |
| 20 | **[PROPOSED] ORDER GRANTING** |
|           Plaintiff, | **DEFENDANTS' MOTION TO DISMISS**<br>**OR, IN THE ALTERNATIVE, TO** |
| 21 | **TRANSFER VENUE** |
|           v. | |
| 22 | Date:      August 1, 2008 |
|   TECHNOLOGY PROPERTIES | Time:     9:00 a.m. |
| 23  LIMITED, PATRIOT SCIENTIFIC | Dept:     Courtroom 3, 5th Floor |
|   CORPORATION, and ALLIACENSE | Before:  Honorable Jeremy Fogel |
| 24  LIMITED, | |
| 25          Defendants. | |

26

27     .

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] Order re Mtn to Dismiss
Case No.  5:08-cv-00877 (JF)                                    23129\1561605.1

1          The motion of defendants Technology Properties Limited, Patriot Scientific Corporation,

2    and Alliscense Limited (collectively, "Defendants") to dismiss this action, or in the alternative, to

3    transfer this action to the United States District Court for the Eastern District of Texas came on

4    regularly for hearing on August 1, 2008.  Having read and considered the papers filed by the

5    parties to the motion, having heard the argument of counsel and good cause appearing therefor,

6          IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED.  The

7    clerk will enter a judgment dismissing this action without prejudice.

8          [Alternatively] IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is

9    DENIED and that Defendants' motion to transfer this action to the United States District Court

10   for the Eastern District of Texas is GRANTED.  The clerk shall transmit a certified copy of this

11   Order, together with the record in this case, to the clerk of the court for the Eastern District of

12   Texas.

13

14   DATED: _____

15                              _____
                                THE HONORABLE JEREMY FOGEL
                                United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] Order re Mtn to Dismiss
Case No.  5:08-cv-00877 (JF)

23129\1561605.1