Timothy P. Walker (State Bar No. 105001)
timothy.walker@klgates.com
Harold H. Davis, Jr. (State Bar No. 235552)
harold.davis@klgates.com
**K&L GATES LLP**
55 Second St., Suite 1700
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Plaintiffs ACER, INC., ACER
AMERICA CORPORATION and
GATEWAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., <br><br> Plaintiffs, <br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case No.  5:08-cv-00877 JF <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

I. **INTRODUCTION**

Plaintiffs Acer Inc. ("Acer"), Acer America Corporation ("Acer America"), and Gateway Inc. ("Gateway") oppose the motion of defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation ("Patriot") and Alliacense Limited ("Alliacense") to dismiss or transfer this action to Texas. Five of the six parties to this action are based in California, and three of the six parties have their principal place of business in this district. There is no compelling reason to override plaintiffs' choice of this district to decide this case between California companies.

Defendants' motion does not dispute the existence of a case and controversy sufficient for jurisdiction under the Declaratory Judgment Action, and this case was filed months before TPL and Patriot filed related cases in Texas. Absent a showing that the balance of conveniences provides sound reasons for transferring to another forum, courts will not disturb the forum chosen by the plaintiffs in the first-filed action.

Defendants' Motion to Dismiss ("Motion") asserts that this Court should nevertheless dismiss the current action because: (a) Judge Ward of the Eastern District of Texas has issued a prior claim construction on some of the patents-in-suit in an action that did not involve Plaintiffs and (b) one of two named inventors is located in Dallas, Texas.[1] However, recent Federal Circuit case law specifically holds that previous litigation on the same patents is not an important factor in deciding between two judicial districts. In balancing the conveniences, the presence of a single inventor in Dallas (which is not in the Eastern District of Texas) is not of sufficient weight to justify transferring this action between California-based companies to the Eastern District of Texas, especially where one would expect that inventor to voluntarily cooperate with the patent owner.

---

[1] Defendants have also asserted that this case should be dismissed because there is a pending appeal to the Federal Circuit which may re-open the Texas litigation in which some of the patents-in-suit have been litigated. Since filing of their brief, however, the Federal Circuit issued an opinion affirming Judge Ward's claim construction and refusing to remand the case. *Tech. Props. Ltd. v. Arm, Ltd.*, 2008 U.S. App. LEXIS 10130 (Fed. Cir. May 9, 2008). Thus, Defendants' arguments in this regard are moot.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS**
Case No. 5:08-cv-00877

## II. FACTS

Plaintiff Acer is a Taiwanese corporation that does all of its business in the United States through a subsidiary, plaintiff Acer America. *See* Declaration of B.J. Lin in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Lin Decl."), ¶¶3, 4. Acer America, in turn, is a California corporation having its principal place of business in San Jose, which is in this district. Declaration of Amy Lee in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Lee Decl."), ¶3. Plaintiff Gateway is a Delaware corporation having its principal place of business in Irvine, California. *See* Declaration of Michael Flannery in Support of Plaintiff's Opposition ("Flannery Decl."), ¶3. Gateway is a wholly-owned subsidiary of Acer. As expected of any California corporation having a principal place of business in California, Acer America and Gateway have many ties to California and to this district. *See* Lee Decl., ¶¶3, 5-8; Flannery Decl., ¶¶3, 10-14 Since Acer does all of its U.S. business through Acer America, its ties to California and this district are more substantial than its ties to other states, including Texas.

Defendants TPL and Alliacense are California corporations having their principal place of business in Cupertino, which is in this district. Defendant Patriot is a Delaware corporation having its principal place of business in Carlsbad, California. *See* Exhibit 1 to Dhillon Declaration in Support of Opposition to Motion to Dismiss, ("Dhillon Decl.").

Beginning in 2004, Alliacense, purportedly acting on behalf of TPL and Patriot, repeatedly demanded that Gateway enter into a royalty-bearing license with respect to United States Patent Numbers 5,809,336; 5,784,584; and 5,440,749 (collectively "patents-in-suit") or face a lawsuit. *See* Flannery Decl., ¶5. Acer and Acer America started receiving similar letters in 2005. Lin Decl., ¶5. Plaintiffs met with Defendants on numerous occasions between early 2006 and February 2008. Lin Decl., ¶¶6-9; Flannery Decl., ¶6. On February 6, 2008, Defendants' threats escalated to the point where the Senior Vice President of Licensing for Alliacense, Mr. Mark Davis, inquired "if Acer still ha[d] an interest in resolving [the current] matter outside of the court and if so, how [it] would like to proceed." Lin Decl., ¶10.

