John L. Cooper (State Bar No. 050324)
jcooper@fbm.com
Jeffrey M. Fisher (State Bar No. 155284)
jfisher@fbm.com
Helen E. Dutton (State Bar No. 235558)
hdutton@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

Charles T. Hoge, Esq. (State Bar No. 110696)
choge@knlh.com
Kirby Noonan Lance & Hoge
35 Tenth Avenue
San Diego, CA 92101
Telephone: (619) 231-8666
Facsimile: (619) 231-9593

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.,

Plaintiffs,

vs.

TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,

Defendants.

Case No. 5:08-cv-00877 JF

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: August 1, 2008
Time: 9:00 a.m.
Dept: Courtroom 3, 5th Floor
Before: Honorable Jeremy Fogel

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

23129\1637855.3

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. THE COURT SHOULD DECLINE DECLARATORY JUDGMENT JURISDICTION AND DISMISS AND/OR TRANSFER THIS ACTION BECAUSE THE EASTERN DISTRICT OF TEXAS IS THE MOST SUITABLE FORUM. ........ 2

A. The Public Factors Strongly Favor Transferring This Case To The Eastern District Of Texas. ........ 2

1. Judge Ward Is Already Familiar With The Patents And Technology, And It Would Be Wasteful Of Judicial Resources For A Second Court To Learn The Same Technology. ........ 2

2. Transfer To The Eastern District Of Texas Is Necessary To Protect Against Inconsistent Rulings. ........ 6

3. The Texas Court Has The Ability To Compel Attendance Of The Most Important Non-Party Witnesses. ........ 7

B. The Private Factors Are Neutral ........ 8

1. Plaintiffs' Choice of Forum Should Be Accorded No Weight ........ 8

2. Both Forums Are Equally Convenient To Plaintiffs' Parties And Witnesses. ........ 9

3. Both Forums Provide Equal Ease Of Access To Proof. ........ 10

III. CONCLUSION ........ 11

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Arete Power, Inc. v. Beacon Power Corp.*,
2008 WL 508477 (N. D. Cal. Feb. 22, 2008) .......... 7, 8

*Beres v. Village of Huntley, Illinois*,
824 F. Supp. 763 (N.D. Ill. 1992) .......... 2

*Cambridge Filter Corp. v. International Filter Co., Inc.*,
548 F. Supp. 1308 (D. Nev. 1982) .......... 7

*Cingular Wireless LLC v. Freedom Wireless, Inc.*,
2007 WL 1876377 (D. Ariz. June 27, 2007) .......... 2, 5, 6

*Continental Grain Co. v. The FBL-585*,
364 U.S. 19 (1960) .......... 5

*CoxCom, Inc. v. Hybrid Patents, Inc.*,
2007 WL 2500982 (N.D. Cal. 2007) .......... 7

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) .......... 8

*Electronics for Imaging, Inc. v. Tesseron, Ltd.*,
2008 WL276567 (N.D. Cal. Jan. 29, 2008) .......... 3, 5

*Key Pharms. v. Hercon Laboratories Corp.*,
161 F.3d 709 (Fed. Cir. 1998) .......... 3

*LG Electrics, Inc. v. Hitachi, Ltd.*,
2007 WL 4411035 (E.D. Tex. 2007) .......... 4, 10

*Logan v. Hormel Foods Corp.*,
2004 WL 5216126 (E.D. Tex. Aug. 25, 2004) .......... 7

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
518 F.3d 897 (Fed. Cir. 2008) .......... 1, 2, 4, 5, 8

*Miller Brewing Co. v. ACE U.S. Holdings, Inc.*,
391 F. Supp. 2d 735 (E.D. Wis. 2005) .......... 2

*Piper Aircraft v. Reyno*,
454 U.S. 235 (1981) .......... 9

*Regents of University of Cal. v. Eli Lilly & Co.*,
119 F.3d 1559 (Fed. Cir. 1997) .......... 1, 3

