1    Timothy Paar Walker (SBN 105001)
     Harold H. Davis, Jr. (SBN 235552)
2    **K&L Gates LLP**
     55 Second Street, Suite 1700
3    San Francisco, CA 94105-3493
     Tel. 415.882.8200
4    Fax 415.882.8220

5    ATTORNEYS FOR PLAINTIFFS

6    ACER INC., ACER AMERICA CORP., AND
     GATEWAY INC. (Case No. C 08 0877)
7

8

9

10

11

12

13

14

15

John L. Cooper (SBN 050324)
Jeffrey M. Fisher (SBN 155284)
Helen E. Dutton (SBN 235558)
**Farella Braun & Martel LLP**
235 Montgomery Street, 18th Floor
San Francisco, CA 94122
Tel. 415.954.4400
Fax: 415.954.4480

ATTORNEYS FOR DEFENDANTS

TECHNOLOGY PROPERTIES LIMITED,
and ALLIACENSE LIMITED (Case No. C
08 0877)

Charles T. Hoge, State Bar No. 110696
**Kirby Noonan Lance & Hoge**
350 Tenth Avenue, Suite 1300
San Diego, CA 92101
Tel.: (619) 231-8666
Fax: (619) 231-9593

ATTORNEY FOR DEFENDANT
PATRIOT SCIENTIFIC CORPORATION
(Case Nos. C 08 0877, C 08 0882, and C 08
00884)

16             UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA

18              SAN JOSE DIVISION

19

20    ACER INC., ACER AMERICA CORP.,
     and GATEWAY, INC.,

21              Plaintiffs,

22       v.

23    TECHNOLOGY PROPERTIES
     LIMITED, PATRIOT SCIENTIFIC
24    CORPORATION and ALLIACENSE
     LIMITED,

25            Defendants.

26

27

28

No. C 08 00877 JF

**JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER**

Date:     August 1, 2008
Time:     10:30 A.M.
Dept.:     Courtroom 3, 5th Floor
Judge:    Honorable Jeremy Fogel

1

2        This Joint Case Management Statement and [Proposed] Order is submitted by the Parties

3  in the above captioned related actions.  Pursuant to the Conference of Counsel conducted on July

4  16, 2008 and in preparation for the Case Management Conference currently set for August 1,

5  2008, Plaintiffs Acer Inc. ("Acer"), Acer America Corporation ("Acer America") and Gateway

6  Inc. ("Gateway") (collectively "Plaintiffs") and Defendants Technology Properties Limited

7  ("TPL"), Patriot Scientific Corporation ("Patriot") and Alliacense Limited ("Alliacense")

8  (collectively "Defendants") submit this Joint Case Management Statement and [Proposed] Order.

9  **I.        JURISDICTION AND SERVICE**

10       No dispute exists regarding personal jurisdiction.  All parties have been served.

11  Defendants dispute this Court's subject matter jurisdiction over Plaintiffs' declaratory judgment

12  claims pursuant to 28 U.S.C. §§ 1331, 1338, 2001 and 2202, and have moved for the dismissal of

13  each of the related actions under Fed. R. Civ. P. 12(b)(1).  In the alternative, Defendants move for

14  a change of venue under 28 U.S.C. 1404(a) to the United States District Court for the Eastern

15  District of Texas (where they subsequently initiated infringement actions against the Plaintiffs in

16  the present declaratory judgment actions concerning certain common patents to those at issue

17  here).  Defendants' Motion to Dismiss on Grounds of Lack of Subject Matter Jurisdiction or, in

18  the Alternative, to Transfer Venue (the "Motion to Dismiss") is set for hearing on August 1, 2008.

19  Plaintiffs oppose Defendants' Motion to Dismiss and believe that there is no dispute that there is

20  an actual controversy that satisfies the standing requirements of the Declaratory Judgment Act.

21  Plaintiffs filed their oppositions to the Motion to Dismiss on July 11, 2008, and Defendants' reply

22  briefs are due on July 18, 2008.

