| | |
|---|---|
| Timothy Paar Walker (SBN 105001)<br>Harold H. Davis, Jr. (SBN 235552)<br>K&L Gates LLP<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Tel. 415.882.8200<br>Fax 415.882.8220<br><br>Attorneys for Plaintiffs<br>ACER, INC., ACER AMERICA<br>CORPORATION AND GATEWAY, INC. | John L. Cooper (State Bar No. 050324)<br>jcooper@fbm.com<br>Jeffrey M. Fisher (State Bar No. 155284)<br>jfisher@fbm.com<br>Farella Braun & Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br><br>Attorneys for Defendants<br>TECHNOLOGY PROPERTIES LIMITED<br>and ALLIACENSE LIMITED<br><br>Charles T. Hoge, Esq. (State Bar No. 110696)<br>choge@knlh.com<br>Kirby Noonan Lance & Hoge<br>35 Tenth Avenue<br>San Diego, CA 92101<br>Telephone: (619) 231-8666<br>Facsimile: (619) 231-9593<br><br>Attorneys for Defendant<br>PATRIOT SCIENTIFIC CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00877 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:     November 7, 2008<br>Time:    10:30 a.m.<br>Dept:    Courtroom 3, 5th Floor<br>Before:  Honorable Jeremy Fogel |

This Joint Case Management Statement and [Proposed] Order is submitted by the Parties in the above captioned related actions. Pursuant to the Conference of Counsel conducted on July 16, 2008 and subsequent discussions and in preparation for the Case Management Conference currently set for November 7, 2008, Plaintiffs Acer, Inc. ("Acer"), Acer America Corporation ("Acer America") and Gateway, Inc. ("Gateway") (collectively "Plaintiffs") and Defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation ("Patriot") and Alliacense Limited ("Alliacense") (collectively "Defendants") submit this Joint Case Management Statement and [Proposed] Order.

## I.   JURISDICTION AND SERVICE

No dispute exists regarding personal jurisdiction. All parties have been served. Defendants dispute this Court's subject matter jurisdiction over Plaintiffs' declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338, 2001 and 2202, and moved for the dismissal of each of the related actions under Fed. R. Civ. P. 12(b)(1). In the alternative, Defendants moved for a change of venue under 28 U.S.C. 1404(a) to the United States District Court for the Eastern District of Texas (where they subsequently initiated infringement actions against the Plaintiffs in the present declaratory judgment actions concerning certain common patents to those at issue here). Defendants' Motion to Dismiss on Grounds of Lack of Subject Matter Jurisdiction or, in the Alternative, to Transfer Venue (the "Motion to Dismiss") was heard on September 19, 2008. By Order dated October 21, 2008, the Court denied Defendants' Motion to Dismiss.

## II.   FACTS AND THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

Plaintiffs Acer, Inc., Acer America Corporation and Gateway, Inc. (collectively, "Acer") filed this declaratory judgment action alleging that their products do not infringe three of Technology Properties Limited's ("TPL's") patents. TPL is a small-entity patent owner involved for over twenty years with the development, manufacture and marketing of innovative high technology products.[1] TPL holds patents on several different aspects of high speed computer

---

[1] Co-defendant Patriot Scientific Corporation ("Patriot") owns an interest in U.S. Patent Nos. 5,440,749, 5,784,584, and 5,809,336 and 6,598,148. Alliacense Limited contends that it does not own an interest in any of these patents and should not have been named in this action.

1   microprocessors.  These patents include U.S. Patent Nos. 5,809,336 ("the '336 patent"),
2   5,784,584 ("the '584 patent"), 5,440,749 ("the '749 patent"), 6,598,148 ("the '148 patent") and
3   5,530,890 ("the '890 patent").  These patents are part of the family of patents known as the
4   Moore Microprocessor Portfolio patents, or MMP patents.  Numerous major companies, such as
5   Intel, Hewlett-Packard, and Nokia, have licensed the technology they disclose and claim.

6   Following a series of licensing discussions between the parties, Plaintiffs filed their
7   declaratory judgment action on February 8, 2008.  Through their complaint, Plaintiffs assert that
8   they did not, have not, and do not infringe any valid claims of the '336, 749 and '584 patents
9   controlled, owned, and licensed by the Defendants.  Plaintiffs further contend that for months
10  prior to the commencement of the related actions, Defendants contacted each of them claiming
11  that products made, used, and/or offered for sale by the Plaintiffs infringe one of more claims of
12  certain patents owned, controlled and licensed by the Defendants.  Plaintiffs seek declaratory
13  judgments of non-infringement and/or invalidity as to the '749 Patent, the '336 Patent, and the
14  '584 Patent.

15  As explained in Section V., *infra*, the '148 patent and the '890 patent have also arisen as
16  part of the dispute in light of infringement actions filed by Defendants in the United States
17  District Court for the Eastern District of Texas after commencement of this action.  Plaintiffs
18  have sought a stipulation from the declaratory judgment Defendants for leave to file an Amended
19  Complaint that will include these two additional patents and to dismiss the related cases in the
20  United States District Court for the Eastern District of Texas.  Defendants are currently
21  considering Plaintiffs' request for a stipulation.

