| | |
|---|---|
| 1 | John L. Cooper (State Bar No. 050324) |
|   | jcooper@fbm.com |
| 2 | Jeffrey M. Fisher (State Bar No. 155284) |
|   | jfisher@fbm.com |
| 3 | Eugene Y. Mar (State Bar No. 227071) |
|   | emar@fbm.com |
| 4 | Farella Braun & Martel LLP |
|   | 235 Montgomery Street, 17th Floor |
| 5 | San Francisco, CA  94104 |
|   | Telephone:  (415) 954-4400 |
| 6 | Facsimile:  (415) 954-4480 |
| 7 | Attorneys for Defendants |
|   | TECHNOLOGY PROPERTIES LIMITED |
| 8 | and ALLIACENSE LIMITED |
| 9 | Charles T. Hoge, Esq. (State Bar No. 110696) |
|   | choge@knlh.com |
| 10 | Kirby Noonan Lance & Hoge |
|    | 35 Tenth Avenue |
| 11 | San Diego, CA  92101 |
|    | Telephone:  (619) 231-8666 |
| 12 | Facsimile:  (619) 231-9593 |
| 13 | Attorneys for Defendant |
|    | PATRIOT SCIENTIFIC CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., | Case No.  5:08-cv-00877 JF |
| Plaintiffs, | **DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR TRIAL BY JURY** |
| v. |  |
| TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, | Action Filed:  February 8, 2008 |
| Defendants. |  |

Declaratory judgment defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation ("Patriot"), and Alliacense Limited (collectively "Defendants") answer and counterclaim to declaratory judgment plaintiffs Acer Inc., Acer America Corp., and Gateway

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF

23129\1751325.2

Inc.'s (collectively "Acer's") Complaint for Declaratory Judgment ("Complaint") by admitting, denying, and alleging as follows:

1.  Responding to paragraph 1 of the Complaint, admitted.

## PARTIES

2.  Responding to paragraph 2 of the Complaint, Defendants admit upon information and belief that Plaintiff Acer, Inc. is a Taiwan corporation with its principal place of business in Taipei, Taiwan, R.O.C.

3.  Responding to paragraph 3 of the Complaint, Defendants admit upon information and belief that Plaintiff Acer America Corporation is a California corporation with its principal place of business in San Jose, California.

4.  Responding to paragraph 4 of the Complaint, Defendants admit upon information and belief that Plaintiff Gateway, Incorporated is a Delaware corporation with its principal place of business in Irvine, California, and that Gateway is a wholly-owned subsidiary of Acer, Inc.

5.  Responding to paragraph 5 of the Complaint, admitted.

6.  Responding to paragraph 6 of the Complaint, admitted.

7.  Responding to paragraph 7 of the Complaint, Defendants admit that Alliacense Ltd. is a California corporation with its principal place of business in Cupertino, California and that Alliacense enters into negotiations with third parties regarding licenses to the patents-in-suit. Except as so expressly admitted, denied.

## JURISDICTION AND VENUE

8.  Responding to paragraph 8 of the Complaint, admitted.

9.  Responding to paragraph 9 of the Complaint, admitted.

10. Responding to paragraph 10 of the Complaint, Defendants admit that Technology Properties Limited and Alliacense Ltd. have their principal places of business in this District. Except as so expressly admitted, denied.

## INTRADISTRICT ASSIGNMENT

11. Responding to paragraph 11 of the Complaint, denied.

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF

2

23129\1751325.2

**EXISTENCE OF AN ACTUAL CONTROVERSY**

12. Responding to paragraph 12 of the Complaint, admitted.

13. Responding to paragraph 13 of the Complaint, Defendants admit that they have been engaged in discussions with Plaintiff Gateway Inc. since 2004 and with Plaintiff Acer Inc. since 2005 regarding licensing TPL's Moore Microprocessor Patent portfolio ("MMP portfolio"), including U.S. Patent Nos. 5,809,336, 5,784,584, and 5,440,749 (collectively the "patents-in-suit"). Defendants further admit that they have provided claim charts to the Plaintiffs identifying how exemplary Acer and Gateway products are covered by MMP portfolio patents. Except as so expressly admitted, denied.

