*e-filed 12/16/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION, GATEWAY, INC.,<br><br>Plaintiffs,<br>v.<br><br>TECHNOLOGY PROPERTIES, PATRIOT SCIENTIFIC CORPORATION, ALLIACENSE LIMITED,<br><br>Defendants. | No. C08-00877 JF (HRL)<br>Related case Nos. 08-00882-JF, 08-00884-JF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS**<br><br>**[Re: Docket No. 55]** |

Apparently after licensing negotiations were unsuccessful, Acer, Inc. ("AI"), Acer America Corporation, and Gateway, Inc. brought this declaratory relief action against Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited to establish that plaintiffs' products do not infringe defendants' patents. Defendants moved to dismiss or, alternatively, to transfer the case to the Eastern District of Texas, where two of the patents at issue had previously been construed. Plaintiffs, in part, opposed the transfer because the Northern District of California was a less burdensome forum for discovery, as "witnesses and representatives are able to take a direct flight to San Francisco." Plaintiffs Opposition to Motion to Dismiss, Docket No. 34, pg 10, footnote 4. The motion to dismiss or transfer was denied.

In its initial disclosure, AI identified seventeen employees that live and work in Taiwan as persons with discoverable information. In planning for discovery, defendants requested that AI agree to produce these employees for deposition in the Northern District of California. AI objects, saying defendants should go to Taiwan for the depositions. Defendants now move for an order compelling AI to produce the seventeen for deposition in this district. Since no deposition has been noticed, the court will treat this motion as one for a protective order.

The matter has been fully briefed. The court held a hearing on December 16, 2008. Upon consideration of the papers filed by the parties, and the arguments of counsel, this court grants the motion in part and denies the motion in part.

**Discussion**

A party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court pursuant to Federal Rule of Civil Procedure 26(c)(2). *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D. NC 1988). When the opposing party is a corporation, both its officers and directors and its employees have been treated as "opposing parties," the same as an Fed. R. Civ. P. 30(b)(6) designee. *See Delphi Automotive Systems LLC v. Shinwa Intern. Holdings LTD*, 2008 WL 2906765 at *3 (S.D.Ind., 2008); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D.Cal.,2005). In determining the appropriate place for such depositions, the trial court has broad discretion. *Id*. However, as a general rule, "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." *Lexington Ins. Co v. Commonwealth Ins. Co,* 1999 WL 33292943 at *9 (N.D. Cal. 1999) (*citing* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 2112 at 75.) Other courts have observed that "[this rule] not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time." *Minnesota Mining & Manufacturing Co. v. Dacar Chemical Products, Co.*, 707 F.Supp. 793, 795 (W.D.Pa.1989). The court is not persuaded by plaintiffs' contentions that they didn't "choose" to bring the lawsuit, or "choose" this forum because plaintiffs were "forced" to bring the lawsuit, and this was the only possible venue.

2

AI has cited cases supporting their contention that 30(b)(6) witnesses should be deposed at their principal place of business, namely Taiwan. Nevertheless, at this point, no one knows whether any of the Taiwanese seventeen will be designated as Acer's witness for a 30(b)(6) deposition. And, although there is a general presumption that the deposition of a corporate party should be taken at its place of business, *see, e.g., Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995), that presumption is not conclusive. Courts in this district have noted that courts primarily apply this rule to defendants, since plaintiffs have the luxury of choosing the forum. *See Lexington* at *9. Especially here, where plaintiffs not only chose this forum, but fought for it because it was more convenient for its witnesses to travel to, the court gives little weight to plaintiffs' complaints that the forum is inconvenient and costly.

Lead counsel for all parties are located in this district. Plaintiffs specifically chose and fought for this forum to reduce discovery costs, at least in part. In addition, this court's authority to resolve any disputes arising during a deposition could be compromised by sovereignty issues if depositions took place in Taiwan, rather than in the United States. "If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated." *Delphi Automotive Systems,* at *2.

Based on the record presented, the court finds that it will be less costly and disruptive to have all AI's 30(b)(6) designees deposed in this district. AI shall bear all travel costs associated with their designated 30(b)(6) witness(es). The depositions of any non-30(b)(6) designated officers, directors, or AI employees shall also take place in this district. However, defendants shall pay the cost of business class airfare for these deponents. Should defendants find it more cost effective to take the AI employees' depositions in Taiwan, they may elect to proceed instead as proposed in AI's opposition papers.

Although the main dispute appears to center around the deposition of AI's employees, the parties have also raised the issue of where employees of Acer America and Gateway should be deposed. Since Acer America's principal place of business is San Jose, California, there can be little argument that its employees should be deposed in this district. The Gateway employees

3

identified are located in Irvine, California and Sioux City, South Dakota. Again, any 30(b)(6) depositions shall proceed in this district, with Gateway bearing the costs. Any non-30(b)(6) depositions shall also proceed in this district, with defendants paying the cost of the deponents' business class airfare. Again, should defendants find it more cost effective to take these employees' depositions in their respective locations, they may arrange with Gateway to proceed in that way.

Since the court cannot contemplate every possible factual scenario that may arise as to a particular deponent and the possible unfairness or unreasonableness of him or her having to travel to the Northern District of California, this order is without prejudice to any party's ability to move for an exception for any individual deposition, should the parties' vigorous meet and confer efforts fail.

**IT IS SO ORDERED.**

Dated: 12/16/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**Notice has been electronically mailed via ECF:**

brestivo@fbm.com, calendar@fbm.com, carol.ridgeway@klgates.com, cathy.williams@klgates.com, chanell.yates@klgates.com, dleverton@whitecase.com, dmelaugh@mofo.com, eupton@whitecase.com, gohlsson@whitecase.com, harold.davis@klgates.com, hdutton@fbm.com, jas.dhillon@klgates.com, jcooper@fbm.com, jfisher@fbm.com, jlslobodin@yahoo.com, kchen@whitecase.com, mkenny@whitecase.com, mlambert@whitecase.com, mweinstein@whitecase.com, mzappas@fbm.com, patricia.wiggins@klgates.com, perry.brooks@klgates.com, pneely@whitecase.com, renterig@fbm.com, sorourke@whitecase.com, timothy.walker@klgates.com, wcoats@whitecase.com, wpemail@fbm.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.