**E-Filed 2/4/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., et al.,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>    v.<br><br>TECHNOLOGY PROPERTIES LIMITED, et al.,<br><br>    Defendants-Counterclaim Plaintiffs. | Case No. C 08-877 JF (HRL)<br><br>ORDER[1] DENYING MOTION FOR RECONSIDERATION<br><br>[re: doc. nos. 80 & 81] |
| HTC CORPORATION, et al.,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>    v.<br><br>TECHNOLOGY PROPERTIES LIMITED, et al.,<br><br>    Defendants-Counterclaim Plaintiffs. | Case No. C 08-882<br><br>[re: doc. nos. 71 & 73] |

---

[1] This disposition is not designated for publication in the official reports.

Case Nos. 08-00877 & 08-00882
ORDER DENYING MOTION FOR RECONSIDERATION
(JFLC1)

On October 21, 2008, the Court denied the motion by Defendant Technology Properties Limited ("TPL") to dismiss, transfer or stay the instant actions.[2] At a hearing on a separate motion on December 19, 2008, TPL informed the Court that a settlement had been reached between TPL and Asustek.[3] Because of this change in circumstances, the Court granted TPL leave to file a motion for reconsideration. Remaining Plaintiffs Acer and HTC oppose the motion to reconsider.[4] The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on January 30, 2009. For the reasons set forth below, the motion for reconsideration will be denied.

## I. PROCEDURAL HISTORY

TPL has asserted nine different patents in several different lawsuits. Five of these patents are members of what is known as the Moore Microprocessor portfolio ("MMP"), and include U.S. Patent Nos. 5,809,336 ("the '336 patent"), 5,784,584 ("the '584 patent"), 5,440,749 ("the '749 patent"), 6,598,148 ("the '148 patent"), and 5,530,890 ("the '890 patent"). The remaining four patents are part of the CORE Flash portfolio ("CFP"), and include U.S. Patent Nos. 6,438,638 ("the '638 Patent"), 6,976,623 ("the '623 Patent"), 7,295,443 ("the '443 Patent"), and 7,162,549 ("the '549 Patent"). After licensing negotiations among the parties proved unsuccessful, Plaintiffs filed complaints for declaratory relief in this Court on February 8, 2008.[5] Acer and HTC seek judgment only as to the MMP patents, whereas Asustek sought judgment as to both the CFP and MMP patents. On April 25, 2008, TPL filed suit against Plaintiffs in the Eastern District of Texas, asserting seven of the MMP and CFP patents. That action remains

---

[2] The TPL entities include Defendants Patriot Scientific and Alliacense Limited, and all Defendants will be referred to collectively as "TPL."

[3] "Asustek" refers collectively to Plaintiffs Asustek Computer, Inc. and Asus Computer International.

[4] "Acer" refers collectively to Plaintiffs Acer, Inc., Acer America Corporation, and Gateway, Inc. "HTC" refers collectively to Plaintiffs HTC Corporation and HTC America.

[5] The declaratory judgment actions filed by Asustek, Acer, and HTC were designated as related. A fourth declaratory judgment action, *Barco N.V. v. Tech. Props. Ltd. et al.* (C 08-5398 JF), was designated as a related case on December 18, 2008.

pending.

On April 25, 2008, TPL moved for three alternative forms of relief with respect to the complaints filed by Asustek, Acer, and HTC in this Court: (1) dismissal of the three related California cases for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) in the alternative, transfer of the California cases to the Eastern District of Texas pursuant to 28 U.S.C. §1404(a); or (3) a stay of the California cases pending resolution of the action in Texas. TPL's motion to transfer was based in part on the fact that TPL previously had litigated three of the MMP patents in the Eastern District of Texas before Judge Ward, who held a claim construction hearing in 2006 and issued a decision construing the claims of those three MMP patents in 2007.[6]

Relying upon *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008), the Court denied TPL's motion on the ground that it would be an abuse of discretion to transfer a first-filed declaratory relief action to another district based on the existence of a prior suit in that district that was no longer pending at the time the request for declaratory relief was filed. The Court also concluded that the convenience and efficiency factors set forth under §1404(a) did not favor transfer to the Eastern District of Texas. TPL brings the present motion for reconsideration pursuant to Civ. L.R. 7-9(b)(2) on the ground that the dismissal of Asustek, which eliminated the CCP patents from the litigation in this Court, constitutes a change in material fact that now requires that the cases be transferred to the Eastern District of Texas.

## II. DISCUSSION

Civ. L.R. 7-9(b)(2) allows a party to seek reconsideration of a prior order where there has been an "emergence of new material facts or a change of law occurring after the time of such order." *See also Sch. District No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("There may also be other, highly unusual, circumstances warranting reconsideration."). The Court agrees that the dismissal of Asustek is a new material fact relevant

---

[6] The previously construed patents were the '148, '336 and '548 patents, all of which are MMP patents. Judge Ward's decision was appealed only with respect to the '584 patent. The Federal Circuit summarily affirmed Judge Ward's ruling. At oral argument on January 30, 2009, TPL represented that it no longer is asserting the '584 patent.

1 to the management of the related cases, but as discussed below the removal of Asustek does not
2 alter the Court's conclusion that the Northern District of California is the proper venue.

