**E-Filed 2/4/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case Number C 08-0877 JF (HRL) <br><br> ORDER[1] GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT <br><br> [re: doc. no. 52] |

Plaintiffs Acer, Inc., Acer America Corporation, and Gateway, Inc. (collectively, "Acer") seek leave to file a first amended complaint. Defendants Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited (collectively, "TPL") oppose the motion. For the reasons set forth below, the motion will be granted.

**I. BACKGROUND**

On February 8, 2008, Acer filed the instant request for declaratory relief as to U.S. Patent Nos. 5,809,336 ("the '336 patent"), 5,784,584 ("the '584 patent"), and 5,440,749 ("the '749

---

[1] This disposition is not designated for publication in the official reports.

patent"). On April 25, 2008, TPL sued Acer in the Eastern District of Texas for infringement of multiple patents, including the three patents at issue herein as well as U.S. Patent No. 6,598,148 ("the '148 patent"). Less than two months later, TPL filed a second infringement suit against Acer in the Eastern District of Texas, asserting U.S. Patent No. 5,330,890 ("the '890 patent"). These five patents are part of the Moore Microprocessor portfolio ("MMP") patent family.

On the same day that it filed its suit involving the '148 patent, TPL moved to dismiss or transfer Acer's declaratory judgment action pending in this Court. On October 21, 2008, the Court denied TPL's motion to dismiss or transfer. Both before and after the denial of TPL's motion, the parties met and conferred in an attempt to reach an agreement to amend Acer's operative complaint to add the '148 and '890 patents.[2] After failing to arrive at an agreement, Acer filed the instant motion on November 14, 2008.

## II. DISCUSSION

Leave to amend a pleading before trial should be "freely give[n] …when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, this policy is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). When considering whether to grant leave to amend, a district court may consider four factors: (1) existence of bad faith; (2) whether the amendment will cause undue delay; 3) prejudice to the opposing party; and (4) futility. *Id*. In the absence of prejudice or other negative factors, the party opposing the motion to amend has the burden of showing why amendment should not be granted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

TPL argues that Acer should have included the '148 and '890 patents in its original

---

[2] The '148 and '890 patents also are at issue in two declaratory judgment actions currently pending in this court, *HTC Corp. et al. v. Tech. Props. Ltd. et al.* (C 08-00877 JF) and *Asustek Computer Inc. v. Tech. Props. Ltd. et al.* (C 08-00884 JF), which have been designated as related to the instant case. HTC and TPL stipulated to HTC's amendment of its complaint to add the '148 and '890 patents. The Asustek case apparently has settled, but no dismissal has been filed. A third declaratory judgment action, *Barco N.V. v. Tech. Props. Ltd. et al.* (C 08-5398 JF), was filed on December 1, 2008 and was designated as related to the three other pending actions on December 17, 2008. Barco's operative complaint includes the '890 patent.

1  complaint because they are part of the MMP patent family and thus were part of the licensing
2  dispute that led to the filing of the instant declaratory judgment action.  TPL further asserts that
3  even if the two additional patents were not in dispute originally, months have passed since the
4  patents first were asserted in the Eastern District of Texas and Acer's motion to amend thus is
5  untimely.  Finally, TPL argues that even if the instant motion is not untimely, it should be denied
6  nonetheless because of the parallel litigation in Texas and the likelihood that the Texas litigation
7  will be transferred to this Court eventually, mooting the need to amend the complaint.

8      TPL's arguments are contrary to the facts and controlling law.  First, Acer has presented
9  evidence indicating that the '148 and '890 patents were not at issue during licensing negotiations;
10 in fact, other MMP patents were discussed and it was those patents Acer asserted in its original
11 request for declaratory relief.  In addition, the record reflects that Acer has been diligent in trying
12 to reach an agreement to amend the complaint.  Finally, the factors relevant to whether the Court
13 should grant leave all favor amendment.  There is no prejudice to TPL as the instant action still is
14 in the early stages of litigation.  If the pending litigation in the Eastern District of Texas is
15 transferred to this Court or dismissed, judicial economy will be served by allowing amendment
16 of the complaint now so that the '148 and '890 patents are subject to the same case management
17 schedule as the other patents at issue.  Accordingly, Acer will be granted leave to file a first
18 amended complaint.

### IV.  ORDER

20     Good cause therefor appearing, IT IS HEREBY ORDERED that Acer's motion for leave
21 to file a first amended complaint is GRANTED.

24 DATED:  February 4, 2009

                                                    _____
                                                    JEREMY FOGEL
                                                    United States District Judge

3

1  This order has been served upon the following persons:
   Eugene Y. Mar     emar@fbm.com, calendar@fbm.com, mclaros@fbm.com

2  

3  Harold H. Davis , Jr    harold.davis@klgates.com, cathy.williams@klgates.com, chanell.yates@klgates.com, patricia.wiggins@klgates.com

4  Helen E. Dutton     hdutton@fbm.com, calendar@fbm.com, mzappas@fbm.com

5  Jack Slobodin     jlslobodin@yahoo.com

6  Jas S Dhillon     jas.dhillon@klgates.com, jas.dhillon@klgates.com, james.boston@klgates.com

7  Jeffrey M. Fisher     jfisher@fbm.com, calendar@fbm.com, renterig@fbm.com, wpemail@fbm.com

8  

9  John L. Cooper     jcooper@fbm.com, brestivo@fbm.com, calendar@fbm.com

10 Kyle Dakai Chen     kchen@whitecase.com, dleverton@whitecase.com, gohlsson@whitecase.com

11 Mark R. Weinstein     mweinstein@whitecase.com, mkenny@whitecase.com

12 Samuel Citron O'Rourke     eupton@whitecase.com

13 Timothy Paar Walker     timothy.walker@klgates.com, carol.ridgeway@klgates.com, perry.brooks@klgates.com

14 

15 William Sloan Coats , III     wcoats@whitecase.com, eupton@whitecase.com, gohlsson@whitecase.com, mkenny@whitecase.com, mlambert@whitecase.com

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 08-0877 JF (HRL)
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
(JFLC1)