1  John L. Cooper (State Bar No. 050324)
   jcooper@fbm.com
2  Jeffrey M. Fisher (State Bar No. 155284)
   jfisher@fbm.com
3  Eugene Y. Mar (State Bar No. 227071)
   emar@fbm.com
4  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
5  San Francisco, CA  94104
   Telephone:  (415) 954-4400
6  Facsimile:  (415) 954-4480

7  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LIMITED
8  and ALLIACENSE LIMITED

9  Charles T. Hoge, Esq. (State Bar No. 110696)
   choge@knlh.com
10 Kirby Noonan Lance & Hoge
   35 Tenth Avenue
11 San Diego, CA  92101
   Telephone:  (619) 231-8666
12 Facsimile:  (619) 231-9593

13 Attorneys for Defendant
   PATRIOT SCIENTIFIC CORPORATION
14

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                      SAN JOSE DIVISION

18 | ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., | Case No.  5:08-cv-00877 JF
19 |                                                          | **DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER**
20 |                Plaintiffs,                               |
   |        v.                                                | Date:    April 14, 2009
21 |                                                          | Time:    10:00 a.m.
   | TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC        | Dept.:   Courtroom 2, 5th Floor
22 | CORPORATION, and ALLIACENSE LIMITED,                     | Before:  The Honorable Howard Lloyd
23 |                                                          |
   |                Defendants.                               |
24

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

23129\1883389.2

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION .................................................................................................. 1

I.   INTRODUCTION ........................................................................................................................ 2

II.  STATEMENT OF FACTS ........................................................................................................... 3

III. LEGAL STANDARD .................................................................................................................. 6

IV.  ARGUMENT ............................................................................................................................... 7

   A.  Giving Madhyasta and Partsch Access to Acer's Highly Confidential Documents Is Appropriate and Necessary to the Defendants' Prosecution of Their Case and Would Cause Acer to Suffer Only Minimal Risk of Any Harmful Inadvertent Disclosure. .......................................................................................... 7

   B.  Acer's Proposed Provision Regarding Treatment of Confidential Documents That Acer Perceives to Be Based Upon Its Own Information Improperly Gives a Party Free Rein to Handle Confidential Documents Any Way It Sees Fit ........................................................................................................ 9

V.   CONCLUSION ........................................................................................................................... 10

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER                              i
Case No. 5:08-cv-00877 JF

23129\1883389.2

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Brown Bag Software v. Symantec Corp.*,
    960 F.2d 1465 (9th Cir. 1992) .................................................................................. 2, 6, 7

*MGP Ingredients, Inc. v. Mars, Inc.*,
    245 F.R.D. 497 (D. Kan. 2007) .......................................................................................... 7

*Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*,
    242 F.R.D. 552 (C.D. Cal. 2007) ........................................................................................ 6

*Pharmachemie v. Pharmacia, Inc.*,
    1998 U.S. Dist. LEXIS 2192 (D. Mass. Jan. 30, 1998) ....................................................... 7

*Phillip Adams & Assocs. v. Dell, Inc.*,
    2006 U.S. Dist. LEXIS 39173 (D. Utah June 12, 2006) ..................................................... 7

*Tailored Lighting, Inc. v. Osram Sylvania Products, Inc.*,
    236 F.R.D. 146 (W.D.N.Y. 2006) ....................................................................................... 7

### FEDERAL RULES

Federal Rules of Civil Procedure
    Rule 26(c) ............................................................................................................................ 6

### LOCAL RULES

Civil Local Rules
    Rule 1-5(n) .......................................................................................................................... 6
    Rule 37-1 ............................................................................................................................. 6

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

ii

23129\1883389.2

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.

PLEASE TAKE NOTICE that at 10:00 am. on April 14, 2009, or as soon thereafter as the matter may be heard before the Honorable Howard R, Lloyd, Magistrate Judge of the United States District Court for the Northern District of California, Courtroom Two, Fifth Floor, 280 South 1st Street, San Jose, CA 95113, Defendants TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED (collectively "Defendants"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, move for entry of a protective order governing discovery. Defendants' and Acer's proposed Protective Orders are attached as Exhibits A & B, respectively, to the supporting declaration of Eugene Y. Mar.

