** E-filed 06/16/09 **

| | |
|---|---|
| 1 | Timothy P. Walker (SBN 105001)<br>timothy.walker@klgates.com | John L. Cooper (State Bar No. 050324)<br>jcooper@fbm.com |
| 2 | Harold H. Davis, Jr. (SBN 235552)<br>harold.davis@klgates.com | Jeffrey M. Fisher (State Bar No. 155284)<br>jfisher@fbm.com |
| 3 | Holly Hogan (SBN 238714)<br>holly.hogan@klgates.com | Farella Braun & Martel LLP<br>235 Montgomery Street, 17th Floor |
| 4 | Jas Dhillon (SBN 252842)<br>jas.dhillon@klgates.com | San Francisco, CA  94104<br>Telephone:  (415) 954-4400 |

1  Timothy P. Walker (SBN 105001)
   timothy.walker@klgates.com
2  Harold H. Davis, Jr. (SBN 235552)
   harold.davis@klgates.com
3  Holly Hogan (SBN 238714)
   holly.hogan@klgates.com
4  Jas Dhillon (SBN 252842)
   jas.dhillon@klgates.com
5  **K&L GATES LLP**
   Four Embarcadero Center, Suite 1200
6  San Francisco, CA 94111-5994
   Telephone: 415.882.8200
7  Facsimile: 415.882.8220

8  Attorneys for Plaintiffs ACER, INC., ACER
   AMERICA CORPORATION and
9  GATEWAY, INC.

John L. Cooper (State Bar No. 050324)
jcooper@fbm.com
Jeffrey M. Fisher (State Bar No. 155284)
jfisher@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

Charles T. Hoge, Esq. (State Bar No. 110696)
choge@knlh.com
Kirby Noonan Lance & Hoge
35 Tenth Avenue
San Diego, CA  92101
Telephone:  (619) 231-8666
Facsimile:  (619) 231-9593

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA<br>CORPORATION and GATEWAY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED,<br>PATRIOT SCIENTIFIC CORPORATION, and<br>ALLIACENSE LIMITED,<br><br>Defendants. | Case No.  5:08-cv-00877 JF<br><br>~~[PROPOSED]~~ STIPULATED<br>**PROTECTIVE ORDER<br>AS AMENDED BY THE COURT** |

WHEREAS, Plaintiffs Acer Inc., Acer America Corp. and Gateway, Inc. (collectively

"Plaintiffs") and Defendants Technology Properties Limited, Patriot Scientific Corporation and

Alliacense Limited LLC ( collectively "Defendants"), by and through their respective counsel of

record, hereby **STIPULATE AND AGREE** that the Court may enter the following order:

**STIPULATED PROTECTIVE ORDER**

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).  <u>Further, pursuant to this Court's May 14, 2009 Order, the only portions of Defendants' Preliminary Infringement Contentions that should be treated as "confidential" are what defendants crafted themselves (*i.e.* any reverse-engineering reports, etc.) as well as whatever works, notes, markings, highlighting, conclusions or observations they added to the Preliminary Infringement Contentions documents.</u>

2

2.4   <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12   <u>Employee of the Receiving Party</u>:  a person who is an employee of the receiving party who assists with evaluating or maintaining this litigation and who is not involved with patent prosecution or the technical research and development of products.  For the avoidance of

3

1    doubt, this person will not be barred from providing general business advice to the receiving

2    party.

3    **3.      SCOPE**

4           The protections conferred by this Stipulation and Order cover not only Protected Material

5    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

6    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

7    parties or counsel to or in court or in other settings that might reveal Protected Material.

8    **4.      DURATION**

9           Even after the termination of this litigation, the confidentiality obligations imposed by

10   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

11   order otherwise directs.  **For a period of six months after final termination of this action, this court shall retain jurisdiction to enforce the terms of this order.**

12   **5.      DESIGNATING PROTECTED MATERIAL**

13          5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party

14   or non-party that designates information or items for protection under this Order must take care

15   to limit any such designation to specific material that qualifies under the appropriate standards.

