**E-Filed 6/17/2009**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOTS SCIENTIFIC CORPORATION and ALLIACENSE LIMITED, <br><br> Defendants. | Case Nos. C 08-00882 JF <br>             C 08-00877 JF <br><br> ORDER[1] GRANTING IN PART MOTION TO STAY <br><br> [Re: Docket Nos. 109, 126] |
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOTS SCIENTIFIC CORPORATION and ALLIACENSE LIMITED, <br><br> Defendants. | |

---

[1] This disposition is not designated for publication in the official reports.

Plaintiffs HTC Corporation, HTC America, Acer Inc., Acer America Corporation, and Gateway, Inc. (collectively, "Plaintiffs")[2] move for a stay of proceedings pending reexamination of the patents-in-suit. Defendants Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited (collectively, "TPL"), oppose the motion on grounds of fairness and judicial efficiency.[3] The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on June 12, 2009. For the reasons set forth below, the motion to stay will be granted in part.

**I.  BACKGROUND**

Defendant TPL is the holder of multiple patents covering different aspects of high speed computer microprocessors, including five patents collectively known as the Moore Microprocessor Portfolio (the "MMP patents").[4] In 2005, TPL addressed Plaintiffs of its belief that Plaintiffs' products infringed the MMP patents. Throughout 2006 and 2007, the parties met frequently to discuss a possible licensing agreement. The negotiations proved unsuccessful, and on February 8, 2008, Plaintiffs filed the instant actions for a declaratory judgment of non-infringement and/or invalidity of the five MMP patents. On December 1, 2008, Barco filed a separate action for a declaratory judgment of non-infringement and/or invalidity of three of the MMP patents.[5] On December 18, 2008, this Court ordered that the Barco case be related to the instant Acer and HTC cases.

As of April 30, 2009, a total of eleven reexamination proceedings had been initiated against the five MMP patents in the United States Patent and Trademark Office ("USPTO").

---

[2] Unless otherwise noted, for purposes of the instant motions the postures of each Plaintiff essentially is the same.

[3] At the hearing, Barco N.V. ("Barco"), the plaintiff in a related case, expressed opposition to Plaintiffs' motion to stay.

[4] The patents-in-suit are U.S. Patent Nos. 5,809,336 ("the '336 patent"); 5,530,890 ("the '890 patent"); 5,440,479 ("the '749 patent"); 6,598,148 ("the '148 patent") and 5,784,584 ("the '584 patent").

[5] Barco seeks a declaratory judgment of non-infringement and invalidity with respects to the '584 patent, the '749 patent, and the '890 patent.

Every claim at issue in the instant action currently is pending reexamination or is the subject of a completed reexamination process. The USPTO has issued a final office action rejecting all of the claims of the '336 patent and has rejected the majority of the asserted claims of the '148 and '548 patents. The USPTO also has granted re-examination with respect to both the '890 and the '749 patents. Plaintiffs seek an indefinite stay of the instant proceedings pending the resolution of the reexamination proceedings.[6]

## II.  DISCUSSION

A court has discretion to stay a case pending reexamination of a patent in the USPTO. *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.,* No. C 06-2252, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007). *See also Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (holding that "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination"). There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination, especially in cases that still are in the initial stages of litigation and where there has been little or no discovery. *ASCII Corp. v. STD Entm't USA, Inc.,* 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). In determining whether to grant a stay, a court should consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Nanometrics,* 2007 WL 627920, at *2.

Plaintiffs argue that a stay is appropriate because all three of the *Nanometrics* factors weigh in favor of a stay. First, they argue that the proceedings still are at an early stage because no trial date has been set, no substantive motions have been filed, no depositions have been noticed or taken, the claim construction hearing has not occurred, and only limited discovery has taken place. Second, they contend that granting a stay will simplify the issues in the instant cases

---

[6] HTC has initiated at least three reexamination proceedings since the parties have filed their briefings with respect to the instant motion. Acer did not request any of the reexamination proceedings. Seven of the eleven reexaminations pending or completed as of April 30, 2009 were filed by defendant parties in a separate and unrelated suit brought by TPL.

because the reexaminations likely will result in either invalidation of the claims or at least a significant narrowing of their scope. Plaintiffs also assert that even if the claims are upheld after reexamination, the Court will benefit from a more thorough prosecution history upon which to base any future claim construction order. Finally, Plaintiffs contend that a stay would not cause undue prejudice to TPL because TPL still may recover damages for any harm caused during the stay. They also assert that TPL will not be hindered from licensing its patents because it has shown that it can do so successfully notwithstanding the pendency of litigation.

TPL argues that this Court should not stay the instant proceedings because in fact it would suffer prejudice, primarily because its main revenue source is the licensing of its patents. TPL claims that staying the proceedings for several years to allow all of the reexaminations to be concluded would impact adversely its negotiations with potential licensees, causing it irreparable monetary and reputational harm. TPL also suggests that Plaintiffs are using the instant motion and reexamination proceedings as a delay tactic and an opportunity to "hedge their bets" by making the same arguments in litigation and during reexamination.

Without prejudice to further consideration of the appropriate timing of the instant cases, the Court concludes that a stay of three months is appropriate. Staying these actions until all of the reexamination proceedings are complete is likely to postpone resolution of the actions by several years. Such a delay would cause significant prejudice to TPL. At the same time, all of the patents-in-suit share the same specification, and the majority of the reexamination proceedings are in advanced stages. As a result, a limited stay may provide additional intrinsic evidence relevant to claim construction. In addition, if the USPTO issues additional office actions that render certain claims invalid or result in amendments after the claim construction order, the Court may revisit that order and amend it accordingly. *See Jack Guttman, Inc. v. Kopykake Enters., Inc.,* 302 F.3d 1352, 1361 (Fed. Cir. 2002) (endorsing the concept of a rolling claim contruction where the district court revisits and alters its interpretation of the claim terms). *See also NeoMagic Corp. v. Trident Microsystems, Inc.,* 287 F.3d 1062, 1069 (Fed. Cir. 2002) (upholding the district court's action in issuing a series of hearings and rulings dealing with respect to claim construction).

### III. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to stay is GRANTED IN PART, and the instant action is stayed until September 18, 2009 or until further order of the Court. Counsel shall appear for a case management conference on September 18, 2009 at 10:30 a.m.

IT IS SO ORDERED.

DATED: June 16, 2009

JEREMY FOGEL
United States District Judge

Case Nos. C 08-00882 (JF); C 08-00877 (JF)
ORDER GRANTING IN PART MOTION TO STAY
(JFEX2)

This Order has been served upon the following persons:

Christoper Lee Ogden   cogden@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

Jack Slobodin   jlslobodin@yahoo.com

Jennifer Yokoyama   jyokoyama@mwe.com

Kyle Dakai Chen   kchen@whitecase.com, jrubalcava@whitecase.com, tlam@whitecase.com

Mark R. Weinstein   mweinstein@whitecase.com, mkenny@whitecase.com

Ronald Frank Lopez   rflopez@nixonpeabody.com, schanana@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

Sushila Chanana   schanana@nixonpeabody.com, carmoore@nixonpeabody.com, crea@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

Taryn Lam   jyokoyama@whitecase.com, tlam@whitecase.com

Wendi Renee Schepler   wschepler@whitecase.com

William Sloan Coats , III   wcoats@whitecase.com, eupton@whitecase.com, mkenny@whitecase.com, mlambert@whitecase.com

Case Nos. C 08-00882 (JF); C 08-00877 (JF)
ORDER GRANTING IN PART MOTION TO STAY
(JFEX2)