**E-Filed 9/10/2010**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.

Plaintiffs,

v.

TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,

Defendants.

Case No. 5:08-cv-00877 JF/HRL

HTC CORPORATION, HTC AMERICA, INC.,

Plaintiffs,

v.

TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,

Defendants.

Case No. 5:08-cv-00882 JF/HRL

BARCO N.V., a Belgian Corporation

Plaintiff,

v.

TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., ALLIACENSE LTD.,

Defendants.

Case No. 5:08-cv-05398 JF/HRL

**ORDER[1] (1) DENYING DEFENDANTS' MOTIONS TO AMEND INFRINGEMENT CONTENTIONS AND (2) DENYING BARCO N.V.'S *EX PARTE* MOTION FOR LEAVE TO FILE A SURREPLY**

Defendants Technology Properties Ltd., Patriot Scientific Corp., and Alliacense, Ltd. (collectively, "TPL") seek leave to amend their invalidity contentions in each of these three related actions. Plaintiffs oppose the motions. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on September 3, 2010. For the reasons set forth below, the motions will be denied.

## I. BACKGROUND

TPL purports to own a collection of five patents, referred to as the Moore Microprocessor Portfolio patents ("MMP patents"), including United States Patent Nos. 5,809,336 ("the '336 patent"), 5,784,584 ("the '584 patent"), 5,440,749 ("the '749 patent"), 6,598,148 ("the '148 patent"), and 5,530,890 ("the '890 patent"). Plaintiffs Acer Inc., Acer America Corporation, and Gateway, Inc. (collectively, "Acer"), HTC Corporation and HTC America, Inc. (collectively, "HTC"), and Barco, N.V. ("Barco") have filed three separate actions, each seeking a judicial declaration that some or all of the MMP patents are invalid and/or not infringed. TPL has counterclaimed for the infringement of most of these patents.[2] Pursuant to Civil Local Rule 3-12, the three actions have been related. The procedural histories of these cases are similar but differ

---

[1] This disposition is not designated for publication in the official reports

[2] Claims with respect to the '584 patent have been dismissed or otherwise resolved.

in some respects.

**A. The Acer action**

Acer filed suit on February 8, 2008, seeking a judicial declaration that the '336, '584, and '749 patents are invalid and/or not infringed. TPL counterclaimed for infringement of the '336 and '749 patents, and it served infringement contentions with respect to those two patents on December 8, 2008. (Decl. of Ratinoff ISO Acer's Opp'n to TPL's Mot. ("Ratinoff Decl."), Ex. 3.) On February 9, 2009, Acer amended its complaint, adding claims for declaratory relief with respect to the '148 and '890 patents. TPL subsequently counterclaimed with respect to those two patents as well; it served preliminary infringement contentions with respect to the '148 and '890 patents on February 11, 2009. (Ratinoff Decl. Ex. 4.) On June 17, 2009, the Court granted in part motions filed by Acer and HTC to stay the action because of developments in the reexamination of several of the MMP patents by the United States Patent and Trademark Office. The '336 patent subsequently emerged from reexamination, and the Court dissolved the stay on February 22, 2010. The parties stipulated that TPL could amend its preliminary infringement contentions with respect to the '336 patent, and TPL served those amended contentions on April 30, 2010.

On May 21, 2010, TPL served proposed amended preliminary infringement contentions with respect to the '749, '148, and '890 patents. (Ratinoff Decl. Ex. 7.) On June 24, 2010, TPL served a corrected copy of its proposed amendments, deleting several of the newly-accused instrumentalities. (Ratinoff Decl. Exhs. 10-11.) Acer contends that the proposed amended infringement contentions add "an aggregate of approximately thirty additional or updated accused products in relation to the '148, '749, and '890 patents, and twelve products sold by TPL that purport to practice the patents-in-suit." (Acer's Opp'n at 5:5-7.) TPL disagrees, contending that the corrected proposed amended infringement contentions add only five newly-accused instrumentalities, four of which previously were accused of infringing other patents. (*See* Ratinoff Decl. Exhs. 10-11.) Acer also claims that the proposed amended infringement contentions assert, for the first time, claim 18 of the '749 patent and claim 3 of the '890 patent.

