1  Timothy P. Walker (SBN 105001)
   timothy.walker@klgates.com
2  L. Howard Chen (SBN 257393)
   howard.chen@klgates.com
3  Harold H. Davis, Jr. (SBN 235552)
   harold.davis@klgates.com
4  Jas Dhillon (SBN 252842)
   jas.dhillon@klgates.com
5  K&L GATES LLP
   Four Embarcadero Center, Suite 1200
6  San Francisco, California 94111
   Tel:  (415)882-8200
7  Fax:  (415)882-8220

8  Jeffrey M. Ratinoff (SBN 197241)
   jeffrey.ratinoff@klgates.com
9  K&L GATES LLP
   630 Hansen Way
10 Palo Alto, CA  94304
   Telephone: (650) 798-6700
11 Facsimile: (650) 798-6701

12 Attorneys for Plaintiffs ACER INC., ACER
   AMERICA CORPORATION and GATEWAY,
13 INC.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18 | ACER INC., ACER AMERICA | Case No.: 5:08-CV-00877 JF (HRL) |
   | CORPORATION AND GATEWAY, INC. | |
19 | | **DISCOVERY MATTER** |
   | Plaintiffs, | |
20 | | **DECLARATION OF JAS DHILLON IN** |
   | vs. | **SUPPORT OF PLAINTIFFS' EX PARTE** |
21 | | **MOTION FOR IMMEDIATE** |
   | TECHNOLOGY PROPERTIES LIMITED, | **RESOLUTION OF DISPUTE OVER TWO** |
22 | PATRIOT SCIENTIFIC CORPORATION, | **ALLEGEDLY PRIVILEGED** |
   | AND ALLIACENSE LIMITED, | **DOCUMENTS** |
23 | | |
   | Defendants. | Date:      November 2, 2010 |
24 | | Time:      10:00 a.m. |
   | | Dept:      Courtroom 2, 5th Floor |
25 | | Before:    Magistrate Judge Howard Lloyd |

26 AND RELATED CROSS ACTIONS.

27

28

1    I, Jas Dhillon, declare:

2    1.      I am an attorney licensed to practice law before all courts in the State of California,

3  and the United States District Court for the Northern District of California.  I am an attorney at K&L

4  Gates LLP in its San Francisco, California office and I, along with other attorneys at K&L Gates

5  LLP, am attorney of record for Acer Inc., Acer America Corporation and Gateway, Inc. (collectively

6  "Acer").  I submit this declaration in support of Acer's *Ex Parte* Motion for Immediate Resolution of

7  Dispute Over Two Allegedly Privileged Documents.

8    2.      I have personal knowledge of the matters set forth herein except as to those matters set

9  forth on information and belief, and as to those I am informed and believe them to be true and could

10  and would competently testify thereto.

11    3.      Attached hereto as Exhibit 1 is a true and correct copy of Defendant Technology

12  Properties Limited, Inc.'s Complaint for Patent Infringement against Fujitsu Limited, et al., United

13  States District Court for the Eastern District of Texas Marshall Division Case No. 2-05CV-494, filed

14  on October 24, 2005.

15    4.      Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' Subpoena to

16  Testify at a Deposition in a Civil Action to Charles H. Moore, dated May 26, 2010,

17    5.      Attached hereto as Exhibit 3 is a true and correct copy of Plaintiffs' Notice of Taking

18  Deposition of Charles H. Moore and Request for Production of Documents and Certificate of Service,

19  dated September 3, 2010.

20    6.      Attached hereto as Exhibit 4 is a true and correct copy of Plaintiffs' Amended Notice

21  of Subpoena to Charles H. Moore for Production of Documents and Certificate of Service, dated

22  September 29, 2010.

23    7.      Attached hereto as Exhibit 5 is a true and correct copy of an email exchange among

24  P. Alsdorf, E. Mar, S. Skaff, J. Cooper, W. Wicker, H. Davis, Jr., T. Walker, J. Dhillon and J.

25  Ratinoff, dated October 20, 2010.

26    8.      Exhibit 6 to this declaration is a true and correct copy of an email "mac336" produced

27  by Charles Moore in response to Acer's document subpoena, which TPL claims is allegedly

28  privileged.   This exhibit is being separately filed under seal concurrently herewith.

1

DECLARATION OF JAS DHILLON ISO PLAINTIFFS' *EX PARTE*  MOTION
CASE NO. 5:08-CV-00877 JF (HRL)

1    9.    Exhibit 7 to this declaration is a true and correct copy of an email "Moore0058"

2    produced by Charles Moore in response to Acer's document subpoena, which TPL claims is allegedly

3    privileged.  This exhibit is being separately filed under seal concurrently herewith.

