**E-Filed 4/7/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.,<br><br>Plaintiffs,<br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case Number 5:08-cv-00877-JF (HRL)<br><br>**ORDER[1] DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Re: Docket No. 223] |

Plaintiffs Acer Inc., Acer America Corp., and Gateway Inc. (collectively, "Acer") seek leave to file a second amended complaint in order to join the co-inventor of the patents-in-suit, Charles Moore, as a defendant. The Court heard oral argument on March 18, 2011. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Defendants Technology Properties Limited, Patriot Scientific Corporation, and Alliacense, Limited (collectively, "TPL") purport to own a collection of five patents, referred to as the Moore Microprocessor Portfolio patents ("MMP patents"), named after co-inventor

---

[1] This disposition is not designated for publication.

Charles Moore. Acer filed suit on February 8, 2008,[2] seeking a judicial declaration that three of these patents–U.S. Patent Nos. 5,809,336 ("the '336 patent"), 5,784,584 ("the '584 patent"), and 5,440,749 ("the '749 patent")–are invalid and/or not infringed.[3] TPL counterclaimed for infringement of the '336 and '749 patents. On February 9, 2009, Acer amended its complaint, adding claims for declaratory relief with respect to U.S. Patent Nos. 6,598,148 ("the '148 Patent") and 5,330,890 ("the '890 Patent"). Subsequently, TPL counterclaimed with respect to those two patents as well.

On September 27, 2010, Moore brought suit against TPL in the Santa Clara Superior Court, seeking rescission of the licensing agreement that grants TPL the right to use the patents-in-suit. In that action, Moore alleges that he intended to convey to TPL only the limited right to commercialize and license the MMP portfolio, while all other ownership rights were to remain with him.[4] Because ownership of the patents-in-suit is in dispute, Acer argues that Moore should be joined to the instant action as a potential interested party.

## II. LEGAL STANDARD

Fed. R. Civ. P. 19 governs necessary joinder of parties. "In determining whether a party is necessary under Rule 19(a), a court must consider whether complete relief can be accorded among the existing parties, and whether the absent party has a legally protected interest in the subject of the suit." *Shermoen v. U.S.*, 982 F.2d 1312, 1317 (9th Cir.1992) (internal citations omitted). A non-party must be joined if the person's absence would impede his/her ability to protect that interest. Fed. R. Civ. P. 19(a)(1).

---

[2] This matter is one of three related cases. *See Barco, N.V. v. Technology Properties Ltd., et al.* 08-05398-JF/HRL; *HTC v. Technology Properties Ltd., et al.* 08-00882-JF/HRL.

[3] Claims with respect to the '584 patent have been dismissed or otherwise resolved.

[4] TPL attempted to remove Moore's action to this district on the ground that is raises a question of federal patent law. However, the case was remanded to state court on January 20, 2011, in part because questions of patent ownership do not create federal jurisdiction. *See Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("the question of who owns the patent rights and on what terms typically is a question exclusively for state courts.").

Fed. R. Civ. P. 20(a)(2) allows for the permissive joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

### III. ANALYSIS

Acer contends that joinder is appropriate under both Rule 19 and Rule 20. Acer argues that if Moore is not joined to the instant action, his ability to protect any ownership rights and interests in the relevant patents may be limited, and TPL stands to collect potential damages for patents it never owned. However, TPL claims that its interests are aligned with Moore's in that neither wants the patents-in-suit to be invalidated. Relying on Federal Circuit precedent, TPL argues that even if Moore succeeds on his claim for rescission in state court, he would not have the right to sue Acer for infringement damages for the period during which TPL owned the right to litigate the patents-in-suit. *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991) (holding that the party who possesses the right to sue for infringement cannot lose that right retroactively simply because the contract granting it the right to sue later is deemed unlawful); *See also Heidelberg Harris, Inc. v. Loebach*, 145 F.3d 1454, 1456-57 (Fed. Cir. 1998).

TPL also argues that Moore has known of the instant action for several years, yet he never has sought to intervene. Additionally, it asserts that Moore recognizes the licensing agreement as binding based on arguments made by Moore in his motion to disqualify Baker & McKenzie in the related *Barco* case. *See Barco* 08-5398-JF/HRL, Motion to Disqualify Baker & McKenzie and to Intervene for that Limited Purpose, Dkt. 124 (Mr. Moore "has a contract with TPL that entitles him to a portion of revenue TPL earns from licensing the patents-in-suit."). At oral argument, counsel for TPL voiced concern that Moore's joinder could delay the litigation process and raise confusion among the related cases.

Having considered both the legal arguments and practical concerns raised by the parties, the Court is satisfied that it has discretion to join Moore under Rule 20(a)(2). As a potential owner of the patents-in-suit, there is no doubt that Moore has an interest in the subject matter of

the instant litigation.  However, the Court cannot ignore the fact that Moore has not sought to intervene despite having known of the litigation for some time.  Accordingly, the motion will be denied, and Acer will be directed to advise Moore of his right to seek permissive joinder in the instant action for the purpose of defending the patents-in-suit.

### IV. ORDER

The motion for leave to file a second amended complaint is DENIED.  Acer shall advise Moore of his right to seek permissive joinder within thirty (30) days from the date of this order.

**IT IS SO ORDERED.**

**DATED:** April 7, 2011

_____
JEREMY FOGEL
United States District Judge