IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Acer, Inc., | NO. C 08-00877 JW |
| Plaintiff, | NO. C 08-00882 JW |
| | NO. C 08-05398 JW |
| v. | |
| Technology Properties Ltd, et al., | **NOTICE OF INTENT TO APPOINT A TECHNICAL ADVISOR** |
| Defendants. / | |
| HTC Corp., | |
| Plaintiff, | |
| v. | |
| Technology Properties Ltd, et al., | |
| Defendants. / | |
| Barco NV, | |
| Plaintiff, | |
| v. | |
| Technology Properties Ltd, et al., | |
| Defendants. / | |

## **I. INTRODUCTION**

On October 5, 2011, the Court issued an Order in this case in which it notified the parties of its intent to appoint a Technical Advisor. (hereafter, "October 5 Order," Docket Item No. 297.) In that Order, the Court notified the parties that it was reserving its right to appoint a "Technical Advisor," in addition to appointing a Special Master to manage discovery. In preparation for the

upcoming Markman, and upon review of the Patents-in-Suit as well as the parties' contentions regarding claim construction, the Court finds that due to the complexity of these related cases and the Patents-in-Suit, the Court would benefit from the services of a technical advisor on this case.

## II. STANDARDS

A district judge has inherent authority to appoint a technical advisor when the judge deems it desirable and necessary. Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (*en banc*). The exercise of this authority should be used sparingly and only in highly complicated cases. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002) (interpreting the Ninth Circuit standard for appointing technical advisors). In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court has the inherent authority to tap the outside skill and expertise of a technical advisor. Fed. Trade Comm'n v. Enforma Natural Prod., Inc., 362 F.3d 1204, 1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988). The technical advisor acts as educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decisionmaker. See TechSearch, 286 F.3d at 1377.

In Reilly, while conceding that a district court has inherent authority to appoint an expert as a technical advisor, the appellant argued that such power is strictly circumscribed by Fed. R. Evid. 706(a). 863 F.2d at 154. The First Circuit held the plain language of Rule 706(a) indicates that the rule is confined to court-appointed expert witnesses and does not embrace expert advisors or consultants:

> [Rule 706(a)] establishes a procedural framework for nomination and selection of an expert witness and for the proper performance of his role after an appointment is accepted. . . . By and large, these modalities–though critically important in the realm customarily occupied by an expert witness–have marginal, if any, relevance to the functioning of technical advisors. Since an advisor, by definition, is called upon to make no findings and to supply no evidence . . . provisions for depositions, cross-questioning, and the like are inapposite.

Id. at 155-56.

2

### III. PROPOSED ORDER OF APPOINTMENT

Accordingly, the Court gives notice to the parties that the Court intends to appoint Mr. Kwan Chan[1] as a "Technical Advisor" under the following terms:

1. Any advice provided to the Court by Mr. Chan will not be based on any extra-record information.

2. To the extent that the Court may ask Mr. Chan to provide a formal written report on technical advice concerning the case, a copy of the formal written report prepared by Mr. Chan shall be provided to the parties. However, the Court reserves the right to have informal verbal communications with Mr. Chan which are not included in any formal written report.

3. Mr. Chan may attend all case-related court proceedings.

4. Mr. Chan may review any pleadings, motions or documents submitted to the Court.

5. As a Technical Advisor, Mr. Chan will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Chan will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Chan. See Reilly, 863 F.2d at 155-56.

6. Mr. Chan will have no contact with any of the parties or their counsel except for billing purposes.

7. Each party shall bear the cost of the Technical Advisor on a *per capita* basis, payable in advance. Within ten (10) days of appointment, the parties shall meet and confer with Mr. Chan and develop a plan to set up a trust account whereby the parties shall deposit, initially, $15,000 each to cover the anticipated fees and costs. Mr. Chan shall issue statements to the parties and draw from the trust account every fifteen (15) days for his performance of the appointment. Mr. Chan will bill at the rate of $450.00 per hour.

The Technical Advisor shall report to the Court on a periodic basis, every sixty (60) days, regarding the state of his fees and expenses and make a recommendation to the Court as to whether

---

[1] Attached to this Proposed Order is a courtesy copy of Mr. Chan's resume.

1 the trust account needs additional deposits from the parties as the case progresses. All matters
2 pertaining to the fees of Mr. Chan are referred to the assigned Magistrate Judge.

3       8. Mr. Chan shall file a declaration that he will adhere to the terms of his appointment.

4       On or before **January 3, 2012**, any party to the litigation wishing to object to Mr. Chan's
5 appointment on any ground shall file a Notice of Objection to Appointment of Technical Advisor.
6 Among the grounds for objection, the Court specifically would wish to know of any objection based
7 on the following grounds:

8       (a) Bias on the part of Mr. Chan;

9       (b) Lack of funds to share the fees of the advisor on the part of the objecting party.

10 Any objection shall be lodged directly with the Magistrate Judge.[2] The objection shall state
11 the grounds of objection and be accompanied by a supporting declaration and legal memorandum
12 supporting the objection. The Magistrate Judge shall not advise Judge Ware of the identity of any
13 party making an objection. The Magistrate Judge may confer with the parties to determine if any
14 modification of the terms of appointment would overcome the objection. If there are objections, the
15 Court requests that on or before **January 9, 2012**, the Magistrate Judge submits a recommendation
16 to Judge Ware in accordance with paragraphs 1-7 or as modified, or of non-appointment due to
17 objections. Judge Ware shall determine whether to make the appointment under any modified terms
18 of appointment.

20 Dated: December 19, 2011                            /s/ James Ware
21                                               JAMES WARE
                                              United States District Chief Judge

---

[2] The Court refers this matter to the Chief Magistrate Judge to assign the appropriate Magistrate Judge to review potential objections and to review, post-appointment, any fees dispute that may arise.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Deepak Gupta dgupta@fbm.com
Eugene Y. Mar emar@fbm.com
Harold H. Davis harold.davis@klgates.com
James Carl Otteson jim@agilityiplaw.com
Jas S Dhillon jas.dhillon@klgates.com
Jeffrey M. Fisher jfisher@fbm.com
Jeffrey Michael Ratinoff jeffrey.ratinoff@klgates.com
John L. Cooper jcooper@fbm.com
Kyle Dakai Chen kyle.chen@cooley.com
Mark R. Weinstein mweinstein@cooley.com
Michelle Gail Breit mbreit@agilityiplaw.com
Nan E. Joesten njoesten@fbm.com
Paul A. Alsdorf palsdorf@fbm.com
Samuel Citron O'Rourke eupton@whitecase.com
Stephanie Powers Skaff sskaff@fbm.com
Timothy Paar Walker timothy.walker@klgates.com
William Sloan Coats william.coats@kayescholer.com

**Dated:  December 19, 2011**                              **Richard W. Wieking, Clerk**

                                                 **By:       /s/ JW Chambers**
                                                         **Susan Imbriani**
                                                         **Courtroom Deputy**

United States District Court
For the Northern District of California