IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Acer, Inc., | NO. C 08-00877 JW |
| Plaintiff, | NO. C 08-00882 JW |
| | NO. C 08-05398 JW |
| v. | **ORDER APPOINTING TECHNICAL ADVISOR** |
| Technology Properties Ltd, et al., | |
| Defendants. | |
| HTC Corp., | |
| Plaintiff, | |
| v. | |
| Technology Properties Ltd, et al., | |
| Defendants. | |
| Barco NV, | |
| Plaintiff, | |
| v. | |
| Technology Properties Ltd, et al., | |
| Defendants. | |

On December 19, 2011, the Court issued a Notice of Intent apprising the parties of its intent to appoint a Technical Advisor, Kwan Chan.[1] The Notice of Intent provided that any party to the litigation wishing to object to Mr. Chan's appointment "shall file a Notice of Objection" with the

---

[1] (Notice of Intent to Appoint a Technical Advisor, hereafter, "Notice of Intent," Docket Item No. 309 in No. C 08-00877 JW.)

assigned Magistrate Judge by January 3, 2012. (Notice of Intent at 4.) On January 10, 2012, Judge Laporte notified the Court that no objection has been filed.

Accordingly, the Court appoints Kwan Chan as a Technical Advisor for these related cases under the following terms:

1. Any advice provided to the Court by Mr. Chan will not be based on any extra-record information.

2. To the extent that the Court may ask Mr. Chan to provide a formal written report on technical advice concerning the case, a copy of the formal written report prepared by Mr. Chan shall be provided to the parties. However, the Court reserves the right to have informal verbal communications with Mr. Chan which are not included in any formal written report.

3. Mr. Chan may attend all case-related court proceedings.

4. Mr. Chan may review any pleadings, motions or documents submitted to the Court.

5. As a Technical Advisor, Mr. Chan will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Chan will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Chan. See Reilly v. United States, 863 F.2d 149, 155-67 (1st Cir. 1988).

6. Mr. Chan will have no contact with any of the parties or their counsel except for billing purposes.

7. Each party shall bear the cost of the Technical Advisor on a *per capita* basis, payable in advance. Because the Court has set this case on an expedited schedule–and in particular, because the Court has set a Case Tutorial and Markman hearing for January 26 and 27, 2012–the parties shall immediately meet and confer with Mr. Chan and develop a plan to set up a trust account whereby the parties shall deposit, initially, $15,000 each to cover the anticipated fees and costs. Mr. Chan shall issue statements to the parties and draw from the trust account every fifteen (15) days for his performance of the appointment. Mr. Chan will bill at the rate of $450.00 per hour.

The Technical Advisor shall report to the Court on a periodic basis, every sixty (60) days, regarding the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties as the case progresses.

All matters pertaining to the fees of Mr. Chan are referred to the assigned Magistrate Judge.

8. On or before **January 12, 2012**, Mr. Chan shall file a declaration that he will adhere to the terms of his appointment.

9. On or before **January 13, 2012**, the parties shall lodge with the Court two copies of: (1) the prosecution history of the patents-in-suit in this case; and (2) the claim construction briefing. The prosecution history and claim construction briefing shall be lodged in three-ring binders.

The Clerk of Court shall immediately add Mr. Chan to the docket.

Dated: January 11, 2012

JAMES WARE
United States District Chief Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Deepak Gupta dgupta@fbm.com
Eugene Y. Mar emar@fbm.com
Harold H. Davis harold.davis@klgates.com
James Carl Otteson jim@agilityiplaw.com
Jas S Dhillon jas.dhillon@klgates.com
Jeffrey M. Fisher jfisher@fbm.com
Jeffrey Michael Ratinoff jeffrey.ratinoff@klgates.com
John L. Cooper jcooper@fbm.com
Kyle Dakai Chen kyle.chen@cooley.com
Mark R. Weinstein mweinstein@cooley.com
Michelle Gail Breit mbreit@agilityiplaw.com
Nan E. Joesten njoesten@fbm.com
Paul A. Alsdorf palsdorf@fbm.com
Samuel Citron O'Rourke eupton@whitecase.com
Stephanie Powers Skaff sskaff@fbm.com
Timothy Paar Walker timothy.walker@klgates.com
William Sloan Coats william.coats@kayescholer.com

**Dated: January 11, 2012**                                   **Richard W. Wieking, Clerk**

                                                              **By:   /s/ JW Chambers**
                                                                     **Susan Imbriani**
                                                                     **Courtroom Deputy**