UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., Plaintiffs, v. TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORPORATION, ALLIACENSE LTD., Defendants. | Case No. 5:08-cv-00877 PSG |
|---|---|
| HTC CORPORATION, HTC AMERICA, INC., Plaintiffs, v. TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORPORATION, ALLIACENSE LTD., Defendants. | Case No. 5:08-cv-00882 PSG |

**ORDER RE SEALING MOTIONS**

Case No.: 08-0877
ORDER

**(Re: Docket Nos. 359, 364, 366, 398[1])**

Before the court are the sealing motions brought by both Plaintiffs Acer, Inc., et al ("Acer") and HTC Corp., et al ("HTC") and Defendants Technology Properties Ltd, et al ("TPL"). The parties move to seal nondispositive motions and supporting exhibits and, unless otherwise noted, they have filed documents with each motion to support their claims that the documents should remain sealed. The court first provides the standard for sealing motions brought pursuant to Civil L.R. 79-5 and then provides its decision on each of the motions and the documents contained therein.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2] Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point."[3] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the

---

[1] These docket numbers refer to *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG. The corresponding docket numbers in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG are 386, 392, 395, and 424.

[2] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[3] *Id.*

[4] *Id.* at 1178-79.

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

Case No.: 08-0877
ORDER

standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[12] As this court has previously pointedly noted, the rule requires parties to "narrowly tailor" their requests only to sealable material.[13]

Having provided the standard it will apply to the parties' motions, the court turns now to those requests. Both Acer and HTC requested on TPL's behalf that Exhibit 4 from the declaration of Kyle Chen in support of Acer and HTC's motion for reconsideration of certain claim terms

---

[7] *Id.*

[8] Fed. R. Civ. P. 26(c).

[9] *Id.*

[10] *See id.* at 1179-80.

[11] *See* Civil L.R. 79-5(a).

[12] *Id.*

[13] *Id.*

Case No.: 08-0877
ORDER

("Exhibit 4") remain under seal.[14]  Acer and HTC also requested on TPL's behalf that Exhibit 7 from the declaration of Kyle Chen in support of Acer and HTC's consolidated opening supplemental claim construction brief ("Exhibit 7") remain under seal.[15]  TPL separately moved to seal both documents.[16]

Exhibit 4 and Exhibit 7 consist of "Product Reports" that TPL's subsidiary Alliacense Ltd. ("Alliacense") creates to further enforcement of its patent portfolio.[17]  The reports are comprehensive assessments of a potential licensee's product line and their possible infringement of Alliacense's patents.[18]  Alliacense keeps the reports confidential and fears that their disclosure could allow potential licensees to coordinate and to refuse to negotiate with Alliacense.[19]  According to TPL, the reports include information that other parties would pay substantial amounts of money to procure and so the reports have economic value because of their confidential status.[20]

Having reviewed the reports, the court notes that the actual content consists of publicly available patent language and reverse-engineered images and samples of other companies' products.  None of the products are manufactured or designed by TPL or Alliacense and so they have no proprietary interest in the images or samples.  The patent language obviously is not

---

[14] *See* Docket No. 359 in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 386 in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

[15] *See* Docket No. 364 in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 392 in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

[16] *See* Docket No. 366 in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 395 in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

[17] *See* Docket No. 366 Ex. A in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 395 Ex. A in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

[18] *See* Docket No. 366 Ex. A in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 395 Ex. A in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

[19] *See* Docket No. 366 Ex. A in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 395 Ex. A in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

[20] *See* Docket No. 366 Ex. A in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 395 Ex. A in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

Case No.: 08-0877
ORDER

confidential. The only interest TPL or Alliacense can claim therefore is in the reports as a whole, as the result of their investment in time and money.

Although the court is skeptical that such information could survive a sealing request under the "compelling reasons" standard, the exhibits were attached to non-dispositive claim construction motions and so are subject only to the "good cause" standard. Under the lower standard, the court finds TPL's arguments regarding the need for the reports as a whole to remain confidential persuasive. The court GRANTS the request to seal Exhibit 4 and Exhibit 7.

TPL requested on Acer's behalf that TPL's "emergency" motion to modify the case schedule and several supporting declarations and exhibits remain sealed.[21] In the supporting declaration for the sealing motion, TPL asserts that the information in the exhibits, the declarations, and the motion itself consists of Acer's confidential "schematics, drawings, and other documents identifying Acer's internal designations concerning the products at issue" in this case and the ITC case.[22]

Having reviewed all of the declarations and exhibits that TPL, and presumably Acer, want sealed, the court finds that none of the documents should remain sealed because the requests are neither narrowly tailored nor do they seek to protect information that properly may be sealed. The exhibits primarily consist of emails between counsel for the parties regarding Acer's deficient production – which became the basis for TPL's motion to delay trial – and the declarations describing those emails. Acer has not provided sufficient reasons for why its document retention or discovery procedures should remain sealed. As the reasoning behind a motion to continue a trial

---

[21] *See* Docket No. 398 in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 424 A in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

[22] *See* Docket No. 398-1 in *Acer Inc. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00877-PSG; Docket No. 424-1 at 2 in *HTC Corp. v. Technology Prop. Ltd.*, Case No. 5:08-cv-00882-PSG.

Case No.: 08-0877
ORDER

nearly five months, furthermore, Acer's conduct during discovery is not an appropriate subject to remain under seal.

Because Acer and TPL have designated material that should not be sealed and have failed to identify particularized harm that might befall Acer absent an order sealing the documents, the court DENIES TPL's request on Acer's behalf to seal the motion, the supporting declarations, or the supporting exhibits.  TPL shall file the unsealed documents within fourteen days.

**IT IS SO ORDERED.**

Dated:   February 15, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 08-0877
ORDER