On February 8, 2008, Acer, Acer America and Gateway filed the current declaratory judgment action with this Court. *See* Dkt. # 1. Venue was proper here because, among other

things, TPL and Alliacense have their principal place of business in this district. *See* Exhibit 1 to Dhillon Decl.

A little more than two months later, TPL and Patriot retaliated by filing a subsequent suit against Acer, Acer America and Gateway in the Eastern District of Texas, including allegations of infringement of the patents-in-suit. Flannery Decl., ¶7.

### III. DEFENDANTS' MOTION IS WITHOUT MERIT

Defendants' motion to dismiss or transfer should be denied. Acer, Acer America and Gateway chose to sue in the Northern District of California because that is where most of the parties reside. The only party that does not "reside" in California is Acer, but Acer does all of its U.S. business through its subsidiary Acer America, which is located in San Jose.

There is no dispute that there is a sufficient case and controversy to support this Court's jurisdiction under the Declaratory Judgment Act. Given the location of many of the parties in California and in this district, the balance of the conveniences strongly favors leaving this case where it was first filed. There is no compelling reason to have this case transferred to the Eastern District of Texas.

**A.  There is No Dispute That an Actual Controversy Exists Between The Parties**

A district court may exercise jurisdiction in a patent Declaratory Judgment Action where "[t]he facts alleged under all the circumstances show a substantial controversy between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Micron Tech. v. Mosaid Tech.*, 518 F.3d 897, 902 (Fed. Cir. 2008); *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

In their motion, Defendants do not even argue that there is no substantial controversy between the parties. The facts clearly establish that Defendants accused Plaintiffs of patent infringement, threatened to sue Plaintiffs, and had previously sued other parties on the same or similar patents making their threat credible. *See* Lin Decl., ¶¶5-10; Flannery Decl. ¶¶5-7. Because the dispute has become "definite and concrete, touching the legal relations of parties having adverse legal interests", this Court has jurisdiction to hear the case per *MedImmune, Inc. v.*

- 3 -
**PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS**
Case No. 5:08-cv-00877

things, TPL and Alliacense have their principal place of business in this district. *See* Exhibit 1 to Dhillon Decl.

A little more than two months later, TPL and Patriot retaliated by filing a subsequent suit against Acer, Acer America and Gateway in the Eastern District of Texas, including allegations of infringement of the patents-in-suit. Flannery Decl., ¶7.

### III.   DEFENDANTS' MOTION IS WITHOUT MERIT

Defendants' motion to dismiss or transfer should be denied. Acer, Acer America and Gateway chose to sue in the Northern District of California because that is where most of the parties reside. The only party that does not "reside" in California is Acer, but Acer does all of its U.S. business through its subsidiary Acer America, which is located in San Jose.

There is no dispute that there is a sufficient case and controversy to support this Court's jurisdiction under the Declaratory Judgment Act. Given the location of many of the parties in California and in this district, the balance of the conveniences strongly favors leaving this case where it was first filed. There is no compelling reason to have this case transferred to the Eastern District of Texas.

**A.   There is No Dispute That an Actual Controversy Exists Between The Parties**

A district court may exercise jurisdiction in a patent Declaratory Judgment Action where "[t]he facts alleged under all the circumstances show a substantial controversy between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Micron Tech. v. Mosaid Tech.*, 518 F.3d 897, 902 (Fed. Cir. 2008); *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

In their motion, Defendants do not even argue that there is no substantial controversy between the parties. The facts clearly establish that Defendants accused Plaintiffs of patent infringement, threatened to sue Plaintiffs, and had previously sued other parties on the same or similar patents making their threat credible. *See* Lin Decl., ¶¶5-10; Flannery Decl. ¶¶5-7. Because the dispute has become "definite and concrete, touching the legal relations of parties having adverse legal interests", this Court has jurisdiction to hear the case per *MedImmune, Inc. v.*

*Genentech, Inc.*, 549 U.S. 118 (2007).[2]

The objective of the Declaratory Judgment Act in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights. *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987). When these objectives have been satisfied, "dismissal is **rarely** proper." *Genentech*, 998 F.2d at 937 (emphasis added); *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004) ("when [] objectives are served, dismissal is rarely proper").