*Reiffen v. Microsoft, Corp.*,
104 F. Supp. 2d 48 (D.D.C. 2000) .......... 4

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

## TABLE OF AUTHORITIES

**Page**

*Singleton v. Volkswagen of America, Inc.*, 2006 WL 2634768 (E.D. Tex. Sept. 12, 2006) .......... 8

*Sony Electrics, Inc. v. Guardian Media Techs., Ltd.*, 2007 U.S. Dist. LEXIS 82636 (S.D. Cal. Nov. 6, 2007) .......... 4, 5

*Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007) .......... 8, 10

*Zoltar Satellite System, Inc. v. LG Electrics Mobile Committee Co.*, 402 F. Supp. 2d 731 (E.D. Tex. 2005) .......... 4

**FEDERAL STATUTES**

28 U.S.C. § 1404 .......... 1

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 12(b)(1) .......... 2

**OTHER AUTHORITY**

8A Wright, Miller & Marcus, FED. PRAC. & PROC.: CIV. 2D § 2112 .......... 7

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- iii -

23129\1637855.3

**I. INTRODUCTION**

In their Opposition, Plaintiffs Acer, Inc., Acer America Corporation and Gateway, Inc. (collectively, "Acer") do not dispute that resolution of TPL's Motion turns on a 28 U.S.C. Section 1404 transfer analysis. Specifically, resolution of the Motion turns on whether the public factors, namely judicial economy, the risk of inconsistent judgments and third-party witness convenience (which clearly favor transfer to the Eastern District of Texas), outweigh the private factors, specifically party witness convenience (which Acer contends favor maintaining the action in the Northern District of California). Even assuming Acer is correct that the private factors weigh against transfer (which they do not), the Federal Circuit has counseled that "[c]onsideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citation omitted). This is precisely the case here.

Indeed, Judge Ward's considerable prior experience as to these patents and technology outweighs the neutral factor of party witness convenience and therefore favors the Eastern District of Texas as the appropriate forum. In a prior case involving the patents and technology at issue here, Judge Ward:

- reviewed and considered a *Markman* tutorial;
- analyzed thousands of pages of patents and the corresponding file histories;
- considered detailed expert declarations;
- conducted a *Markman* hearing; and
- issued a 31-page *Markman* order construing 33 claim terms in the patent claims.

In requesting that the Court disregard Judge Ward's previous experience, Acer urges the Court to "automatically" follow the "first-to-file" rule based on purported party witness convenience. The Court must consider, however, the "real underlying dispute." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). Here, Judge Ward has significant experience with the patents-in-suit, Plaintiffs' key technical witnesses do not reside in California and Acer itself has recently chosen to file complaints in the Eastern District of Texas as well as

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 1 -

23129\1637855.3

the Western District of Wisconsin. Accordingly, this Court should decline Declaratory Judgment jurisdiction and allow the parties to resolve their dispute in the Eastern District of Texas in connection with the actions TPL has filed there, which have been assigned to Judge Ward.

## II. THE COURT SHOULD DECLINE DECLARATORY JUDGMENT JURISDICTION AND DISMISS AND/OR TRANSFER THIS ACTION BECAUSE THE EASTERN DISTRICT OF TEXAS IS THE MOST SUITABLE FORUM.[1]

The parties agree that "when the discretionary determination is presented after the filing of an infringement action, the jurisdiction question is basically the same as a transfer action under § 1404(a)." *Micron Techs., Inc.*, 518 F.3d at 904. Contrary to Acer's position, however, judicial economy may serve as a compelling basis for declining jurisdiction, even in a first-filed action. For example, in *Cingular Wireless LLC v. Freedom Wireless, Inc*., 2007 WL 1876377 (D. Ariz. June 27, 2007), the court declined jurisdiction despite recognizing that subject matter jurisdiction was present but finding the "weight of judicial economy favors adjudication in Texas." *Id*. at *6. As discussed below, this is the case here.