23  **II.       FACTS AND THE PRINCIPAL FACTUAL ISSUES IN DISPUTE**

24       Plaintiffs Acer, Inc., Acer America Corporation and Gateway, Inc. (collectively, "Acer")

25  filed this declaratory judgment action alleging that their products do not infringe three of

26  Technology Properties Limited's ("TPL's") patents.  TPL is a small-entity patent owner involved

27  for over twenty years with the development, manufacture and marketing of innovative high

28

- 1 -

technology products.[1]  TPL holds patents on several different aspects of high speed computer microprocessors.  These patents include U.S. Patent Nos. 5,809,336 ("the '336 patent"), 5,784,584 ("the '584 patent"), 5,440,749 ("the '749 patent"), 6,598,148 ("the '148 patent") and 5,530,890 ("the '890 patent").  These patents are part of the family of patents known as the Moore Microprocessor Portfolio patents, or MMP patents.  Numerous major companies, such as Intel, Hewlett-Packard, and Nokia, have licensed the technology they disclose and claim.

Following a series of licensing discussions between the parties, Plaintiffs filed their declaratory judgment action on February 8, 2008.  Through their complaint, Plaintiffs assert that they did not, have not, and do not infringe any valid claims of certain United States Patents controlled, owned, and licensed by the Defendants.  Plaintiffs further contend that for months prior to the commencement of the related actions, Defendants contacted each of them claiming that products made, used, and/or offered for sale by the Plaintiffs infringe one of more claims of certain patents owned, controlled and licensed by the Defendants.  Plaintiffs seek declaratory judgments of non-infringement and/or invalidity as to the '749 Patent, the '336 Patent, and the '584 Patent.

As explained in Section V., *infra*, the '148 patent and the '890 patent have also arisen as part of the dispute in light of infringement actions filed by Defendants in the United States District Court for the Eastern District of Texas after commencement of this action.  Plaintiffs intend to seek a stipulation from the declaratory judgment Defendants for leave to file an Amended Complaint that will include these two additional patents.

---

[1]     Co-defendant Patriot Scientific Corporation ("Patriot") owns an interest in U.S. Patent Nos. 5,440,749, 5,784,584, and 5,809,336 and 6,598,148.  Alliacense Limited contends that it does not own an interest in any of these patents and should not have been named in this action.

- 2 -

III.    **THE PRINCIPAL LEGAL ISSUES IN DISPUTE**

In addition to the pending Motion to Dismiss, the principal legal issues that the parties dispute are:

The meaning of various claim terms of the patents-in-suit;

Whether the Plaintiffs infringe any of the patents-in-suit;

Whether the patents-in-suit are invalid.

IV.    **MOTIONS AND HEARINGS**

**Prior Motions**:  None.

**Pending Motions**:  Plaintiffs' Motions to Dismiss is pending and is scheduled for hearing on August 1, 2008.

**Anticipated Motions:**  Plaintiffs anticipate filing one or more motions regarding summary judgment and/or discovery.  Defendants also anticipate filing one or more motions regarding summary judgment and/or discovery.   In addition, the parties anticipate motion practice and briefing concerning claim construction.

V.    **AMENDMENT OF PLEADINGS**

As noted above, Plaintiffs intend to seek a stipulation from the declaratory judgment Defendants for leave to file an Amended Complaint that will include two additional patents that Defendants have asserted in their action pending in the Eastern District of Texas, i.e., the '148 and '890 patents.

The Defendants have not filed any answers in these actions.

VI.    **EVIDENCE PRESERVATION**

All parties have taken appropriate steps to preserve any and all evidence that may be of relevance to the issues in the present action, including electronic evidence. Plaintiffs propose that voicemail messages that are not preserved as emails need not be preserved.  Defendants are not prepared at this time to agree to that proposal and believe that all relevant information must be preserved.

- 3 -

1   **VII.    DISCLOSURES**

2           During the Rule 26(f) Conference of Parties held on July 16, 2008, the parties agreed to

3   exchange their Fed. R. Civ. P. 26(a)(1) Initial Disclosures within two weeks (14 days) of a ruling

4   on the Motion to Dismiss if the Court maintains jurisdiction over this case.

5   **VIII.   DISCOVERY**

6           No discovery has been served thus far.  The parties conducted their Rule 26(f) Conference

7   of Parties on July 16, 2008.  Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following

8   discovery plan:

9           (1) **Changes to disclosures.**  The parties do not expect that any changes will be made in

10  form or requirement of the parties' Rule 26(a) disclosures.