22  **III.    THE PRINCIPAL LEGAL ISSUES IN DISPUTE**
23  The principal legal issues that the parties dispute are:
24      The meaning of various claim terms of the patents-in-suit;
25      Whether the Plaintiffs infringe any of the patents-in-suit;
26      Whether the patents-in-suit are invalid.
27
28

### IV. MOTIONS AND HEARINGS

**Prior Motions:** The Court denied the Defendants' Motion to Dismiss on October 21, 2008.

**Anticipated Motions:** Plaintiffs anticipate filing one or more motions regarding summary judgment and/or discovery and, if necessary, to amend the pleadings. Defendants also anticipate filing one or more motions regarding summary judgment and/or discovery. In addition, the parties anticipate motion practice and briefing concerning claim construction.

### V. AMENDMENT OF PLEADINGS

As noted above, Plaintiffs have sought a stipulation from the declaratory judgment Defendants for leave to file an Amended Complaint that will include two additional patents that Defendants have asserted in their action pending in the Eastern District of Texas, i.e., the '148 and '890 patents. If Defendants do not stipulate, Plaintiffs will move to so amend.

The Defendants have not filed any answers in these actions.

### VI. EVIDENCE PRESERVATION

All parties have taken appropriate steps to preserve any and all evidence that may be of relevance to the issues in the present action, including electronic evidence. Plaintiffs propose that voicemail messages that are not preserved as emails need not be preserved. Defendants are not prepared at this time to agree to that proposal and believe that all relevant information must be preserved.

### VII. DISCLOSURES

The Parties have agreed to exchange their Fed. R. Civ. P. 26(a)(1) Initial Disclosures within two weeks (14 days) of this Court's November 7, 2008 Case Management Conference.

### VIII. DISCOVERY

No discovery has been served thus far. The parties conducted their Rule 26(f) Conference of Parties on July 16, 2008. Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

(1) **Changes to disclosures.** The parties do not expect that any changes will be made in form or requirement of the parties' Rule 26(a) disclosures.

(2) **Subjects on which discovery may be needed.** Essential information for Plaintiffs to prove invalidity and non-infringement of the patents-in-suit. Plaintiffs expect Defendants to counter-claim for patent infringement and will need the Defendants to identify all accused products and how such products allegedly infringe the patents-in-suit.

(3) **Issues relating to disclosure or discovery of electronically stored information.** The parties anticipate that certain discovery may be produced in electronic form and have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise. The parties agree to meet and confer regarding the production format for electronic material.

(4) **Issues relating to claims of privilege or of protection as trial-preparation material.** The parties will meet and confer as necessary to discuss this when the issue arises.

(5) **Changes in limitations on discovery.** Each side shall be entitled to conduct no more than twenty (25) depositions, excluding expert witnesses. Each side shall be entitled to propound no more than twenty five (25) interrogatories; provided, however, that the parties reserve the right to approach the Court, upon a showing of good cause, for leave to serve additional interrogatories. Service of discovery requests and discovery responses among the Parties shall be made by electronic mail, with copies sent by U.S. Mail. Deadlines for discovery responses shall be determined by reference to the e-mail transmission date.

(6) **Production of English language documents.** The parties will produce English language versions of all documents produced, if available. The parties further agree to meet and confer to establish a protocol concerning translations of foreign language documents, with consideration toward minimizing costs of translation and focusing any disputes as to translations.

(7) **Orders that should be entered by the court.** The parties contemplate that a protective order governing the treatment of confidential information will be required.

(8) **Production of Foreign Witnesses.** Defendants contend that, having selected the forum in the Northern District of California, Plaintiffs should be required to produce their employees for deposition and trial in this District. Plaintiffs contend that foreign witnesses should be deposed where they reside or work. In this case, for example, Plaintiff Acer, Inc. is a

Taiwanese corporation with its principle place of business in Taipei, Taiwan. Plaintiffs contend that depositions of Acer, Inc. and its employees occur in Taiwan. The parties anticipate that motion practice may be required to resolve this issue before depositions of Acer witnesses are conducted.

### IX. CLASS ACTIONS

This action is not a class action.

### X. RELATED CASES

The HTC Action (Case No. 5:08-cv-00882) and the ASUSTeK Action (Case No. 5:08-cv-00884) have each been related to the Acer/Gateway Action 5:08-cv-877. See related case order of this Court dated April 22, 2008.

### XI. RELIEF

Plaintiffs seek a declaratory judgment against Defendants for non-infringement and invalidity as to the patents-in-suit under 28 U.S.C. §§ 1331, 1338, 2001 and 2202 under Fed. R. Civ. P. 12(b)(1).