14. Responding to paragraph 14 of the Complaint, Defendants admit that they have met on with Plaintiffs several times to provide details concerning TPL's MMP portfolio, to answer questions Plaintiffs may have concerning their need for a license to the MMP portfolio patents and to discuss Plaintiffs licensing the MMP portfolio patents. Defendants further admit that Mike Davis, a Senior Vice President of Licensing for Alliacense, did meet with Plaintiffs' representatives on January 20, 2008, and on other occasions, to discuss these issues. Defendants further admit that during the January 20, 2008 meeting, Mr. Davis indicated that if the Plaintiffs continued to refuse to purchase a license, TPL would have to consider pursuing legal options. Except as so expressly admitted, denied.

15. Responding to paragraph 15 of the Complaint, Defendants admit that the parties have been unable to reach an agreement regarding Plaintiffs licensing the MMP portfolio patents. Defendants further admit that Mr. Davis sent an e-mail on February 6, 2008 expressing frustration with Acer's unilateral cancellation of a planned meeting in Vienna and the injection of new Acer representatives to negotiate a possible MMP portfolio license after several years of ongoing negotiations and meetings. Defendants further admit that, after expressing his frustration with Acer's negotiation tactics and delay, Mr. Davis made the following request in his February 6, 2008 e-mail: "Please let me know if Acer still has an interest in resolving this matter outside of the court and if so, how you would like to proceed." Except as so expressly admitted, denied.

16. Responding to paragraph 16 of the Complaint, admitted.

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF 3 23129\1751325.2

## PLAINTIFFS' FIRST CLAIM

## DECLARATORY JUDGMENT REGARDING THE '336 PATENT

17. Responding to paragraph 17 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18. Responding to paragraph 18 of the Complaint, denied.

## PLAINTIFFS' SECOND CLAIM

## DECLARATORY JUDGMENT REGARDING THE '584 PATENT

19. Responding to paragraph 19 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

20. Responding to paragraph 20 of the Complaint, denied.

## PLAINTIFFS' THIRD CLAIM

## DECLARATORY JUDGMENT REGARDING THE '749 PATENT

21. Responding to paragraph 21 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

22. Responding to paragraph 22 of the Complaint, denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

1. Plaintiffs Acer, Inc., Acer America Corp., and Gateway, Inc. have infringed the patents-in-suit.

2. The patents-in-suit are neither invalid nor unenforceable.

3. The Complaint fails to establish that venue is proper in this District.

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF

4

23129\1751325.2

# DEFENDANTS' COUNTERCLAIMS

For their Counterclaims against the Plaintiffs, Defendants-Counterclaim Plaintiffs Technology Properties Limited and Patriot Scientific Corporation allege as follows:

## PARTIES

1. This is a civil action for patent infringement. This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

2. Counterclaim Plaintiff Technology Properties Limited ("TPL") is a corporation organized under the laws of the State of California and maintains its principal place of business in Cupertino, California.

3. Counterclaim Plaintiff Patriot Scientific Corporation ("Patriot") is a corporation organized under the laws of the State of California and maintains its principal place of business in Carlsbad, California.

4. Counterclaim Defendant Acer, Inc. represented in its Complaint that it is a Taiwan corporation with its principal place of business in Taipei, Taiwan, R.O.C.

5. Counterclaim Defendant Acer America Corp. represented in its Complaint that it is a California corporation with its principal place of business in San Jose, California.

6. Counterclaim Defendant Gateway, Inc. represented in its Complaint that it is a Delaware corporation with its principal place of business in Irvine, California. Gateway further represents that it is a wholly-owned subsidiary of Acer.

## JURISDICTION

7. The court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

8. The parties have contested that venue is proper in this district. However, Counterclaim Defendants have committed acts of infringement in this district.