3       For the convenience of the parties or in the interest of justice, a district court may transfer
4 an action to any other district where the suit may have been brought. 28 U.S.C. § 1404(a). When
5 two actions are pending in separate districts, "[t]he general rule favors the forum of the first-filed
6 action, whether or not it is a declaratory judgment action." *Micron*, 518 F.3d at 904.
7 Nonetheless, a district court may transfer a case out of the first-filed forum "in the interest of
8 justice or expediency, as in any issue of choice of forum." *Id*. As set forth in the prior order, the
9 convenience factors strongly favor retaining the litigation in this Court, and the absence of
10 Asustek does not change this determination. Moreover, the declaratory relief actions filed by
11 Acer and HTC in this Court still are the first-filed litigation involving the subject patents.
12 Accordingly, the only remaining issue is whether the dismissal of Asustek has changed the
13 judicial economy analysis sufficiently to overcome the factors favoring retention of the instant
14 actions.

15       TPL raises essentially the same arguments it made previously, namely that (1) judicial
16 economy favors transfer because Judge Ward is familiar with the MMP patents, and (2) there is a
17 risk of inconsistent rulings if this Court were to construe the same patents in a different
18 proceeding. As to the second factor, this Court affirms its earlier statement that it will accord
19 deference to Judge Ward's claim construction as persuasive authority. *See Mendenhall v.*
20 *Cedarapids, Inc.*, 5 F.3d 1557, 1570 (Fed. Cir. 1993). With respect to the first argument, the
21 Court is not persuaded that the elimination of the CCP patents affects the prior judicial economy
22 analysis at all, let alone enough to overcome the presumption favoring the first-filed court and the
23 convenience of the parties.

24       As the Federal Circuit observed in *Micron,* the fact that the proposed transferee court
25 previously has hosted litigation involving some of the patents at issue is of minimal import. *See*
26 518 F.3d at 905. *See also ICU Med., Inc. v. Rymed Techs., Inc.*, No. 07-468-JJF, 2008 WL
27 205307, at *5 (D. Del. Jan. 23, 2008) (proposed transferee court's familiarity with patents is a
28 factor to consider but "the Court does not find that factor to be dispositive."); *ConnecTel, LLC v.*

4

Case Nos. 08-00877 & 08-00882
ORDER DENYING MOTION FOR RECONSIDERATION
(JFLC1)

*Cisco Sys., Inc.*, No. 2:04-CV-396, 2005 WL 366966, at *3 (E.D. Tex. Feb. 16, 2005) ("The present case involves a different defendant and different products, so it is not in the interest of judicial economy to transfer this case."). Because different products are at issue here, there is no guarantee that the same claims will be asserted against Acer and HTC as were previously asserted in the Eastern District of Texas. Likewise, even if the actions were transferred to Judge Ward, Plaintiffs would still be entitled to full briefing and argument, as they are not collaterally estopped by the prior claim construction.[7]

      TPL also asserts that the fact that it asserted one of the patents (the '890 patent) first means that the first to file analysis is essentially neutral as between the parties. HTC and Acer moved to amend their first amended complaints to add the '890 patent in July 2008 and November 2008, respectively. However, contrary to TPL's position, this does not change the fact that HTC and Acer filed their complaints for declaratory relief first. To allow the addition of related claims to change the parties' stance with respect to who filed first would allow manipulation of venue. *See Micron*, 518 F.3d at 903 (it is of little import "that the second-filed infringement action is broader than the first filed declaratory judgment action…because a patent holder may often easily file an artificially broader infringement suit to avoid declaratory judgment jurisdiction… [and if] a patent holder could simply name another defendant or add a few additional claims to the later filed infringement, then the Supreme Court's more lenient standard for the declaratory judgment plaintiff would lose its primary intended effect."). Accordingly, the motion for reconsideration will be denied.[8]

---

[7] In addition, the relevance of one of these patents (the '336 patent) is suspect as it is in reexamination before the USPTO, where all claims currently stand rejected.

[8] Moreover, pursuant to the Federal Circuit's recent decision in *In re TS Tech USA Corp.*, Misc. No. 888, 2008 WL 5397522 (Fed. Cir. Dec. 29, 2008), the convenience factors in the instant actions would favor transfer of any litigation between the parties out of the Eastern District of Texas.

# IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that TPL's motion for reconsideration is DENIED.

DATED:  February 4, 2009

_____
JEREMY FOGEL
United States District Judge

1  This order has been served upon the following persons:

2  Eugene Y. Mar     emar@fbm.com, calendar@fbm.com, mclaros@fbm.com
3

4  Harold H. Davis , Jr     harold.davis@klgates.com, cathy.williams@klgates.com, chanell.yates@klgates.com, patricia.wiggins@klgates.com
5

6  Helen E. Dutton     hdutton@fbm.com, calendar@fbm.com, mzappas@fbm.com

7  Jack Slobodin     jlslobodin@yahoo.com

8
9  Jas S Dhillon     jas.dhillon@klgates.com, jas.dhillon@klgates.com, james.boston@klgates.com

10  Jeffrey M. Fisher     jfisher@fbm.com, calendar@fbm.com, renterig@fbm.com,
11   wpemail@fbm.com

12  John L. Cooper     jcooper@fbm.com, brestivo@fbm.com, calendar@fbm.com
13

14  Kyle Dakai Chen     kchen@whitecase.com, dleverton@whitecase.com, gohlsson@whitecase.com

15
16  Mark R. Weinstein     mweinstein@whitecase.com, mkenny@whitecase.com

17  Samuel Citron O'Rourke     eupton@whitecase.com

18
19  Timothy Paar Walker     timothy.walker@klgates.com, carol.ridgeway@klgates.com, perry.brooks@klgates.com

20
21  William Sloan Coats , III     wcoats@whitecase.com, eupton@whitecase.com, gohlsson@whitecase.com, mkenny@whitecase.com, mlambert@whitecase.com

22

23

24

25

26

27

28

7

Case Nos. 08-00877 & 08-00882
ORDER DENYING MOTION FOR RECONSIDERATION
(JFLC1)