The parties principally disagree on two proposed additions to the Northern District model protective order. First, Defendants requests this Court enter a protective order that allows for disclosure, subject to a strict acknowledgment, of Acer's highly confidential materials to two Alliacense technical in-house employees. These two engineers have litigation responsibilities but do not participate in development of products or patent prosecution. Secondly, Defendants request that the Court preclude the provisions proposed by Acer that would permit a party to unilaterally disregard a confidentiality designation made by the opposing party if it unilaterally deems it to be a derivative, abstract, brief, memoranda, report, analyses, summary, or characterization of its own confidential information.

Defendants' motion is based on the accompanying memorandum of points and authorities, supporting declarations, all pleadings, exhibits and papers on file in this action, and any other matters properly before the Court.

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

# I.   INTRODUCTION

Defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation, and Alliacense Limited (collectively "Defendants") and Plaintiffs Acer, Inc., Acer America Corp., and Gateway Inc. (collectively "Acer") have reached an impasse in their negotiations regarding two specific provisions the parties seek to revise or add to the Northern District model protective order.

The first issue is whether two Alliacense engineers—Divya Madhyasta and Torsten Partsch—who have responsibilities for maintaining and evaluating this patent litigation but who do not participate in the development of products or prosecution of new patents, shall be permitted access to Acer's highly confidential materials. Madhyasta and Partsch have unique technical expertise based on their years of experience with the patented technology and must have access to Acer's highly confidential materials to lend their knowledge and skills to the technical analysis necessary to the management and resolution of this case. They are not competitive decisionmakers under the Ninth Circuit precedent in *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). In addition, they are willing to execute strict acknowledgments of the protective order that prohibit their ability to use, share or communicate the substance of Acer's highly confidential materials with anyone who prosecutes patents or develops products. Precluding the Defendants' access to Acer's highly confidential materials prejudices their ability to prosecute their case. In contrast, there is minimal risk that there would be any inadvertent disclosure of confidential information, particularly in light of the strict acknowledgments the engineers are willing to make under oath.

The parties also disagree about the propriety of Acer's proposed paragraph 7.5, which would permit a party to freely distribute confidential documents it unilaterally deems to be an abstract, derivative, summary, analysis, report, or characterization of its own confidential information. Such unfettered power in the hands of a receiving party creates a risk that Acer could distribute TPL-designated confidential documents simply because Acer perceives these documents to be derivatives or analyses of Acer's confidential documents. TPL would have no knowledge of influence on any such decision and distribution of its sensitive information. Acer's

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER                 2
Case No. 5:08-cv-00877 JF

23129\1883389.2

1  proposal also circumvents procedures already in place in the model protective order for

2  challenging confidentiality designations should a dispute arise about whether Acer could

3  distribute or share a TPL-designated confidential document.

4      Despite the parties' extensive meet-and-confer efforts, Defendants and Acer have not been

5  able to resolve these two outstanding issues related to the protective order. As a result,

6  Defendants respectfully requests the Court resolve these disputes and adopt its proposed

7  Protective Order (attached as Exh. A to Mar Declaration).

## II.  STATEMENT OF FACTS

9      Through the parties' meet-and-confer efforts, Defendants and Acer have adopted and

10 slightly modified the Northern District model protective order to fit their needs in this case.

11 However, there are two areas where the parties have been unable to resolve their disagreement.

12 First, Defendants seeks to amend paragraph 7.3 to permit the disclosure of highly confidential

13 material that would be tightly controlled and limited to two Alliacense engineers whose primary

14 responsibilities are to assist with the technical analysis for licensing and enforcing patents from

15 TPL's patent portfolio. Meanwhile, Acer proposes a new paragraph 7.5 that governs a party's

16 ability to freely treat and handle confidential documents, including those prepared by the adverse

17 party, it unilaterally decides to be an abstract, summary and derivative of its own confidential

18 information.