16   A Designating Party must take care to designate for protection only those parts of material,

17   documents, items, or oral or written communications that qualify so that other portions of the

18   material, documents, items, or communications for which protection is not warranted are not

19   swept unjustifiably within the ambit of this Order.

20          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

21   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

22   unnecessarily encumber or retard the case development process, or to impose unnecessary

23   expenses and burdens on other parties), expose the Designating Party to sanctions.

24          If it comes to a Party's or a non-party's attention that information or items that it

25   designated for protection do not qualify for protection at all, or do not qualify for the level of

26   protection initially asserted, that Party or non-party must promptly notify all other parties that it

27   is withdrawing the mistaken designation.

28

4

1    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

2    (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

3    material that qualifies for protection under this Order must be clearly so designated before the

4    material is disclosed or produced.

5    Designation in conformity with this Order requires:

6    (a)    <u>for information in documentary form</u> (apart from transcripts of depositions

7    or other pretrial or trial proceedings), that the Producing Party affix the legend

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each

9    page that contains protected material. If only a portion or portions of the material on a page

10   qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

11   (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

12   level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

13   — ATTORNEYS' EYES ONLY").

14   A Party or non-party that makes original documents or materials available for

15   inspection need not designate them for protection until after the inspecting Party has indicated

16   which material it would like copied and produced. During the inspection and before the

17   designation, all of the material made available for inspection shall be deemed "HIGHLY

18   CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified

19   the documents it wants copied and produced, the Producing Party must determine which

20   documents, or portions thereof, qualify for protection under this Order, then, before producing

21   the specified documents, the Producing Party must affix the appropriate legend

22   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on

23   each page that contains Protected Material. If only a portion or portions of the material on a

24   page qualifies for protection, the Producing Party also must clearly identify the protected

25   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

26   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

27   CONFIDENTIAL - ATTORNEYS' EYES ONLY").

28

1          (b)     for testimony given in deposition or in other pretrial or trial proceedings,

2   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

3   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

4   any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS'

5   EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

6   entitled to protection, and when it appears that substantial portions of the testimony may qualify

7   for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

8   the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

9   identify the specific portions of the testimony as to which protection is sought and to specify the

10   level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

11   ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

12   designated for protection within the 20 days shall be covered by the provisions of this Stipulated

13   Protective Order.

14          Transcript pages containing Protected Material must be separately bound by the

15   court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

16   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or

17   nonparty offering or sponsoring the witness or presenting the testimony.

18          (c)     for information produced in some form other than documentary, and for

19   any other tangible items, that the Producing Party affix in a prominent place on the exterior of

20   the container or containers in which the information or item is stored the legend

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only

22   portions of the information or item warrant protection, the Producing Party, to the extent

23   practicable, shall identify the protected portions, specifying whether they qualify as

24   "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

25      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

26   designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'

27   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

28   under this Order for such material.  If material is appropriately designated as "Confidential" or

1  "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the

2  Receiving Party, on timely notification of the designation, must make reasonable efforts to

3  assure that the material is treated in accordance with the provisions of this Order.

4  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5      6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's

6  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

7  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

8  waive its right to challenge a confidentiality designation by electing not to mount a challenge

9  promptly after the original designation is disclosed.

10      6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating

11  Party's confidentiality designation must do so in good faith and must begin the process by

12  conferring **directly (in a voice-to-voice dialogue; other forms of communication are not
sufficient)** with counsel for the Designating Party. In conferring, the challenging Party must

13  explain the basis for its belief that the confidentiality designation was not proper and must give

14  the Designating Party an opportunity to review the designated material, to reconsider the

15  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

16  designation. A challenging Party may proceed to the next stage of the challenge process only if

17  it has engaged in this meet and confer process first.

18      6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality

19  designation after considering the justification offered by the Designating Party may file and

20  serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

21  applicable) that identifies the challenged material and sets forth in detail the basis for the

22  challenge. Each such motion must be accompanied by a competent declaration that affirms that

23  the movant has complied with the meet and confer requirements imposed in the preceding

24  paragraph and that sets forth with specificity the justification for the confidentiality designation

25  that was given by the Designating Party in the meet and confer dialogue.