**B. The HTC action**

On February 8, 2008, HTC filed a complaint seeking a judicial declaration that the ‘336, ‘584, ‘749, and ‘148 patents are invalid and/or not infringed. On July 10, 2008, HTC filed an amended complaint, adding claims with respect to the ‘890 patent. TPL counterclaimed with respect to each patent – except the ‘584 patent – on November 21, 2008, and it served preliminary infringement contentions in December 2008. (HTC’s Opp’n at 2:9-10.) As discussed above, the Court granted motions to stay, and the stay was dissolved on February 22, 2010. TPL served updated preliminary infringement contentions with respect to the ‘336 patent on April 30, 2010. On May 21, 2010, TPL served proposed amended infringement contentions with respect to the ‘749, ‘148, and ‘890 patents. (HTC’s Opp’n at 2:28-3:3). On June 22, 2010, TPL served a corrected copy of its proposed amendments. (HTC’s Opp’n at 3:3-4.) HTC claims that the proposed amended infringement contentions include new allegations with respect to fifteen products accused of infringing the ‘749 patent – ten of which TPL accused previously of infringing other patents and claims – and new allegations with respect to twenty-nine products accused of infringing the ‘890 patent – twenty-five of which TPL accused previously of infringing other claims. (Declaration of Chen ISO HTC’s Opp’n to TPL’s Mot. (“Chen Decl.”) at ¶¶ 3-11.) HTC contends that the products not accused previously of infringing other claims have been on the market since 2007. (Chen Decl. at ¶¶ 3-11.) The proposed amended infringement contentions also assert for the first time claim 3 of the ‘890 patent. (HTC’s Opp’n at 1:16-18.)

**C. The Barco action**

On December 1, 2008, Barco filed a complaint seeking a judicial declaration that the ‘584, ‘749, and ‘148 patents are invalid and/or not infringed. On February 17, 2009, TPL counterclaimed with respect to the ‘749, ‘890, and ‘336 patents, and it served infringement contentions on February 20, 2009. (*See* Barco’s Opp’n at 2:3-4.) On March 26, 2009, TPL filed amended counterclaims with respect to the same three patents. Because the cases are related, the Court stayed the Barco action when it stayed the Acer and HTC actions. The Court dissolved the stay on February 22, 2010. TPL served its amended infringement contentions with respect to the ‘336 patent on April 30, 2010. (Mar Decl. ISO Defendants’ Mot. (“Mar Decl.”) ¶ 2.) On May

21, 2010, TPL served its proposed amended infringement contentions with respect to the '749 and the '890 patents. (Mar Decl. ¶ 3.) Barco contends that the proposed amended infringement contentions seek to add three newly-accused products. (Barco's Opp'n at 1:2-6.) TPL previously accused two of the products of infringing the '336 patent, but it previously has not accused the remaining product of infringing any of the MMP patents. (TPL's Reply at 3 n.4.) All three newly-accused products appear to have been the subject of TPL's "reverse engineering reports," dated December 2008. (Barco's Opp'n at 1:9-24.) Barco also contends that the proposed amended infringement contentions assert seven additional claims (claims 9, 23, and 24 of the '749 patent and claims 2, 3, 7, and 9 of the '890 patent) against products accused previously of infringing only claim 1 on the '749 patent and claim 1 of the '890 patent. (Barco's Opp'n 1:25-2:2.)[3]

**D. The current case management schedule**

While the stay was in place, the parties attended a series of case management conferences for purposes of discussing whether the stay should continue. After the stay was dissolved, but before TPL served its proposed amended infringement contentions, the parties stipulated to the following schedule:

| Event | Deadline |
| --- | --- |
| Last day to file joint claim construction and pre-hearing statement | September 21, 2010 |
| Claim construction discovery cut-off | October 19, 2010 |
| TPL's opening claim construction briefs | November 2, 2010 |
| Plaintiffs' responsive claim construction briefs | November 30, 2010 |
| TPL's reply claim construction briefs | December 14, 2010 |

[3] Barco moves *ex parte* for leave to file a surreply in response to representations included in TPL's reply brief. Pursuant to Civil Local Rule 7-10, a party may file an *ex parte* motion only if a statute, federal rule, local rule, or standing order authorizes such a motion, and the motion must include a citation to the statute, rule, or order that permits the use of an *ex parte* motion to obtain the relief sought. Because Barco's *ex parte* motion does not include such a citation, it will be denied.

| Remaining events | To be determined |
|---|---|

(*See, e.g.,* Case No 5:08-cv-00882-JF/HRL Docket No. 171.)