4    10.    Attached hereto as Exhibit 8 is a true and correct copy of Charles Moore's Complaint

5    against TPL *et al.* for fraud, breach of fiduciary duty, and breach of contract, Santa Clara County

6    State Court, Case No. 110-cv-183613, filed on September 27, 2010.

7    11.    On September 30, 2010, Acer served non-party Charles Moore a document and

8    deposition subpoena.  Mr. Moore complied with the subpoena by turning over responsive documents

9    on October 15 and 18, 2010.  These productions consisted of 58 printed pages of material and a CD

10   containing a few hundred additional pages of material.  At issue are MOORE00058, an August 14,

11   2008 e-mail from Mr. Moore to Mr. Mac Leckrone and Mr. Larry E. Hennenman and mac336.pdf,

12   another e-mail communication.

13   12.    Although Acer provided TPL advanced notice of the document subpoena issued for

14   non-party Charles Moore, TPL made no effort to object to the subpoena on grounds of privilege prior

15   to Mr. Moore's compliance date.  It was not until *after* that date had passed and after Moore had

16   produced documents that TPL notified Acer that it allegedly had a common interest with Moore and

17   that two emails produced by Moore were purportedly privileged.  At no time prior to responding did

18   Moore serve written objections or otherwise express any concerns regarding the subpoena calling for

19   any privileged documents.  Mr. Moore has not expressed any concerns regarding the subpoena

20   calling for any privileged documents.

21   13.    Despite having notice of Acer's document requests directed to Moore since early

22   September 2010, TPL did not file any objections or have any comments with respect to the subpoena

23   to Mr. Moore.  In fact, it was not until October 19, 2010 that TPL claimed two emails produced by

24   Moore constituted privileged communications between TPL, Moore and TPL's attorneys, who were

25   retained in conjunction with aforementioned Texas action and USPTO proceedings.  TPL further

26   objected to the production or use of those documents and "other similar materials" at Moore's

27   deposition.

28

1    14.    This dispute relates to whether two documents produced by a non-party, in response to

2    a subpoena without prior objection by the subpoenaed party or any other party to this action, are

3    privileged.  Specifically, there are two primary issues that the Parties disagree over: (1) whether TPL

4    waived its right to assert any claim of privilege over the emails in question by failing to take steps to

5    preserve an alleged privilege before Moore produced the two emails in question; and (2) if there was

6    no such waiver, whether TPL has provided sufficient foundational facts that would establish that the

7    communications were subject to the attorney-client privilege and the common interest exception

8    thereto.

9    15.    Mr. Moore is currently scheduled to be deposed on November 3, 2010.

10    16.    Acer has spent months and thousands of dollars locating and serving Mr. Moore with a

11    deposition subpoena and simply cannot risk any further difficulties in rescheduling the deposition.

12    17.    Acer certifies, pursuant to FRCP 37 and Civil L.R. 37(a)(1), that it has met and

13    conferred with TPL in good faith to resolve this dispute before filing the current motion.

14    18.    On October 22, 2010, during a meet and confer between the Parties, TPL informed

15    Acer that Mr. Moore had "agreements" with TPL in or around August 2008.  Further, counsel for

16    TPL informed Acer that it did not understand the nature and scope of the agreements between Mr.

17    Moore and TPL but instead, was going off of what TPL told counsel.  Specifically, counsel for TPL

18    mentioned that TPL did not identify, to counsel, the type of agreements it had with Mr. Moore.

19    Without an opportunity to review the agreements, Acer was unable to determine the relationship

20    between TPL and Mr. Moore.

21    19.    TPL has failed to provide a legal basis that no waiver of its alleged privilege occurred.

22    TPL also has failed to provide adequate factual and legal support as to why it has the right to assert

23    its now-waived assertion of privilege over the two documents in question, as well as a basis to object

24    on those grounds at Moore's deposition.

25    20.    Nevertheless, Acer has sequestered the two documents in question as required by

26    FRCP 26(b)(5)(B) pending a resolution of the parties' dispute over TPL's claims of privilege.

27    21.    Counsel for TPL also claimed the two documents at issue were privileged under the

28    common-interest doctrine based on Mr. Moore's commercial interest in the enforcement of the

3

1    patents-in-suit.  Acer disagreed and explained that the courts have held that such interests are

2    insufficient to constitute a legal interest relating to the patents-in-suit sufficient to find a common

3    interest privilege.

4         22.    Despite these good faith efforts, the Parties were unable to reach an agreement on the

5    outstanding issues and have thus, reached an impasse.

6         23.    Acer provided notice to TPL of its intent to file this *ex parte* Motion on October 21,

7    2010.

8         I declare under penalty of perjury under the laws of the United States that the foregoing is true

9    and correct.

10        Executed on October 22, 2010, at San Francisco, California.

11

12

13                            By:    /s/ Jas Dhillon /s/
                                            JAS DHILLON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAS DHILLON ISO PLAINTIFFS' *EX PARTE*  MOTION
CASE NO. 5:08-CV-00877 JF (HRL)