The Federal Circuit's recent decision in *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901-02 (Fed. Cir. 2008), reversed the dismissal of a declaratory relief action in an almost identical factual situation. In that case, the accused infringer filed a Declaratory Judgment Action in the Northern District of California, seeking a judgment that it had not infringed the patent holder's patents. *Id.* at 900. The patent holder subsequently filed a patent infringement action in the Eastern District of Texas and moved to dismiss the California action. *Id.* The California district court dismissed the action. *Id.*

On appeal, the Federal Circuit found that it would be an abuse of discretion to dismiss the declaratory relief action filed in California. 518 F.3d at 905. The Federal Circuit noted that there were threatening letters to the accused infringer, prior lawsuits by the patent holder, and public statement made by the patent holder, which provided evidentiary support that "the objectives of the Declaratory Judgment Act would be met by allowing the case to be heard by the California court, rather than by deferring to the forum of the later-filed suit." *Id.* at 902.

As in *Micron Tech, Inc.*, the objectives of the Declaratory Judgment Act would best be served by allowing this case to be heard before this Court, rather than the Eastern District of

---

[2] *See also Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901-02 (reversed grant of motion to dismiss because there was sufficient evidentiary support, like threatening letters and prior lawsuits, to establish that there was an actual controversy and the "California district court ha[d] jurisdiction."); *SanDisk Corp. v. STMicroelectronics Inc.,* 480 F.3d 1372, 1380 (Fed. Cir. 2007) ("that a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights"); *Samsung Elecs. Co. v. On Semiconductor Corp.*, 541 F. Supp. 2d 645, 649 (D. Del. 2008) (citing *MedImmune* to establish that similar dispute was sufficient to establish jurisdiction).

Texas. Plaintiffs' legal rights were questioned numerous times when Plaintiffs met with Defendants. *See* Lin Decl., ¶¶7-10; Flannery, ¶6. Despite these meetings, the parties were unable to reach an agreement. Consequently, Plaintiffs filed the instant action to clarify its legal rights, and to prevent further delay and threats as illustrated by the fruitless two-year negotiation.

**B.     This District Is the Appropriate Forum Because Many of the Parties, Including Defendants, Are Located Here**

The Northern District of California is the most appropriate forum for this action. Acer, Acer America and Gateway chose the Northern District of California to file this action because this is where many of the parties—including two of the three defendants—have their principal place of business, where Acer America has its principal place of business, and where Acer—through its subsidiary Acer America—transacts its U.S. business. Gateway and Patriot have their principal places of business in California as well.

Because two of the three defendants in this action are resident in this district, venue here is proper. 28 U.S.C. § 1391(b) (venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State.").

**C.     There is no Basis for This Court to Decline Jurisdiction or Transfer this Action**

Defendants have presented no compelling reason why it would be unjust, inefficient, or inconvenient to continue the first-filed action in this district. Accordingly, this Court has no grounds to decline jurisdiction over this declaratory relief action.

Where parties to a Declaratory Judgment Action are subject to the jurisdiction of one forum and one party files a subsequent suit in another forum, the general rule favors the forum of the first-filed case. *Genentech*, 998 F.2d at 938. Only where there is "sound reason that would make it unjust or inefficient to continue the first-filed action . . . should the court yield to the forum in which all interests are best served." *Id*. *See also Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) ("[t]here must be ***well-founded reasons*** for declining to entertain a declaratory judgment action.")(emphasis added). Further, in cases such as this with competing forum interests, the trial court needs to consider the "convenience factors" found in a transfer analysis under 28 U.S.C. § 1404(a) in addition to evaluating the tenuousness of

jurisdiction, broadness of case, and degree of vestment. *Micron Tech, Inc.*, 518 F.3d at 902-03.

Defendants rely on two points: that a Texas judge has construed some of the claim terms at issue and that there is a witness—one of several named inventors—in Dallas. Neither point provides a basis for this Court to decline jurisdiction.

*1.   Prior Claim Construction*

Defendants argue that this matter be transferred to E.D. of Texas because that Court has conducted a claim construction on some of the patents at issue in this suit that involved parties other than plaintiffs. The Federal Circuit in *Micron* addressed this issue directly, holding that where, at the time of the first filing of the action, there was no pending case on the same patents in another jurisdiction, this factor deserves little weight. *Id.* at 903.

Defendants' argument is based on the assumption that a transfer of the case to Texas will a) save judicial economy, and b) prevent inconsistency. Both assumptions are flawed.