### A. The Public Factors Strongly Favor Transferring This Case To The Eastern District Of Texas.

#### 1. Judge Ward Is Already Familiar With The Patents And Technology, And It Would Be Wasteful Of Judicial Resources For A Second Court To Learn The Same Technology.

Plaintiffs do not dispute that the technology described and claimed in the Moore Microprocessor Portfolio ("MMP") patents at issue here is highly-technical technology relating to high-speed computer microprocessors. The MMP portfolio includes U.S. Patent Nos. 5,440,749, 5,809,336, 5,784,584, 6,598,148, and 5,530,890 (the "'749, '336, '584, '148, and '890" patents,

[1] In arguing that the *Younger* abstention doctrine does not here apply (D.E. # 34, Plaintiffs' Opposition to Motion to Dismiss or, In the Alternative, to Transfer Venue ("Opp.") at 11), Acer misapprehends TPL's legal standard. TPL maintains only that a party's motion to dismiss based on a request to decline Declaratory Judgment jurisdiction, which is a form of abstention regardless of where the two competing cases reside, is properly raised under Federal Rule of Civil Procedure 12(b)(1). *See Miller Brewing Co. v. ACE U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 739-40 (E.D. Wis. 2005) (declining declaratory judgment jurisdiction finding "[a] motion to dismiss or stay based on an abstention doctrine raises the question of whether a court should exercise subject matter jurisdiction"); *Beres v. Village of Huntley, Illinois*, 824 F. Supp. 763, 766 (N.D. Ill. 1992) ("a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) appears to be an appropriate method for raising the issue of abstention.").

respectively). Although they claim different aspects of fundamental microprocessor technology, these patents share virtually identical specifications and are related. (*See* Declaration of Jeffrey M. Fisher In Support Of Defendant's Reply to Motion to Dismiss Or, In the Alternative, To Transfer Venue ("Fisher Decl."), Exs. A-C (complaints attaching copies of patents).)[2]

In a highly-technical case such as this, the judge's familiarity of the issues can be decisive: "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Eli Lilly & Co.*, 119 F.3d at 1565 (citation omitted); *see also Electronics for Imaging, Inc. v. Tesseron, Ltd*. ("*EFI, Inc.*"), 2008 WL276567, at *1 (N.D. Cal. Jan. 29, 2008) (transferring a declaratory judgment action where "the interest of justice is the most important consideration" despite party witness inconvenience).

Judge Ward has already likely spent weeks learning the highly-technical factual issues of three of the MMP patents, namely the '336 patent, the '584 patent,[3] and the '148 patent. Both sides prepared and submitted tutorials on the technology disclosed in the patents. (*See* D.E. # 20, Declaration of John L. Cooper In Support of Motion to Dismiss and to Transfer ("Cooper Decl."), Ex. B.)[4] Judge Ward then took on the labor-intensive task of learning the general area of technology, as well as the patents' detailed disclosure and claim terms. He was further required to review each of the patents' file histories and the competing expert opinions and arguments of counsel. He considered the contested claim terms and phrases presented in each of the three asserted patents and subsequently issued a 31-page *Markman* decision, construing 33 claim terms in an order dated June 15, 2007. (*See* D.E. #20, Cooper Decl., Ex. C.)

---

[2] TPL has asserted each of these patents against Acer in the proceedings it has initiated in the Eastern District of Texas (which have been assigned to Judge Ward). (Fisher Decl., ¶ 2, 3, Exs. A-C.) Acer has only asserted the '749, '336 and '584 patents in this action to date, although its counsel recently informed TPL that Acer intends to seek a stipulation to amend its complaint to add the '148 and '890 patents in this action. (*See* Fisher Decl., ¶ 4.)

[3] Contrary to Acer's assertion, the appeals process relating to the '584 patent has not yet expired.