11          (2) **Subjects on which discovery may be needed.**  Essential information for Plaintiffs to

12  prove invalidity and non-infringement of the patents-in-suit.  Plaintiffs expect Defendants to

13  counter-claim for patent infringement and will need the Defendants to identify all accused

14  products and how such products allegedly infringe the patents-in-suit.

15          (3) **Issues relating to disclosure or discovery of electronically stored information**.  The

16  parties anticipate that certain discovery may be produced in electronic form and have agreed to

17  meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

18  The parties agree to meet and confer regarding the production format for electronic material.

19          (4) **Issues relating to claims of privilege or of protection as trial-preparation**

20  **material.**  The parties will meet and confer as necessary to discuss this when the issue arises.

21          (5) **Changes in limitations on discovery.**  Each side shall be entitled to conduct no more

22  than twenty (25) depositions, excluding expert witnesses.   Each side shall be entitled to propound

23  no more than twenty five (25) interrogatories; provided, however, that the parties reserve the right

24  to approach the Court, upon a showing of good cause, for leave to serve additional

25  interrogatories. Service of discovery requests and discovery responses among the Parties shall be

26  made by electronic mail, with copies sent by U.S. Mail.  Deadlines for discovery responses shall

27  be determined by reference to the e-mail transmission date.

28

- 4 -

(6) **Production of English language documents**. The parties will produce English language versions of all documents produced, if available. The parties further agree to meet and confer to establish a protocol concerning translations of foreign language documents, with consideration toward minimizing costs of translation and focusing any disputes as to translations.

(7) **Orders that should be entered by the court.** The parties contemplate that a protective order governing the treatment of confidential information will be required.

(8) **Production of Foreign Witnesses**. Defendants contend that, having selected the forum in the Northern District of California, Plaintiffs should be required to produce their employees for deposition and trial in this District. Plaintiffs contend that foreign witnesses should be deposed where they reside or work. In this case, for example, Plaintiff Acer, Inc. is a Taiwanese corporation with its principle place of business in Taipei, Taiwan. Plaintiffs contend that depositions of Acer, Inc. and its employees occur in Taiwan.

**IX.    CLASS ACTIONS**

This action is not a class action.

**X.    RELATED CASES**

The HTC Action (Case No. 5:08-cv-00882) and the ASUSTeK Action (Case No. 5:08-cv-00884) have each been related to the Acer/Gateway Action 5:08-cv-877. See related case order of this Court dated April 22, 2008.

**XI.    RELIEF**

Plaintiffs seek a declaratory judgment against Defendants for non-infringement and invalidity as to the patents-in-suit under 28 U.S.C. §§ 1331, 1338, 2001 and 2202 under Fed. R. Civ. P. 12(b)(1).

**XII.    SETTLEMENT AND ADR**

The parties have agreed to engage in mediation on or before October 27, 2008.

**XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings

- 5 -

1    including trial and entry of judgment.

2    **XIV.   OTHER REFERENCES**

3        This case is not suitable for reference to binding arbitration, a special master, or the

4    Judicial Panel on Multidistrict Litigation.

5    **XV.    NARROWING OF ISSUES**

6        The parties will most likely file one or more dispositive motions seeking to narrow the

7    issues in this case.  Both parties anticipate filing one or more motions for summary judgment.

8    **XVI.   EXPEDITED SCHEDULE**

9
10       Plaintiffs and Defendants agree that this case is not suitable for expedited handling.

11   **XVII. SCHEDULING**

12       The parties propose that the Court adopt the following schedule based on the Federal

13   Rules of Civil Procedure, Local Rules, Patent Local Rules, and the Case Management Conference

14   held on August 1, 2008.  The Court will hold a Status Conference after the Markman Ruling to

15   set dates regarding the close of fact discovery, expert disclosures, close of expert discovery,

16   deadline to file dispositive motions, mediation and all other pre-trial dates.  *See* Docket No. 32.

17       Plaintiffs in this case understand that there are related cases in which there is an additional

18   portfolio of patents known as the "Core Flash" patents at issue.  Plaintiffs are informed that there

19   is a dispute among the parties in those related cases as to the case management schedule due to

20   the addition of the "Core Flash" patent portfolio that is at issue in those related cases, but not in

21   this case.  Plaintiffs contend that should the cases remain related and are consolidated, there

22   should be a common schedule for all the parties.  To the extent that the schedule below differs

23   from what is proposed in those related cases, Plaintiffs defer to schedule presented by the

24   Plaintiffs in the related actions.

25       Defendants contend that the "Core Flash" patent portfolio patents have not been asserted

26   in this case, that the related cases have not been consolidated with this action and that, given the

27   separate technologies, the assertion of the "Core Flash" patents in the related cases should not

28   delay resolution of this action.