### XII. SETTLEMENT AND ADR

The parties engaged in mediation sessions on October 2 and October 15, 2008, and have been unable to reach an agreement.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The parties will most likely file one or more dispositive motions seeking to narrow the issues in this case. Both parties anticipate filing one or more motions for summary judgment.

### XVI. EXPEDITED SCHEDULE

Plaintiffs and Defendants agree that this case is not suitable for expedited handling.

## XVII. SCHEDULING

The parties propose that the Court adopt the following schedule based on the Federal Rules of Civil Procedure, Local Rules, Patent Local Rules, and the Case Management Conference held on November 7, 2008.  The Court will hold a Status Conference after the Markman Ruling to set dates regarding the close of fact discovery, expert disclosures, close of expert discovery, deadline to file dispositive motions, mediation and all other pre-trial dates.  See Docket No. 32.

Plaintiffs in this case understand that there are related cases in which there is an additional portfolio of patents known as the "Core Flash" patents at issue.  Plaintiffs are informed that there is a dispute among the parties in those related cases as to the case management schedule due to the addition of the "Core Flash" patent portfolio that is at issue in those related cases, but not in this case.  Plaintiffs contend that should the cases remain related and are consolidated, there should be a common schedule for all the parties.  To the extent that the schedule below differs from what is proposed in those related cases, Plaintiffs defer to the schedule presented by the Plaintiffs in the related actions.

Defendants contend that the "Core Flash" patent portfolio patents have not been asserted in this case, that the related cases have not been consolidated with this action and that, given the separate and different technologies, the assertion of the "Core Flash" patents in the related cases should not delay resolution of this action.

The parties' proposed schedule is below:

| EVENT | DATE / RULE (if applicable) |
| --- | --- |
| Rule 26(f) conference | July 16, 2008<br>F.R.C.P 26(f) |
| Rule 26(a) Initial Disclosures | November 21, 2008<br>F.R.C.P. 26(a) |
| Due Date for Defendants' Answers and/or Counterclaims | November 21, 2008 |
| Last Day to Serve Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) | December 5, 2008<br>(P.L.R. 3-1, 3-2) |

| EVENT | DATE / RULE (if applicable) |
|---|---|
| Last Day to Serve Preliminary Invalidity Contentions (and related documents) | January 20, 2009 (P.L.R. 3-3, 3-4) |
| Last Day to Exchange List of "Proposed Terms and Claim Elements for Construction" | February 3, 2009 (P.L.R. 4-1) |
| Last Day to Exchange "Preliminary Claim Constructions and Extrinsic Evidence" | February 23, 2009 (P.L.R. 4-2) |
| Last Day to File Joint Claim Construction and Prehearing Statement | April 24, 2009 (P.L.R. 4-3) |
| Claim Construction Discovery Closes | May 25, 2009 (P.L.R. 4-4) |
| Defendants' Opening Claim Construction Brief | June 8, 2009 (P.L.R. 4-5a) |
| Plaintiffs' Responsive Claim Construction Brief | June 22, 2009 (P.L.R. 4-5b) |
| Defendants' Reply Claim Construction Brief | June 29, 2009 (P.L.R. 4-5c) |
| Patent Technology Tutorial* | *If requested by the Court* July 20, 2009 (or at the Court's convenience) |
| Claim Construction Hearing | [To Be Determined by the Court's Schedule] |
| Status Conference | Three weeks after Claim Construction Hearing |
| Final Infringement Contentions | Per P.L.R. 3-6 (30 days after claim construction ruling) |
| Final Invalidity Contentions | Per P.L.R. 3-6 (50 days after claim construction ruling) |
| Defendants to serve willfulness documents; opinion of counsel | Per P.L.R. 3-8 (50 days after claim construction ruling) |
| Close of Fact Discovery | 6 months after final Invalidity Contentions |
| Initial Expert Reports | 30 days after Close of Fact Discovery |
| Rebuttal Expert Reports | 30 days after Initial Expert Reports |
| Close of Expert Discovery | 2 weeks after Rebuttal Expert Reports |
| Trial | TBD |

## XVIII. TRIAL

The parties request that trial be set to commence in December 2009 or January 2010, as the court's schedule permits. The case will be tried to a jury. The parties expect trial will last 10-14 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs filed its "Certification of Interested Entities or Persons" on April 23, 2008 and state that aside from the named parties, there is no such interest to report.

Dated: November 5, 2008          K&L GATES LLP

By:      /s/ Timothy Paar Walker
         Timothy Paar Walker

Attorneys for Plaintiffs
ACER, INC., ACER AMERICA
CORPORATION AND GATEWAY, INC.

Dated: November 5, 2008          FARELLA BRAUN & MARTEL LLP

By:      /s/ Jeffrey M. Fisher
         Jeffrey M. Fisher

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

Dated: November 5, 2008          KIRBY NOONAN LANCE & HOGE

By:      /s/ Charles T. Hoge
         Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

Pursuant to the above Joint Case Management Statement, IT IS SO ORDERED.

Dated: _____, 2008        _____
                                 Honorable Jeremy Fogel
                                 United States District Judge