## GENERAL ALLEGATIONS

9. On September 15, 1998, United States Patent No. 5,809,336 entitled "High Performance Microprocessor Having Variable Speed System Clock" was duly and legally issued. All rights and interest in the '336 patent are co-owned by TPL and Patriot. TPL has the sole and

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF

5

23129\1751325.2

exclusive right and obligation to license and enforce the '336 patent. A true and correct copy of the '336 patent is attached hereto as Exhibit A.

10. On August 8, 1995, United States Patent No. 5,440,749 entitled "High Performance, Low Cost Microprocessor Architecture" was duly and legally issued. All rights and interest in the '749 patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '749 patent. A true and correct copy of the '749 patent is attached hereto as Exhibit B.

## COUNT I

### (Infringement of U.S. Patent No. 5,809,336)

11. Paragraphs 1-10 of the Complaint set forth above are incorporated herein by reference.

12. Upon information and belief, Counterclaim Defendants Acer Inc., Acer America Corp., and Gateway, Inc. have infringed and continue to infringe the '336 patent under 35 U.S.C. § 271.

13. The Counterclaim Defendants' acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendants the damages sustained by TPL and Patriot as a result of the infringement of the '336 patent. The Counterclaim Defendants' infringement of TPL's and Patriot's exclusive rights under the '336 patent will continue to damage TPL's and Patriot's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

14. TPL and Patriot allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

## COUNT II

### (Infringement of U.S. Patent No. 5,440,749)

15. Paragraphs 1-10 of the Complaint set forth above are incorporated herein by reference.

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF           6                              23129\1751325.2

1   16.   Upon information and belief, Counterclaim Defendants Acer Inc., Acer America Corp., and Gateway, Inc. have infringed and continue to infringe the '749 patent under 35 U.S.C. § 271.

17.   The Counterclaim Defendants' acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendants the damages sustained by TPL and Patriot as a result of the infringement of the '749 patent. The Counterclaim Defendants' infringement of TPL's and Patriot's exclusive rights under the '749 patent will continue to damage TPL's and Patriot's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

18.   TPL and Patriot allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, TPL and Patriot respectfully request that this Court enter judgment against Counterclaim Defendants as follows:

A.   For judgment that Counterclaim Defendants Acer, Inc., Acer America Corp., and Gateway, Inc. have infringed and continue to infringe the '336 patent and the '749 patent;

B.   For permanent injunctions under 35 U.S.C. § 283 against Counterclaim Defendants and their directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with Counterclaim Defendants from further acts of infringement;

C.   For damages to be paid by Counterclaim Defendants adequate to compensate TPL and Patriot for their infringement, including interests, costs and disbursements as the Court may deem appropriate under 35 U.S.C. § 284;

D.   For judgment finding that Counterclaim Defendants' infringement was willful and deliberate, entitling TPL and Patriot to increased damages under 35 U.S.C. § 284;

E.   For judgment finding this to be an exceptional case against Counterclaim Defendants and awarding TPL and Patriot attorney's fees under 35 U.S.C. § 285; and,

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF               7                                    23129\1751325.2

      F.      For such other and further relief at law and in equity as the court may deem just and proper.

Dated: November 21, 2008                    FARELLA BRAUN & MARTEL LLP


By:    /s/ John L. Cooper
      John L. Cooper

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

Dated: November 21, 2008                    KIRBY NOONAN LANCE & HOGE, LLP


By:    /s/ Charles T. Hoge
      Charles T. Hoge

Attorneys for Defendant
   PATRIOT SCIENTIFIC CORPORATION

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF

8

23129\1751325.2

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38, TPL and Patriot hereby demand a jury trial on all issues triable by jury.

Dated: November 21, 2008                    FARELLA BRAUN & MARTEL LLP


By: /s/ John L. Cooper
    John L. Cooper

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

Dated: November 21, 2008

KIRBY NOONAN LANCE & HOGE, LLP


By: /s/ Charles T. Hoge
    Charles T. Hoge

Attorneys for Defendant

PATRIOT SCIENTIFIC CORPORATION

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ANSWER AND
COUNTERCLAIM/Case No. 5:08-cv-00877 JF            9                           23129\1751325.2