19     The parties agree that "Highly Confidential" information is defined to be "extremely

20 sensitive 'Confidential Information or Items' whose disclosure to another Party or nonparty

21 would create a substantial risk of serious injury that could not be avoided by less restrictive

22 means." Mar Decl. Exh. A at ¶ 2.4. Defendants' only amendment to paragraph 7.3 seeks to

23 permit disclosure of Acer's highly confidential materials to "the employees of the Receiving

24 Party (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and

25 who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A)." *Id.* at ¶ 7.3(b).

26     "Employee of the Receiving Party" is defined as follows:

27         A person who is an employee of the receiving party who assists
        with evaluating or maintaining this litigation and who is not
28         involved with patent prosecution or the technical research and

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

3

23129\1883389.2

>development of products.  For the avoidance of doubt, this person will not be barred from providing general business advice to the receiving party.

*Id.* at ¶ 2.12.  As discussed below, Defendants seek to have two Alliacense engineers, Divya Madhyasta and Torsten Partsch, designated as the specific "Employee(s) of the Receiving Party" who would receive access to highly confidential materials.  Alliacense is the corporate entity whose sole responsibility is to license and enforce certain patent portfolios including the Moore Microprocessor patents at issue in this case.  Alliacense does not manufacture or sell any products.  *Id.*

Acer has objected to giving the pre-defined Employee of the Receiving Party access to its highly confidential documents as set forth in Defendants' proposed paragraph 7.3.  Acer's objection to Defendants' proposal appears to be based on unsubstantiated and speculative fear that these Alliacense employees who do not participate in the technical research and development of products or prosecution of new patents would improperly disclose Acer's highly confidential information to members, directors, or officers of Defendants in violation of the protective order.  To facilitate full understanding and minimize any risk of inadvertent disclosures, the two Alliacense engineers will execute strict acknowledgments of the protective order that detail their job responsibilities while prohibiting their sharing or communicating of any highly confidential materials with any members from TPL.  In addition, Acer asserts that Defendants have not demonstrated why the Alliacense employees, who have responsibilities for managing or evaluating this litigation, must have access to Acer's highly confidential information.  As discussed below, Madhyasta and Partsch play critical roles in evaluating this litigation and assisting with the technical analysis.  If they are prevented from accessing Acer's highly confidential materials, Alliacense will be precluded from effectively managing the litigation and the prejudicial harm placed on Defendants' prosecution of its claim will far outweigh the speculative risk of inadvertent disclosure of Acer's highly confidential information.

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

4

23129\1883389.2

The parties have also been unable to reach an agreement with regard to Acer's proposed insertion of paragraph 7.5 entitled "Treatment of Party or Third-Party's Own Information or Analyses of Own Information." Acer's proposal is reproduced in full below:

> 7.5   <u>Treatment of Party or Third-Party's Own Information or Analyses of Own Information</u>. Nothing herein shall restrict a party with respect to the treatment and handling of its own information or of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to a party's own information. For example, nothing herein shall restrict a party from having access to designated materials that it produced in discovery or from having access to portions of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to the designated materials that the party has produced in discovery. A party shall be permitted to have access to portions of any expert reports, testimony or court filings that address the party's own designated materials. Similarly, nothing herein shall restrict a party from sharing with a third-party information that appears to be from or belong to that third-party or any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to that third-party's information. For example, a party may share with a third-party designated materials that appear to belong to that third party and portions of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to the designated materials that appear to belong to that third party. The receiving party may prepare appropriate redacted versions of materials designated under this Order that refer to a party or third-party's own information to allow a party or third-party to have access to materials that refer to that party's own information. Additionally, any document or information containing portions of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to a party's or third-party's designated materials may be shown, by counsel for a party in this action, to any current employee, consultant, witness, or representative of the party or third-party that created, owns or produced the document or information so designated, during the deposition of that current employee, consultant, witness, or representative. Further, any document or information containing portions of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to a party's or third-party's designated materials may be shown, by counsel for a party in this action, to any former employee, consultant, witness, or representative, if the document or information so designated was in existence during the period of such individual's relationship with the party or third-party that created, owned or produced the document or information so designated.

*Id.* Exh. B at ¶ 7.5. Acer claims this provision is necessary to efficiently handle any document a it unilaterally perceives to be somehow based on its own confidential information and prevent

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

5

23129\1883389.2

Defendants from obstructing Acer's handling of such documents. Defendants objects to the inclusion of this provision because it permits a receiving party to dispense or share confidential documents it *unilaterally* deems to be a derivative, abstract, report, analysis, summary, or characterization of its own or a third-party's confidential information. Also, nothing in the model Northern District protective order attempts to control how a party handles or utilizes its own designated confidential documents, so the inclusion of this overbroad provision is superfluous in that regard and vitiates any confidentiality designations made by Defendants. Finally, Acer's lengthy and complex provision circumvents procedures already in place in the Northern District model protective order for challenging confidentiality designations. *Id.* Exh. A at ¶ 6.

The Defendants attempted to continue the meet-and-confer discussions with Acer in the days leading up to the filing of this motion to further understand and negotiate the protective order terms raised in this motion. Specifically, the Defendants wanted to discuss whether Acer would be amenable to the Defendants' proposed addition to paragraph 7.3 if they executed strict acknowledgment found in Exhibit A to the Mar Declaration or if Acer would alter the language of that acknowledgment. In addition, the Defendants also sought to discuss with Acer whether (i) they would be willing to narrow Acer's proposed paragraph 7.5 or (ii) enter into a restrictive, confidentiality agreement with the third-party vendors with whom Acer would share information under paragraph 7.5. Unfortunately, Acer insisted on discussing these issues by e-mail only and repeatedly declined to meet-and-confer telephonically pursuant to Civil L.R. 1-5(n) & 37-1. Having no choice, the Defendants set forth their ideas in an e-mail on Friday, March 6. Refusing to discuss by telephone, Acer declined all of the Defendants' proposals by e-mail. *Id.* at ¶ 4.

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), parties may seek the entry of a protective order governing discovery in a case. "Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). "These protective orders represent judicial efforts to strike a proper balance between the philosophy of full disclosure of

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER                    6
Case No. 5:08-cv-00877 JF

23129\1883389.2

1  relevant information and the need for reasonable protection against harmful side effects, such as

2  the risk that disclosure will result in competitive harm." *Nutratech, Inc. v. Syntech (SSPF)*

3  *Intern., Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (internal quotations omitted). "In weighing

4  these competing interests, courts are not aided by conclusory allegations of harm unsubstantiated

5  by specific examples or articulated reasoning." *Tailored Lighting, Inc. v. Osram Sylvania*

6  *Products, Inc.*, 236 F.R.D. 146, 148 (W.D.N.Y. 2006).

7        When evaluating whether an in-house counsel should have access to confidential

8  materials, "a court should examine the factual circumstances of any counsel's relationship to the

9  party demanding access." A crucial factor in the *U.S. Steel* case was whether in-house counsel

10 was involved in competitive decisionmaking; that is, advising on decisions about pricing or

11 design made in light of similar or corresponding information about a competitor. *Brown Bag*, 960

12 F.2d at 1470 (internal quotations omitted). Courts have applied the same standard to evaluating

13 whether in-house personnel should receive access to confidential materials. *See, e.g., MGP*

14 *Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 501 (D. Kan. 2007); *Phillip Adams & Assocs. v.*

15 *Dell, Inc., et al.*, No. 1:05-cv-64 TS, 2006 U.S. Dist. LEXIS 39173, at *16-17 (D. Utah June 12,

16 2006).

17 **IV.**    **ARGUMENT**

18     **A.**    **Giving Madhyasta and Partsch Access to Acer's Highly Confidential Documents Is Appropriate and Necessary to the Defendants' Prosecution of Their Case and**
19         **Would Cause to Suffer Only Minimal Risk of Any Harmful, Inadvertent Disclosure.**

20       Courts have regularly recognized that in-house technical employees like Madhyasta and

21 Partsch can be given access to an opposing party's confidential materials in order to avoid

22 prejudicing a party's ability to prosecute its case. In *Pharmachemie v. Pharmacia, Inc.*, the Court

23 recognized, in granting Pharmachemie's in-house technical employee access to confidential

24 materials, that "Protective Orders in most patent cases allow corporate technical employees,

25 including support staff, to have access to 'confidential' information." Case No. 95-40085-NMG,

26 1998 U.S. Dist. LEXIS 2192, at *8 (D. Mass. Jan. 30, 1998). The Court further acknowledged

27 that "[i]t would be very difficult for Pharmachemie to prosecute this patent case without having

28

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

7

23129\1883389.2

1  the ability to consult one of its technical employees to assist counsel by evaluating 'confidential'
2  information produced by Pharmacia." *Id.* at *7-8; *see also MGP Ingredients*, 245 F.R.D. at 501-
3  502 (upholding a magistrate judge's ruling permitting in-house scientists to have access to
4  confidential materials from the other party).

5  Similar to the in-house engineers in *Pharmachemie & MGP Ingredients*, the two
6  Alliacense in-house engineers require access to Acer's highly confidential materials because they
7  have specialized, technical knowledge that would uniquely qualify them to assist with the
8  infringement analysis in this case. These two Alliacense engineers are intimately familiar with
9  the technology found in the patents-in-suit from their experience working for Alliacense, and this
10 familiarity with the technology cannot be completely replicated. *See* Madhyasta Decl. at ¶ 3 &
11 Partsch Decl. at ¶ 5. Their primary responsibility within Alliacense is to assist with the
12 evaluation and development of litigation strategy at a technical level. Madhyasta Decl. at ¶ 2 &
13 Partsch Decl. at ¶ 3. Their expertise in this area of microprocessor technology presents
14 substantial cost-saving opportunities for the Defendants while maximizing the efficiencies in the
15 litigation process by reducing the reliance on outside experts and consultants. For instance,
16 Partsch is the inventor on 37 issued U.S. patents relating to memory chip technology, including
17 chip architecture and chip interfaces with DRAM memory. Partsch Decl. at ¶ 4.

18 In this instance, there are even greater protections in place that further minimize the risk
19 of any harm resulting from the disclosure of Acer's highly confidential materials to these in-
20 house engineers. As stated in their declarations, Madhyasta and Partsch do not participate in any
21 prosecution of new patents and are not involved in the research and development of any products.
22 Madhyasta Decl. at ¶ 5 & Partsch Decl. at ¶ 6. These engineers are willing to sign an
23 acknowledgment that promises they would not convey, transfer, or communicate the substance of
24 any highly confidential materials designated by Acer to any director, officer, or member of TPL,
25 the corporate entity responsible for making and selling products that embody the patents-in-suit.
26 Madhyasta Decl. at ¶ 6 & Partsch Decl. at ¶ 7.

27 Madhyasta and Partsch are only employed by Alliacense and do not hold any roles with
28 TPL. Madhyasta Decl. at ¶ 1 & Partsch Decl. at ¶ 1. Alliacense is a distinct California limited

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER                    8
Case No. 5:08-cv-00877 JF

23129\1883389.2

liability corporation devoted to the licensing and enforcement of some of TPL's patent portfolio. As such, Alliacense does not compete with Acer in the product marketplace. For all the reasons set forth above and in the attached declarations, Madhyasta and Partsch are not competitive decisionmakers as defined by *Brown Bag*. Because the risk of any inadvertent disclosure is minimal, Acer cannot justifiably prevent these two Alliacense in-house engineers from accessing its highly confidential documents without severely prejudicing the Alliacense's efforts to prosecute the merits of its claims.

**B. Acer's Proposed Provision Regarding a Party's Treatment of Confidential Documents It That Acer Perceives to Be Based Upon Its Own Information Improperly Empowers Gives a Party Free Rein to Handle Confidential Documents Any Way It Sees Fit.**

By allowing a party to unilaterally decide whether a confidential document is a derivative, abstract, report, analysis, summary, or characterization of a party's own confidential information, Acer's proposed paragraph 7.5 threatens to render the other confidentiality provisions of the protective order meaningless. In addition, Acer's proposal adds an unnecessary layer of complexity and confusion given that the Northern District model protective order already contains a procedure for challenging confidentiality designations. *See* Mar Decl. Exh. A at ¶ 6. In light of these deficiencies, Defendants requests the Court preclude Acer from adding its proposed paragraph 7.5 into the protective order for this case.

Acer's overbroad provision sweeps in many types of confidential documents and improperly allows the receiving party to freely distribute these confidential documents within its own company or to its former employees so long as the receiving party decides on its own, without any standards or means for review, that the confidential documents are based on its own confidential information. *Id.* Exh. B at ¶ 7.5 ("Nothing herein shall restrict a party with respect to the treatment and handling of its own information or of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to a party's own information."). Similarly, Acer's provision also permits the receiving party to freely distribute confidential documents to third parties if the receiving party determines that the confidential documents "refer to the designated materials that appear to belong to that third party." *Id.* By permitting the receiving party to unilaterally decide whether a confidential

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

9

23129\1883389.2

1  document is or constitutes an abstract or derivative of its own confidential information or a third-
2  party's confidential information, Acer's proposal removes a designating party's ability to protect
3  its own confidential information or analysis that may be encompassed in a given confidential
4  document.

5  For example, Defendants may designate a report as confidential under the protective order
6  because it contained confidential information belonging to Defendants and Acer. Under Acer's
7  proposal, Acer could decide unilaterally that this report only reflected or is an abstract of its own
8  confidential information and distribute it freely to its own current or former employees. Worse
9  yet, this proposed provision permits Acer to decide that a report contained information belonging
10 to a third-party and share the confidential report with that third-party. The provision provides no
11 means by which Defendants could object or intervene before incurring the harm from such a
12 disclosure.

13 In contrast, the existing provisions of the model protective order, which are agreed-upon
14 by the parties in this case, adequately address Acer's concerns. First, nothing in the protective
15 order controls how a party utilizes or handles its own designated confidential documents. In
16 addition, if a receiving party challenges a confidential designation placed upon a document,
17 paragraphs 6.1-6.3 (under the heading of "Challenging Confidentiality Designations") of the
18 model protective order set forth a procedure, including a meet-and-confer process and judicial
19 intervention, if necessary, for resolving these disputes. The procedure found in the model
20 protective order ensures that all parties involved have an opportunity to discuss and resolve the
21 issue prior to the disclosure of the confidential material in question. Acer's proposal threatens to
22 circumvent this procedure by placing all the power within the receiving party.

23 **V.  <u>CONCLUSION</u>**

24 For the reasons set forth above, Defendants respectfully request the Court enter
25 Defendants' proposed protective order (attached as Exh. A to the Mar Declaration) and preclude
26 Acer from inserting its proposed paragraph 7.5

27
28

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

10

23129\1883389.2

| | | |
|---|---|---|
| 1 | Dated: March 10, 2009 | FARELLA BRAUN & MARTEL LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ John L. Cooper |
| | | John L. Cooper |
| 5 | | Attorneys for Defendants |
| 6 | | TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED |
| 7 | Dated: March 10, 2009 | |
| 8 | | KIRBY NOONAN LANCE & HOGE, LLP |
| 9 | | |
| 10 | | By: /s/ Charles T. Hoge |
| | | Charles T. Hoge |
| 11 | | Attorneys for Defendant |
| 12 | | PATRIOT SCIENTIFIC CORPORATION |

Farella Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
Case No. 5:08-cv-00877 JF

11

23129\1883389.2