26      The burden of persuasion in any such challenge proceeding shall be on the

27  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

28  material in question the level of protection to which it is entitled under the Designating Party's

1  original designation.

2  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

3      7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

4  or produced by another Party or by a non-party in connection with this case only for prosecuting,

5  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

6  to the categories of persons and under the conditions described in this Order.  When the

7  litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

8  below (FINAL DISPOSITION).

9          Protected Material must be stored and maintained by a Receiving Party at a

10  location and in a secure manner that ensures that access is limited to the persons authorized

11  under this Order.

12      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

13  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

14  disclose any information or item designated CONFIDENTIAL only to:

15          (a)    the Receiving Party's Outside Counsel of record in this action, as well as

16  employees of said Outside Counsel to whom it is reasonably necessary to disclose the

17  information for this litigation and who have signed the "Agreement to Be Bound by Protective

18  Order" that is attached hereto as Exhibit A;

19          (b)    the officers, directors, and employees of the Receiving Party (as defined in

20  this Order) to whom disclosure is reasonably necessary for this litigation and who have signed

21  the "Agreement to Be Bound by Protective Order" (Exhibit A);

22          (c)    experts (as defined in this Order) of the Receiving Party to whom

23  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

24  Bound by Protective Order" (Exhibit A);

25          (d)    the Court and its personnel;

26          (e)    court reporters, their staffs, ~~a jury,~~ and professional vendors to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

28  Bound by Protective Order" (Exhibit A);

8

1         (f)    during their depositions, witnesses in the action to whom disclosure is

**and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).**

2 reasonably necessary^ Pages of transcribed deposition testimony or exhibits to depositions that

3 reveal Protected Material must be separately bound by the court reporter and may not be

4 disclosed to anyone except as permitted under this Stipulated Protective Order;

5         (g)    the author or recipient of the document or the original source of the

6 information;

7         (h)    officers, directors, and employees of the Designating Party; and

8         (i)    manufacturers, vendors, or suppliers of the component parts identified in

9 Defendants' Preliminary Infringement Contentions, pursuant to this Court's May 14, 2009 Order,

10 who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

11     7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

12 Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

13 Designating Party, a Receiving Party may disclose any information or item designated

14 "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

15         (a)    the Receiving Party's Outside Counsel of record in this action, as well as

16 employees of said Outside Counsel to whom it is reasonably necessary to disclose the

17 information for this litigation and who have signed the "Agreement to Be Bound by Protective

18 Order" that is attached hereto as Exhibit A;

19         (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

20 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

21 Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

22 been followed;

23         (c)    the Court and its personnel;

24         (d)    court reporters, their staffs, ~~a jury,~~ and professional vendors to whom

25 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

26 Bound by Protective Order" (Exhibit A); and

27         (e)    the author or recipient of the document or the original source of the

28 information.

9

1    7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL—

2 ATTORNEYS' EYES ONLY" Information or Items to "Experts".

3             (a)    Unless otherwise ordered by the court or agreed in writing by the

4 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

5 information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

6 EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

7 HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to

8 the Expert, (2) attaches a copy of the Expert's current resume which identifies the full name of

9 the Expert and the city and state of his or her primary residence, the name of the expert's current

10 Employer and Employers for the past 10 years, and (3) a copy of the Agreement to Be Bound by

11 Protective Order" (Exhibit A) signed by the Expert.

12             (b)    A Party that makes a request and provides the information specified in the

13 preceding paragraph must refrain from providing such material to the Expert for a period of five

14 business days to permit the Designating Party to file a written objection to the disclosure and, if

15 necessary seek a protective order.  Any such objection must set forth in detail the grounds on

16 which it is based.  If the Designating Party fails to make a written objection within five business

17 days, the Receiving Party may disclose the specifically identified "HIGHLY CONFIDENTIAL

18 — ATTORNEYS' EYES ONLY" information or item to its Expert.

19             (c)    A Party that receives a timely written objection must meet and confer with

20 the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the
   ^(through direct voice-to-voice dialogue)

21 Party opposing disclosure to the Expert may file a motion, within three days of filing the

22 objection, as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

23 applicable) seeking an order from the court barring such disclosure.  Any such motion must

24 describe the circumstances with specificity, set forth in detail the reasons for which the

25 disclosure to the Expert is not reasonably necessary, assess the risk of harm that the disclosure

26 would entail and suggest any additional means that might be used to reduce that risk.  In

27 addition, any such motion must be accompanied by a competent declaration in which the movant

28 describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content

10

of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

11

1   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

2   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

3   this Order, and (d) request such person or persons to execute the "Acknowledgment and

4   Agreement to Be Bound" that is attached hereto as Exhibit A.

5   **10.    FILING PROTECTED MATERIAL**

6          Without written permission from the Designating Party or a court order secured after

7   appropriate notice to all interested persons, a Party may not file in the public record in this action

8   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

9   with Civil Local Rule 79-5.

10   **11.    FINAL DISPOSITION**

11          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

12   after the final termination of this action, each Receiving Party must return or destroy all

13   Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

14   includes all copies, abstracts, compilations, summaries or any other form of reproducing or

15   capturing any of the Protected Material.  With permission in writing from the Designating Party,

16   the Receiving Party may destroy some or all of the Protected Material instead of returning it.

17   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

18   written certification to the Producing Party (and, if not the same person or entity, to the

19   Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

20   the Protected Material that was returned or destroyed and that affirms that the Receiving Party

21   has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

22   capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are

23   entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

24   correspondence or attorney work product, even if such materials contain Protected Material.

25   Any such archival copies that contain or constitute Protected Material remain subject to this

26   Protective Order as set forth in Section 4 (DURATION), above.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No.  5:08-cv-00877 JF

1

## 12.   PRIVILEGED DOCUMENTS

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not have been but is nevertheless inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, such party shall promptly return, sequester, or destroy the specified information and any copies it has. The Receiving Party must take reasonable steps to retrieve the specified information if the party disclosed it before being notified. Such information shall not be used by the Receiving Party for any purpose other than in connection with a motion to compel (which shall be filed under seal). The party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

## 13.   MISCELLANEOUS

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13

1    **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD:

2

3    Dated: June 4, 2009                        K&L GATES

4

5    By:_____
                                             Harold H. Davis

6                                            Attorneys for Plaintiffs ACER, INC.,
                                             ACER AMERICA CORPORATION and
7                                            GATEWAY, INC.

8    Dated: June 4, 2009                        FARELLA BRAUN & MARTEL LLP

9

10   By:_____
                                             John L. Cooper
11

12                                           Attorneys for Defendants
                                             TECHNOLOGY PROPERTIES LIMITED
13                                           and ALLIACENSE LIMITED

14

15   Dated: June 4, 2009                        KIRBY NOONAN LANCE & HOGE

16

17   By:_____
                                             Charles T. Hoge
18

19                                           Attorneys for Defendants
                                             PATRIOT SCIENTIFIC CORPORATION

20   PURSUANT TO STIPULATION IT IS SO ORDERED:

21

22
     Dated: ___June 16, 2009_____
23

24

25   _____
     The Honorable Howard R. Lloyd
26   United States  Magistrate  Judge

27

28

                                 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Acer, Inc., et al. v. Technologies Properties Limited, et al.*, Case No. 05-0877 JF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further understand that the only portions of Defendants' Preliminary Infringement Contentions that should be treated as "confidential" are what defendants crafted themselves (*i.e.* any reverse-engineering reports, etc.) as well as whatever works, notes, markings, highlighting, conclusions or observations they added to the Preliminary Infringement Contentions documents. Accordingly, the publicly available information in Defendants' Preliminary Infringement Contentions, including a third party's own information and data, should not be treated as confidential.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

15

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                    [printed name]

Signature:_____
                    [signature]

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No.  5:08-cv-00877 JF