## II. LEGAL STANDARD

Acer and HTC filed their actions on February 8, 2008. In the version of the Patent Local Rules in effect at that time,[4] Patent Local Rule 3-7 provides that "[a]mendment or modification of the Preliminary or Final Infringement Contentions . . . , other than as expressly permitted in Patent L.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause."[5] The Patent Local Rules were amended effective March 1, 2008. Barco filed its action on December 1, 2008. The version of Patent Local Rule 3-6 effective as of that date provides that:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The Advisory Subcommittee commented that even after March 1, 2008, Patent Local Rule 3-6 would continue to be "regulated by the well-established 'good cause' test." (Patent Local Rules Advisory Subcommittee Report at 2.) Thus, prior cases discussing the concept of "good cause" remain relevant precedent.

Under either version of the Patent Local Rules, TPL must demonstrate good cause, an inquiry that considers first whether the moving party was diligent in amending its contentions

---

[4] An action is governed by the version of the local rules in effect at the time the underlying action is filed. *See Seiko Epson Corp. v. Coretronic Corp.*, No. C 06-06946 MHP, 2008 WL 2563383, at *2 (N.D. Cal. June 23, 2008).

[5] The applicable version of Patent Local Rule 3-6(a) allows a party alleging infringement to amend its infringement contentions without leave of court if the party believes in good faith that the amendment is required by the court's claim construction ruling or documents produced in connection with the opposing party's invalidity contentions. Here, the Court has not issued a claim construction ruling, nor does TPL allege that it seeks the amendment in response to the invalidity contentions served by Plaintiffs.

and then whether the non-moving party would suffer prejudice if the motion to amend were granted. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006) (concluding that if a party seeking to amend did not demonstrate diligence, there was "no need to consider the question of prejudice").[6] *See also Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the [good cause] inquiry [under Federal Rule of Civil Procedure 16(b)] is upon the moving party's reasons for seeking modification. [Citation.] If that party was not diligent, the inquiry should end."). Although *O2 Micro* discussed diligence with respect to "how quickly the party moves to amend its contentions once a new theory of infringement . . . comes to light," Hon. James Ware & Brian Davy, *The History, Content, Application and Influence of the Northern District of California Patent Local Rules*, 25 SANTA CLARA COMPUTER & HIGH TECH. L.J. 965, 995 (2009), this Court has concluded that "the Court also must address whether the party was diligent in discovering the basis for the proposed amendment." *West v. Jewelry Innovations, Inc.*, No. C 07-1812 JF (HRL), 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008).

The party seeking to amend its contentions bears the burden of establishing diligence. *O2 Micro*, 467 F.3d at 1366-67. "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). The rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n. 12 (quoting *Nova Measuring Instruments Ltd. v.*

---

[6] Other factors relevant to this inquiry include "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, [and] the difficulty of locating the prior art." *Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*, No. C 04-03526 SI, 2008 WL 2168379 at *1 (N.D. Cal., May 22, 2008) (citing *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 WL 1454259, at *2-3 (N.D. Cal. May 17, 2007)). TPL does not contend that the newly-accused devices or other information are newly-discovered or were difficult to locate.

*Nanometrics, Inc.*, 417 F. Supp.2d 1121, 1123 (N.D. Cal .2006)).

**III. DISCUSSION**

TPL asserts that it has demonstrated both diligence and the lack of any prejudice to Plaintiffs. Plaintiffs contend that TPL has not demonstrated that it acted diligently before or after the stay was imposed and that amendment of the infringement contentions would result in prejudice based on their reliance on TPL's previous infringement contentions and the current case management schedule.

**A. TPL's diligence**

As the party seeking to amend its infringement contentions, TPL bears the burden of demonstrating its diligence. *O2 Micro*, 467 F.3d at 1366-67. TPL contends that it "undertook a comprehensive effort to update its infringement information after the stay was lifted and provided the new infringement information it developed during that process to [Plaintiffs'] in a timely manner." (TPL's Mots. at 5:14-16 (citing to Declaration of Chiu ISO TPL's Mots. ("Chiu Decl.") at ¶¶ 3-4).) TPL served its proposed amended infringement contentions three months after the stay was dissolved. TPL represents that during all but three weeks of that three-month period, it undertook a comprehensive effort to develop infringement information with respect to the reexamined '336 patent. It asserts that while preparing its updated infringement contentions for that patent, it researched all of the product lines sold by Plaintiffs and compared them to the claims of the remaining MMP patents. (Chiu Decl. at ¶ 3.) However, TPL has not identified with particularity any such information that was not known or available to it before the stay was imposed. For example, the "reverse engineering reports" for the three newly-accused products in the Barco action are dated December 2008. (Barco's Opp'n at 1:9-24, Ex. A.)

TPL contends that it acted diligently once the stay was dissolved. At the hearing, TPL cited *ZiLog, Inc. v. Quicklogic Corp.*, 03-03725 JW, 2006 U.S. Dist. LEXIS 12844 (N.D. Cal. Mar. 6, 2006), in which the court granted a patentee leave to amend its infringement contentions after the court dissolved a stay upon the emergence of the relevant patent from reexamination. In that case, the court dissolved the stay upon the plaintiff's request to amend its infringement contentions, and the plaintiff filed a formal motion to amend the infringement contentions two

months after the stay was dissolved. *Id.* at *3. In the instant case, Benjamin Chiu, a manager of IP engineering at Alliacense, declared that TPL's comprehensive review of all of the product lines sold by Plaintiffs in the United States began in February 2010 and was completed in April 2010. (Chiu Decl. at ¶ 3.) However, TPL did not seek to amend its infringement contentions until May 21, 2010, three months after it began its review and three weeks after that review was completed. The formal motion to amend was not filed until June 2010.

Moreover, while TPL also was concerned with other aspects of this litigation before the stay was imposed (e.g., its motion to transfer venue), it is unclear why TPL was unable to perform a comprehensive review of the available infringement information in the months before the stay was imposed, why it required an additional three months after the stay was dissolved in order to complete that review, or why it agreed to the current case management schedule knowing that it might seek to amend its infringement contentions. TPL claimed at the hearing that before the stay was imposed, it did not possess the resources necessary to perform a comprehensive review of all the products sold by Plaintiffs, but it has not submitted declarations to that effect, nor did it discuss its lack of resources with Plaintiffs before serving the proposed amended infringement contentions. The record indicates only that after the stay was dissolved, TPL re-investigated evidence that already was available and determined that it wished to amend its infringement contentions. Characterizing this course of conduct as "diligence" under the Patent Local Rules would eviscerate that requirement. The Court concludes that TPL has not carried its burden of showing diligence with respect to any of its proposed amendments to its infringement contentions.

**B. Prejudice to the parties**

Because TPL has not demonstrated diligence, "the inquiry should end." *Johnson*, 975 F.2d at 609; *see also O2 Micro*, 467 F.3d at 1366-68. Nonetheless, the Court addresses briefly an argument raised by TPL and disputed by Plaintiffs. Relying upon *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, No. C 05-04158 MHP, 2008 U.S. Dist. LEXIS 16556, at *13-14 (N.D. Cal. Mar. 3, 2008), TPL claims that it will be prejudiced if leave to amend its infringement contentions is denied because it will be "forced to file" new actions

against Plaintiffs to assert the MMP patents against the newly-accused products. (*See, e.g.,* TPL's Mot. in the Acer action at 5:19-22.) Plaintiffs argue that the prohibition against claim-splitting bars such actions. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *Biogenex Labs., Inc. v. Ventana Med. Sys.*, C-05-860-JF, 2005 U.S. Dist. LEXIS 45405, at *8-9 (N.D. Cal. Aug. 5, 2005). Because TPL has not filed separate actions predicated on its proposed amended infringement contentions, any opinion on the propriety of such theoretical actions would be premature.

## IV. CONCLUSION

Because the record does not show that the moving party has acted diligently, TPL's motions to amend its infringement contentions will be denied.

IT IS SO ORDERED.

DATED: 9/10/2010

JEREMY FOGEL
United States District Judge