The simple point Defendants overlook is that this Court may read the claim constructions of Judge Ward in Texas and give Judge Ward's rulings appropriate weight. Thus, this Court will be able to take advantage of Judge Ward's earlier efforts and avoid unnecessary inconsistencies.

Defendants have made no showing that there will be "substantial" benefits to judicial economy in transfer of the action   Acer, Acer America and Gateway were not involved in the prior litigation and are not bound by Judge Ward's claim construction. Indeed, there is no guarantee that the same claim terms will be at issue. Thus, one court will have to construe the claims at issue between the parties in any event.

Defendants' concern regarding inconsistency is also fallacious. *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 2007 U.S. Dist. LEXIS 82636, *8-10 (S.D. Cal. Nov. 6, 2007) (Court denied transfer of Plaintiffs' declaratory judgment actions even though there was a prior claim construction ruling on Defendants' patents in a parallel litigation). The only reason that there might be an inconsistency between this Court's claim construction and Judge Ward's prior decision is if this Court deems that Judge Ward incorrectly construed the terms. This Court is perfectly capable of reading Judge Ward's prior order and giving it the appropriate weight and consideration it deserves in this case. Judges of the Northern District of California are frequently

called on to do just that.

Finally, Defendants have made no showing that other than ruling on Claim Construction, the Texas Court had invested any substantial time in the case.

*2.     Inventor in Dallas*

Defendants exaggerate the importance of the single named inventor who resides in Dallas. This point deserves little weight. As a threshold matter, Dallas is not in the Eastern District of Texas, so the location of a witness in Dallas does not support transfer to the Eastern District of Texas.

There are many other witnesses in this case, and defendants have not shown that this single inventor is of any special significance. Further, the other named inventor of the patents-in-suit, Charles H. Moore, is the Chief Technology Officer of IntellaSys, headquartered in Cupertino, California, and Mr. Moore is subject to this Court's jurisdiction.

Indeed, in general, inventor testimony is not necessarily important, unless there are questions concerning the date of conception and reduction to practice. Current claim construction law places much greater emphasis on the intrinsic record than on inventor testimony. *Koepnick Med. & Educ. Research Found. v. Alcon Labs.*, 162 Fed. Appx. 967, 972 (Fed. Cir. 2005) (intrinsic evidence was sufficient to support the claim construction, it was not necessary to consider . . . inventor testimony . . ."); *Seiko Epson Corp. v. Coretronic Corp.*, 2008 U.S. Dist. LEXIS 39885, *18 fn.3 (N.D. Cal. May 16, 2008) (inventor testimony was unnecessary in light of intrinsic evidence within the patent). Typically, infringement and invalidity issues are addressed by third-party experts, not by the inventor.[3]

*3.     Other Convenience Factors Weigh Against Transfer to the Eastern District of Texas*

As discussed above, courts generally favor the forum of the first filed action unless the Defendants meet their burden that the convenience factors favor transfer to the venue of the second filed action. *Micron Tech, Inc.*, 518 F.3d at 904. Defendants have failed to meet their

---

[3] Further, the most important witnesses are the actual chip manufacturers themselves (as it is these components that are at the heart of Defendants' infringement allegations), *i.e.* Intel; AMD, Broadcom, Marvell. The majority of these companies are headquartered in California: Intel Corp. (Santa Clara); AMD (Sunnyvale); Broadcom Corp. (Irvine); and Marvell Tech. Group Ltd. (Santa Clara).

burden of showing that transfer is proper, and further analysis of the convenience factors weighs heavily against transferring this case to the Eastern District of Texas.

### a. Private Factors

When evaluating the private convenience factors in a transfer analysis under 28 U.S.C. § 1404(a), the courts consider: (1) plaintiffs' choice of forum; (2) access to sources of proof; (3) relative convenience to the parties; and (4) relative convenience to witnesses. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1983). All of these factors clearly weigh in favor of keeping this action in the Northern District of California.

With respect to plaintiffs' choice of forum, the law is well established that plaintiff's choice of forum is given considerable weight unless other factors weigh substantially in favor of transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendants argue that Plaintiffs' choice of forum should be accorded little to no weight because Acer Inc. is a Taiwanese Corporation. Defendants selectively ignore the residence of the other two Plaintiffs in this action, Acer America and Gateway. Both Acer America and Gateway are resident to California and have strong ties to this district. Acer America's principal place of business is in this district, and Gateway conducts business and owns property within this district. *See* Lin Decl., ¶¶4; Lee Decl., ¶¶3, 5-8, 11, 12; Flannery Decl., ¶¶3, 10-14. As such, Plaintiffs' choice of forum should be given considerable weight and not be disturbed.

Private convenience factors (2) "access to sources of proof" and (4) "relative convenience to witnesses" also support Plaintiffs' choice of forum. For example, documents that relate to the parties' prior patent licensing negotiations, sales of accused infringing products, Defendants' patent prosecution and licensing documents would either be available in California or Taiwan because all of the parties are in California or Taiwan. Flannery Decl., ¶¶6, 9; Lin Decl. ¶6. The documents in this case do not bear any relation to Texas, and it would be more financially burdensome on all the parties if they were forced to conduct discovery in Texas.

In addition to these key sources of proof, the majority of witnesses in this action are located in California. For example, all Gateway employees who participated in the negotiations

- 8 -

are resident to Gateway's headquarters in Irvine, California. Flannery Decl., ¶10. Further, the other inventor of the patents-in-suit, Charles H. Moore, is the Chief Technology Officer of a company resident in this district. Defendants fail to address how it would be more convenient for all witnesses, including its witnesses located in California, to travel to Texas.

Finally with respect to factor (3) "relative convenience to the parties," Texas is significantly less convenient to Acer, Acer America and Gateway. Acer America's principal place of business is located in this district, Gateway's principal place of business is in California, and as far away as Taiwan is from California, Texas is even further, requiring additional travel time.[4] Whatever reasons TPL, Patriot and Alliacense have to prefer the Eastern District of Texas, convenience cannot be one of them. All three have their principal place of business in California, and two of them are headquartered in this district. Moreover, all of the attorneys of record in this action are either based in this District or are in California. Thus, despite Defendants' contentions that factors (2), (3), and (4) are neutral, the facts of this case establish that it would be more convenient to keep this case in the Northern District of California.

    **b.**   **Public Factors**

The public convenience factors also weigh in favor of keeping this case in this Court. As noted in Defendants' Motion, these factors are: (1) relative ability to compel attendance of witnesses; (2) relative ability to provide direct access to tangible evidence; (3) promoting consistency; (4) reducing the aggregate transaction costs; (5) providing most expeditious access to judicial resources and a trial date; (6) local interests that litigation might implicate; and (7) familiarity of judges with substantive law.

The Federal Circuit's decision in *Micron* is instructive in evaluating the public convenience factors found in a transfer analysis under 28 U.S.C. § 1404(a). The *Micron* court advised that it would be an abuse of discretion to transfer a first-filed action in this district to a subsequently filed action in the Eastern District of Texas, where the parties to the suits were

---

[4] Acer Inc.'s witnesses and representatives will be additionally burdened if they have to travel to the Eastern District of Texas. These witnesses and representatives are able to take a direct flight to San Francisco. However, if this case is transferred and they are forced to travel to the Eastern District, they would be required to transfer planes, fly to Dallas, and travel on the ground over 150 miles to reach Marshall, Texas. This would take approximately 24 hours.

doing business in both districts, and the court in the subsequently filed action had previous experience with the patents-in-suit. 518 F.3d at 905. Compared with the facts in *Micron*, the facts here provide greater support for keeping this action in Northern District of California.

First, with respect to factors (1) "relative ability to compel attendance of witnesses," (2) "relative ability to provide direct access to tangible evidence," (4) "reducing the aggregate transaction costs," and (5) "providing most expeditious access to judicial resources and a trial date," all parties, but one, are resident in California, with three resident in this district. None of the parties in this case are resident to Texas. This is essentially a California action between corporations located in California. Plaintiffs filed suit in this district because all three Defendants are residents of California, with two of the three Defendants being resident to this district. Factors (1), (2), (4) and (5) favor keeping this case in this Court because of the shear number of parties and witnesses located within California.[5] Additionally, this Court has an advantage in scheduling hearings and conferences because of the proximity of the parties. The court in the Eastern District of Texas will have the additional burden of accommodating the different travel times and schedules of the parties when it schedules its hearings.

Further, factor (6) "local interests that litigation might implicate" weighs heavily in Plaintiffs' favor because California has a much stronger interest in adjudicating this case because five of the six parties are resident in California. For the same reason, the Texas court would be burdened by having to adjudicate this action between California corporations.

Finally, factors (3) "promoting consistency," (5) "providing most expeditious access to judicial resources and a trial date," and (7) "familiarity of judges with substantive law" are neutral at best because there are no pending cases with the potential of providing an inconsistent ruling.[6] With respect to the earlier case before Judge Ward, all parties, except one, settled before Plaintiffs filed their Declaratory Judgment Action. TPL subsequently appealed a single claim construction ruling to the Federal Circuit, which was upheld by the Federal Circuit this past May. It is also

---

[5] While the Texas court can compel party witnesses to attend trial in Texas, that is only because they are party witnesses, not third-party witnesses. Obviously, for the five California-based parties, providing witnesses in Texas is much less convenient than providing witnesses in California.

[6] The only case at issue is TPL and Patriot's subsequently filed action, which would likely be transferred to this district if this Court denies the current Motion.

important to note that this case does not involve all of the patents previously construed by Judge Ward. With respect to the patents that were construed by Judge Ward, there is no guarantee that the same claim terms or issues will be present in this litigation. *See* III(C)(1). Finally, there is no guarantee that the Eastern District of Texas will set a trial date any earlier than this Court, and the statistics on time to trial offered by Defendants in support for transfer were cited to the Federal Circuit in the *Micron* case, but were ultimately considered not to be persuasive.

On balance, the convenience factors weigh heavily in favor of this district. Accordingly, this Court should hold that the public convenience factors in a transfer analysis under 28 U.S.C. § 1404(a) weigh in favor of keeping this case in the Northern District of California.

**E.    The Motion Requesting the Court to Abstain from Jurisdiction Is Improper Under F.R.C.P. 12(b)(1)**

In their motion, Defendants cite three cases that have no application to the facts of this case. Defendants cite these cases in support of their position that this Court may abstain from jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("F.R.C.P. 12(b)(1)"). *See* Motion at p.3. Defendants' cited cases, however, only discuss abstention in the context of a federal court action is filed subsequent to the initiation of state court proceedings. The *Younger* abstention doctrine, which all three cases rely on, is based on principles of comity between the federal and state courts and provide that a federal court may abstain from proceeding with a case if there is an on-going *state court* proceeding.[7]

The *Younger* doctrine simply does not apply here. The only other parallel proceeding to the current case is a federal court action in the Eastern District of Texas. This Court cannot abstain from jurisdiction under F.R.C.P. 12(b)(1) because: (1) the abstention doctrine does not apply to parallel federal actions, (2) there are no parallel on-going **state court** proceedings, and (3) Plaintiffs' action was the first filed action (i.e. there is no previously filed action pending

---

[7] *See Ambat v. City & County of San Francisco*, 2007 U.S. Dist. LEXIS 80853, *15-16 (N.D. Cal. Oct. 22, 2007) (Under the *Younger* doctrine, a federal court should abstain from proceeding with a case if there is an on-going *state court* proceeding); *Miller Brewing Co. v. Ace U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 738 (E.D. Wis. 2005) (When a federal district court is asked to exercise its discretion to accept jurisdiction under the FDJA at the same time that a parallel case is pending in state court, courts must consider whether the controversy could be better settled in the state court proceeding); *Beres v. Village of Huntley*, 824 F. Supp. 763, 767 (N.D. Ill. 1992) (same).

between the parties to this suit). As already noted, this Court is in as good a position and is equally capable as the Eastern District of Texas to decide this case.

**F.    Defendants' Motion to Transfer Should Also Be Denied**

As noted by the analysis of convenience factors discussed above, the Eastern District of Texas is not more convenient than this Court. As such, Defendants' Motion to Transfer should be denied.

## IV.    CONCLUSION

For the reasons set forth above, this Court should deny Defendants' Motion.

Dated: July 11, 2008                               **K&L GATES LLP**

                                                   By: /s/Harold H. Davis
                                                       Harold H. Davis

                                                   Attorneys for Plaintiffs ACER, INC.,
                                                   ACER AMERICA CORPORATION and
                                                   GATEWAY, INC.

Timothy P. Walker (State Bar No. 105001)
timothy.walker@klgates.com
Harold H. Davis, Jr. (State Bar No. 235552)
harold.davis@klgates.com
**K&L GATES LLP**
55 Second St., Suite 1700
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Plaintiffs ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case No. 5:08-cv-00877 JF <br><br> **[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER** |

Having considered Defendants' Motion to Dismiss, or in the Alternative, to Transfer, and all related briefing by the parties,

**IT IS HEREBY ORDERED** that Defendants' motion is DENIED.

DATED:_____           _____
                                                         Judge Jeremy Fogel