[4] Tutorials are especially valuable in cases involving complex technology such as this. *See, e.g., Key Pharms. v. Hercon Labs. Corp.*, 161 F.3d 709 (Fed. Cir. 1998).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 3 -

23129\1637855.3

Numerous courts have found that where, as here, a court has expended considerable effort learning complex technology, transfer to that court is appropriate even if other factors weigh against transfer. *See LG Elecs., Inc. v. Hitachi, Ltd.*, 2007 WL 4411035, at *3 (E.D. Tex. 2007) (transferring to the Northern District of California where "[m]uch of the work already performed by Judge Wilken would be duplicated in this case, which would unnecessarily consume judicial resources. Judge Wilken's familiarity with the technology and the patents-in-suit counterbalances the expediency of this court's docket."); *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Comm. Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) ("It is well established that the interest of justice is an important factor in the § 1404(a) analysis"; transferring case to Northern District of California where "Judge Ware's investment of time and effort with [the asserted] patents has been . . . substantial"); *Reiffen v. Microsoft, Corp.* 104 F. Supp. 2d 48, 55 (D.D.C. 2000) (transferring to the Northern District of California, stating: "The Honorable Vaughn R. Walker of the Northern District has already expended substantial time and effort to become familiar with the technology underlying the disputed patents, the prosecution of the patents, the record considered by the Patent Office in issuing the patents, and the legal issues related to the patents' alleged validity and infringement.").

In the face of this precedent recognizing the importance of a transferee court's prior experience, Acer offers two cases in support of its contention that a prior claim construction does not weigh in favor of transfer. First, Acer urges that a prior claim construction in *Micron* did not persuade the Federal Circuit that Texas was the appropriate forum. (D.E. #34, Opp. at 6) Not only is there no discussion of a prior claim construction in the Federal Circuit's *Micron* decision, review of the previous Texas *Mosaid* dockets reveals that none of these earlier cases before Judge Davis had a claim construction tutorial, hearing or order. (*See* Fisher Decl., Exs. D, E.) Acer next contends that in *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 2007 U.S. Dist. LEXIS 82636, *8-10 (S.D. Cal. Nov. 6, 2007), the "Court denied transfer of Plaintiffs' declaratory judgment actions even though there was a prior claim construction ruling on Defendants' patents in a parallel litigation." (D.E. #34, Opp. at 6.) Nowhere in the *Sony* case is there any mention of a prior claim construction tutorial, hearing, or order. (TPL has reviewed the parallel litigation

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 4 -

23129\1637855.3

dockets and find no reference to a claim construction proceeding, either before or after the date of the *Sony* opinion. (*See* Fisher Decl., Ex. F.)

Notably, in its recent reconsideration of Mosaid's motion to transfer, this Court declined to transfer an action to the Eastern District of Texas, reasoning that although significant discovery and certain procedural issues had proceeded in the Micron action pending before Judge Folsom, "the Texas court has not conducted a Markman hearing." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 5:06-cv-04496-JF, p. 3 (N.D. Cal. June 17, 2008). It is also significant that the Texas *Mosaid* actions were before different judges, i.e., Judges Davis and Folsom. Because there were two different Texas judges, the issue of judicial economy in the context of judicial prior experience was never before the Federal Circuit or this Court in the recent *Mosaid* motion to transfer. Here, actions are presently pending before Judge Ward in the Eastern District of Texas on the same patents and technology he recently considered.

Finally, even if this Court were to deny transfer with respect to the three patents which Acer seeks Declaratory Judgment in its complaint, TPL has asserted two additional MMP patents in the Texas action, specifically the '148 and '890 patents.[5] TPL was the first to file litigation relating to these two additional patents and there is no guarantee that Judge Ward will transfer these two patents to this Court, let alone dismiss the overlapping three. Simultaneous litigation in two separate courts would, of course, result in duplication of judicial resources. *Cingular Wireless LLC*, 2007 WL 1876377, at *6 ("four lawsuits regarding the same patents . . . will result in duplicative efforts, both by the courts and the litigants, if maintained in separate districts. The certainty of wasted resources weighs strongly in favor of dismissal"); *EFI, Inc.*, 2008 WL 276567, at *1 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent") (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)).

[5] For the Court's convenience, TPL provides a chart summarizing which patents are at issue in the Texas and California actions as well as which patents Judge Ward previously construed disputed claim terms. (*See* Fisher Decl., Ex. G.)

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 5 -

23129\1637855.3

Accordingly, it would be a duplication of effort for this Court to invest the time and energy to learn the complex technology disclosed in the MMP patents when Judge Ward has already done so and where Judge Ward may elect to retain jurisdiction over some or all of the five asserted patents there.

**2. Transfer To The Eastern District Of Texas Is Necessary To Protect Against Inconsistent Rulings.**

As discussed in TPL's Motion, a *Markman* decision by this Court that departs from the *Markman* decision issued by Judge Ward would provide inconsistent results and promote confusion among third parties looking for clarification on the scope of the coverage of the MMP patents.[6] In the event that both the California and Texas Courts retain jurisdiction over some or all of the five asserted patents, there also remains a risk of inconsistent rulings. *Cingular Wireless LLC.*, 2007 WL 1876377, at *6 ("The opportunity for inconsistent judgments between the four pending cases weighs on this Court, the risk of which favors discretionary dismissal"). Indeed, Acer itself recognizes the necessity of having only one judge as evidenced in their Administrative Motion to Consider Whether Cases Should Be Related: "Having the actions conducted before more than one judge would create an unduly burdensome duplication of labor and expense and would present a substantial possibility of conflicting results on common legal and factual issues." (*See* D.E. # 7 at p. 2, ll. 21-23.)

In its Opposition, Acer calls TPL's concern about inconsistency "fallacious." (Opp. at 6.) Acer is wrong. Any difference in construction between two equally-situated courts would only result in confusion, not clarity for future litigants. In fact, in a case involving almost identical

[6] In attempting to diminish the importance of Judge Ward's claims construction order and efforts leading up to it, Acer contends that this Court is perfectly capable of reading Judge Ward's prior order and that there is no guarantee that the same claim terms will be at issue in the *Markman* hearing in this case. (Opp. at 6, 11.) Acer simply ignores that Judge Ward's claims construction order construes 33 claim terms, many of which are common across the patents in the MMP portfolio. Acer further ignores that regardless of the claim terms he ultimately construed, Judge Ward undertook the extensive effort required to understand the complex microprocessor technology described in the MMP patents. While TPL has no doubt that this Court would do likewise, it would be a waste of judicial resources to require it to do so.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 6 -

23129\1637855.3

facts, Judge Davis of the Eastern District of Texas has held that "the special need for uniformity in patent cases strongly favors transfer." *Logan v. Hormel Foods Corp.*, 2004 WL 5216126, at *3 (E.D. Tex. Aug. 25, 2004). In *Logan*, the court transferred a first-filed action despite recognizing that it would not be bound by a prior claim construction from another court and despite stating that it was "extremely reluctant to disturb a plaintiff's venue choice." *Id.* at *3. The *Logan* court nonetheless transferred the action, stating: "Besides being a duplicative use of scarce judicial resources, a second claim construction would risk inconsistent claim constructions, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *Id.* at *2.

For these reasons, it would serve the interest of justice to transfer this case to Judge Ward to avoid duplicative, and potentially inconsistent, rulings.

### 3. The Texas Court Has The Ability To Compel Attendance Of The Most Important Non-Party Witnesses.

It is the convenience of non-party witnesses that is the more important factor and is accorded greater weight than the convenience of party witnesses. *See CoxCom, Inc. v. Hybrid Patents, Inc.*, 2007 WL 2500982, at *2 (N.D. Cal. 2007).[7] "The availability of compulsory process to compel the attendance of unwilling witnesses is an important factor." *Arete Power, Inc. v. Beacon Power Corp.*, 2008 WL 508477 *1, 10 (N. D. Cal. Feb. 22, 2008) (citing *Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1311 (D. Nev. 1982)). Acer does not dispute the importance of compelling and providing convenience of attendance of third-party witnesses. Instead, Acer attempts to counter the fact that one of two inventors (Mr. Fish) resides in Texas by arguing that there is another third-party inventor, Charles H. Moore, residing

[7] Furthermore, it must be noted that since Acer is the plaintiff in the present action, having chosen the Northern District of California forum, it must bring all of its party witnesses to this forum for both deposition and trial. *See* 8A Wright, Miller & Marcus, FED. PRAC. & PROC.: CIV. 2D § 2112, at 75-76 ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."). Acer should not be able to have it both ways, i.e., argue now that this is the more convenient forum and later argue that it would be inconvenient for it to bring its party witnesses to Northern California for depositions and trial. In the event the Court retains jurisdiction, TPL requests that any order retaining jurisdiction in this forum also require that Acer's employees must be produced for deposition and trial in this district.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 7 -

23129\1637855.3

in California and therefore within this Court's subpoena power. (D.E. #34, Opp. at 8-9.) Acer is wrong. As discussed in TPL's Motion, Mr. Moore is a TPL consultant who is therefore available to testify in either jurisdiction. Moreover, Mr. Moore resides in Nevada, not California.

Accordingly, the only identified third-party witness is Mr. Fish, who resides in Texas and is therefore subject to the subpoena power of the Texas court. *Singleton v. Volkswagen of Am., Inc.*, 2006 WL 2634768, at *3 (E.D. Tex. Sept. 12, 2006) (Ward, J.) ("this Court's subpoena power extends to all of the witnesses listed by the Defendant because they all reside in the State of Texas"). Acer's contention that Mr. Fish (who resides in Dallas) is not within the Eastern District of Texas' subpoena power fails to consider the holding in the *Singleton* case, in which Judge Ward expressly determined that the reach of his subpoena power extends to all residents in the "*State* of Texas." Judge Ward will undoubtedly follow his own holding in *Singleton* if the parties' dispute is litigated in Texas.

Accordingly, the Eastern District of Texas is able to compel the only third-party witness identified by either party to attend trial, while this Court is not. As stated in both *Van Slyke* and *Arete*, it is important for the non-affiliated inventor to be available for trial.

**B. <u>The Private Factors Are Neutral.</u>**

The district court must also consider private convenience and fairness factors, including ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Here, these factors are neutral.

**1. <u>Plaintiffs' Choice of Forum Should Be Accorded No Weight.</u>**

Ignoring the Federal Circuit's caution that "[t]he first-filed suit rule . . . will not always yield the most convenient and suitable forum[,]" Acer nevertheless urges the Court to follow the first-to-file "categorical rule[]" based on pre-*Medimmune* case law. *Micron*, 518 F.3d at 904. As the *Micron* court counseled, however, "it is the real underlying dispute" that needs to be considered. Here, the real dispute lies primarily with the decision-making declaratory-judgment plaintiff, Acer, Inc. Acer America concedes that it is Acer, Inc. that directs and controls the manufacture of the accused infringing products. (*See* Declaration of ACER America Corp. In

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 8 -

23129\1637855.3

Support of Opposition to Motion to Dismiss ("Lee Decl.") ¶ 4: "Acer Inc., through its supply network of original design manufacturers (ODM) in Taiwan and China, has the computers and computer products manufactured."). Because the primary party in interest is Acer Inc., whose residence is Taiwan, its choice of forum is entitled to little deference. *Piper Aircraft v. Reyno*, 454 U.S. 235, 236 (1981) ("The District Court properly decided that the presumption in favor of the plaintiff's forum choice applied with less than maximum force when the plaintiff or (as here) the real parties in interest are foreign . . . when the plaintiff or real parties in interest are foreign, this assumption is much less reasonable and the plaintiff's choice deserves less deference.").

**2. Both Forums Are Equally Convenient To Plaintiffs' Parties And Witnesses.**

In its Motion, TPL stated that it believed that Acer's technical fact witnesses reside outside the United States. (D.E. # 19, Motion to Dismiss and To Transfer ("Motion") at 12.) Nowhere in its Opposition does Acer contend to the contrary. Rather, Acer's supporting declarations are telling in what they omit rather than what they state.[8] Despite TPL's contentions that Acer's technical fact witnesses reside in Taiwan or China, Acer neither refutes nor clarifies where its technical fact witnesses reside. As noted above, Acer America does concede, however, that Acer, Inc. directs the manufacture of the accused products in either Taiwan or China. (*See* Lee Decl. ¶ 4.)

The only California witnesses that Acer identifies could only testify about the prior licensing negotiations between the parties, but Acer fails to explain how this testimony will be relevant at trial. Even the Gateway declaration, signed by the Senior Director of Engineering, is executed in North Sioux City, South Dakota, indicating that whatever engineering and manufacturing function Gateway maintains in the United States does not occur in California.

[8] For example, Acer's inclusion of only its California sales without providing any estimate of its Texas sales is highly suspect. Indeed, Acer makes no attempt to dispute that it sells products in Texas as TPL addressed in its Motion or that those sales are also significant. (*See* D.E. #19, Motion at 12.) By only including Plaintiffs' California sales in its supporting declarations, Acer cannot tilt the transfer balance in favor of California.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 9 -

23129\1637855.3

Finally, it is disingenuous for Acer to complain that it would be inconvenient for its Taiwanese and other witnesses to travel to Texas. The fact is that Plaintiffs are large corporations that are accustomed to having to travel for litigation, having themselves recently initiated litigation in the Eastern District of Texas. ***Indeed, within the 12 months preceding their initiation of this action, Acer and Acer America filed complaints in both the Eastern District of Texas as well as the Western District of Wisconsin***. (*See* Fisher Decl., Exs. H, I.) Accordingly, the convenience of the party witnesses factor remains neutral.

**3. Both Forums Provide Equal Ease Of Access To Proof.**

Despite Acer's protestations that the majority of its documents reside in California, this factor remains neutral. "With technological advances in document storage and retrieval, transporting documents does not generally create a burden." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1364 (N.D. Cal. 2007); *LG Elecs., Inc.*, 2007 WL 4411035, at *5 ("documentary evidence is routinely transmitted electronically").

* * * *

In summary, the public factors – most notably judicial economy, the risk of inconsistent judgments and third-party witness convenience – clearly outweigh any private factors that might favor maintaining this action in the Northern District of California. The parties' disputes should therefore be litigated in the Eastern District of Texas.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 10 -

23129\1637855.3

**III. CONCLUSION**

In light of the significant resources that have already been expended relating to the MMP patents by Judge Ward in the Eastern District of Texas and to avoid the risk of inconsistent rulings, this Court should grant TPL's Motion and dismiss and/or transfer this case to the Eastern District of Texas.

Dated: July 18, 2008

FARELLA BRAUN & MARTEL LLP

By: /s/ John L. Cooper
John L. Cooper

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

Dated: July 18, 2008

KIRBY NOONAN LANCE & HOGE

By: /s/ Charles T. Hoge
Charles T. Hoge

Attorneys for Defendants
PATRIOT SCIENTIFIC CORPORATION

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY I/S/O MOTION TO DISMISS OR TO TRANSFER VENUE; MEM. PTS. & AUTHS.
Case No. 5:08-cv-00877 JF

- 11 -

23129\1637855.3