- 6 -

The parties' proposed schedule is below:

| EVENT | DATE / RULE (if applicable) |
|---|---|
| Rule 26(f) conference | July 16, 2008<br>F.R.C.P 26(f) |
| Rule 26(a) Initial Disclosures | Due within two weeks of a ruling by the Court on the Motion to Dismiss maintaining jurisdiction over one or more of these related cases.  F.R.C.P. 26(a) |
| Due Date for Defendants' Answers and/or Counterclaims | Due within two weeks of a ruling by the Court on the Motion to Dismiss maintaining jurisdiction over one or more of these related cases. |
| Last Day to Serve Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) | Two weeks after filing of Answer and/or Counterclaims (P.L.R. 3-1, 3-2) |
| Last Day to Serve Preliminary Invalidity Contentions (and related documents) | Due 45 days after service of Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) (P.L.R. 3-3, 3-4) |
| Last Day to Exchange List of "Proposed Terms and Claim Elements for Construction" | Two weeks after service of Preliminary Invalidity Contentions (and related documents) (P.L.R. 4-1) |
| Last Day to Exchange "Preliminary Claim Constructions and Extrinsic Evidence" | 20 days after Exchange List of "Proposed Terms and Claim Elements for Construction  (P.L.R. 4-2) |
| Last Day to File Joint Claim Construction and Prehearing Statement | 60 days after exchange of Preliminary Claim Constructions and Extrinsic Evidence (P.L.R. 4-3) |
| Claim Construction Discovery Closes | 30 days after Filing Joint Claim Construction and Prehearing Statement (P.L.R. 4-4) |
| Defendants' Opening Claim Construction Brief | 45 days after Filing Joint Claim Construction and Prehearing Statement (P.L.R. 4-5a:  45 days after joint claim construction statement) |
| Plaintiffs' Responsive Claim Construction Brief | 14 days after filing Opening Claim Construction Brief (P.L.R. 4-5b) |

- 7 -

| EVENT | DATE / RULE (if applicable) |
|---|---|
| Defendants' Reply Claim Construction Brief | 7 days after filing of Responsive Claim Construction Brief (P.L.R. 4-5c) |
| Patent Technology Tutorial* | *If requested by the Court* <br><br> 20 days after Reply Claim Construction Brief |
| Claim Construction Hearing | [To Be Determined by the Court's Schedule] |
| Status Conference | Three weeks after Claim Construction Hearing |
| Final Infringement Contentions | Per P.L.R. 3-6 (30 days after claim construction ruling) |
| Final Invalidity Contentions | Per P.L.R. 3-6 (50 days after claim construction ruling) |
| Defendants to serve willfulness documents; opinion of counsel | Per P.L.R. 3-8 (50 days after claim construction ruling) |
| Close of Fact Discovery | 6 months after final Invalidity Contentions |
| Initial Expert Reports | 30 days after Close of Fact Discovery |
| Rebuttal Expert Reports | 30 days after Initial Expert Reports |
| Close of Expert Discovery | 2 weeks after Rebuttal Expert Reports |
| Trial | TBD |

## XVIII. TRIAL

The parties request that trial be set to commence in December 2009 or January 2010, as the court's schedule permits. The case will be tried to a jury. The parties expect trial will last 10-14 court days.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs filed its "Certification of Interested Entities or Persons" on April 23, 2008 and state that aside from the named parties, there is no such interest to report.

PALOALTO 89798 v2 (2K)

23129\1637386.1

1    Dated: July 18, 2008

2

3    Respectfully submitted,                    Respectfully submitted,

4

5    By:    /s/  Harold Davis                   By:    /s/  John L. Cooper

6        Attorneys for Plaintiffs               By:    /s/ Charles T. Hoge

7

8                                                   Attorney for Defendants

9

10   Pursuant to the above Joint Case Management Statement, IT IS SO ORDERED.

11

12   Dated: _____, 2008        _____

13                                    Honorable Jeremy Fogel
                                      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -