1  JAMES C. OTTESON, State Bar No. 157781
   jim@agilityiplaw.com
2  THOMAS T. CARMACK, State Bar No. 229324
   tom@agilityiplaw.com
3  PHILIP W. MARSH, State Bar No. 276383
   phil@agilityiplaw.com
4  AGILITY IP LAW, LLP
   149 Commonwealth Drive
5  Menlo Park, CA 94025
   Telephone:  (650) 227-4800
6  Facsimile:   (650) 318-3483

7  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LIMITED and
8  ALLIACENSE LIMITED

9  CHARLES T. HOGE, State Bar No. 110696
   choge@knlh.com
10 KIRBY NOONAN LANCE & HOGE
   35 Tenth Avenue
11 San Diego, CA 92101
   Telephone:  (619) 231-8666
12 Facsimile:   (619) 231-9593

13 Attorneys for Defendant
   PATRIOT SCIENTIFIC CORPORATION

14
                    UNITED STATES DISTRICT COURT
15                  NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION
16

17 ACER, INC., ACER AMERICA              )   Case No.  5:08-cv-00877 PSG
   CORPORATION and GATEWAY, INC.,        )
18                                       )   **DEFENDANTS' MOTION *IN LIMINE*
              Plaintiffs,                )   **NO. 1 REGARDING PRIOR
19     v.                                )   **LITIGATIONS**
   TECHNOLOGY PROPERTIES LIMITED,        )
20 PATRIOT SCIENTIFIC CORPORATION,       )   Judge:   Hon. Paul S. Grewal
   and ALLIACENSE LIMITED,               )   Date:    August 29, 2013
21                                       )   Time:    2:00 p.m.
              Defendants.                )
22                                       )
   HTC CORPORATION and HTC               )
23 AMERICA, INC.,                        )   Case No.  5:08-cv-00882 PSG
                                         )
24            Plaintiffs,                )
       v.                                )
25                                       )
   TECHNOLOGY PROPERTIES LIMITED,        )
26 PATRIOT SCIENTIFIC CORPORATION        )
   and ALLIACENSE LIMITED,               )
27                                       )
              Defendants.                )
28                                       )
   AND ALL RELATED COUNTERCLAIMS         )
                                         )

## Notice of Motion

PLEASE TAKE NOTICE that on August 29, 2013 at 2:00 pm, Defendants Technology Properties Ltd. ("TPL"), Patriot Scientific Corporation ("Patriot"), and Alliacense Ltd. ("Alliacense") (collectively, "Defendants") respectfully move this court *in limine* to preclude plaintiffs HTC Corporation and HTC America, Inc. and plaintiffs Acer, Inc., Acer America Corporation and Gateway, Inc. (collectively, "Plaintiffs") from offering any evidence or argument at trial relating to (1) prior litigation or disputes between Patriot, TPL and/or Alliacense; (2) TPL's bankruptcy; and/or (3) the co-pending ITC Investigation No. 337-TA-853.

This Motion is based on the following Memorandum of Points and Authorities, the entire record in these matters, and such evidence as may be presented at any hearing of this Motion, on a date and at a time to be determined by the Court.

## Statement of Issues to Be Decided

1. Whether the Court should preclude Plaintiffs from offering any evidence or argument at trial relating to prior litigation or disputes between Patriot, TPL and/or Alliacense.

2. Whether the Court should preclude Plaintiffs from offering any evidence or argument at trial relating to TPL's bankruptcy.

3. Whether the Court should preclude Plaintiffs from offering any evidence or argument at trial relating to the co-pending ITC Investigation No. 337-TA-853.

## Memorandum of Points and Authorities

**I.  EXCLUSION OF EVIDENCE AND ARGUMENT REGARDING PRIOR DISPUTES BETWEEN PATRIOT AND TPL.**

TPL and Patriot have had various disputes over the years, some of which have resulted in litigation. For example, in June 2005, Patriot and TPL announced the resolution of litigation between them regarding rights to the patents in the MMP portfolio, including the patents-in-suit.[1] Under the terms of the settlement, TPL was granted full responsibility and authority for the

---

[1] *See, e.g.* http://www.design-reuse.com/news/10587/patriot-scientific-tpl-group-unify-portfolio-fundamental-microprocessor-patents.html

commercialization and licensing of the portfolio.  *Id.*  In late 2011 Patriot and TPL announced the settlement of a lawsuit involving their joint venture for the commercialization of the MMP portfolio.[2]  Additionally, Patriot and TPL have had various disagreements regarding management and accounting issues relating to the MMP Portfolio.

Although facts such as which entity had the right to license the patents-in-suit at a particular time may be relevant to this litigation, those facts are not in dispute and are not the subject of this motion.  Plaintiffs, however, may seek to introduce evidence regarding the existence and substance of disputes between TPL/Alliacense and Patriot.  Such details are irrelevant to the issues in this case: whether Plaintiffs' accused products infringe the patents-in-suit and, if so, the extent of damages to which Defendants are entitled.  Any disputes between TPL/Alliacense and Patriot over ownership of the patents in the MMP Portfolio, how to most effectively commercialize the patents, or how to properly account for licensing-related revenues and expenses have no bearing on the infringement or damages analysis and, accordingly, should be excluded as irrelevant.  Fed. R. Evid. 402.

Further, the risk of prejudice and misleading the jury by introducing such irrelevant evidence also warrants its exclusion.  Fed. R. Evid. 402; Fed. R. Evid. 403.  Evidence regarding any past tensions between TPL/Alliacense and Patriot would, if anything, serve to needlessly (and falsely) suggest that Defendants do not present a united front against Plaintiffs.  Burdening the jury with the details of previously-resolved disputes would also likely confuse them and draw their focus from the issues they are actually tasked with deciding.  The lack of any probative value is thus substantially outweighed by the unfair prejudice and likelihood of confusion that would result, thereby warranting exclusion under Rule 403.  *See Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3rd Cir. 1992) (noting that "[c]ertain types of evidence are routinely excluded under [Rule 403]" such as "[e]vidence relating to previous litigation between the parties").

---

[2] *See, e.g.* http://www.alliacense.com/patriot-scientific-and-tpl-settle-litigation/

## II. EXCLUSION OF EVIDENCE AND ARGUMENT REGARDING TPL'S BANKRUPTCY.

TPL filed a voluntary petition for Chapter 11 bankruptcy on March 20, 2013. Aside from its procedural implications (such as a brief stay earlier this year), TPL's bankruptcy is not relevant to this litigation. It certainly lacks the substantive relevance sufficient to justify informing the jury of TPL's financial troubles. Fed. R. Evid. 402.

Indeed, any conceivable probative value TPL's bankruptcy may have is substantially outweighed by the risk that mentioning it to the jury will somehow taint their opinion of TPL, thereby resulting in unfair prejudice and likely confusion. As such, Plaintiffs should be precluded from mentioning it. Fed. R. Evid. 403; *Magelky v. BNSF Railway Co.,* No. 1:06–cv–025, 2008 WL 238451 at *2 (D. N.D. Jan. 28, 2008) (finding bankruptcy "even if relevant, would be unfairly prejudicial, confuse the issues, mislead the jury, and result in undue delay and a waste of time. Therefore, such evidence shall be excluded pursuant to Rule 403 of the Federal Rules of Evidence"); *Graves v. City of Waterloo*, No. C10–2014, 2011 WL 4007324 at *3 (N.D. Iowa, Sept. 8, 2011) (noting filing for bankruptcy "may carry a negative connotation" and prohibiting evidence regarding bankruptcy pursuant to Rule 403).

## III. EXCLUSION OF EVIDENCE AND ARGUMENT REGARDING THE CO-PENDING ITC INVESTIGATION.

The parties here are also parties in a pending International Trade Commission ("ITC") investigation, Inv. No. 337-TA-853. While the investigation is centered on infringement of the '336 patent, one of the patents-in-suit here, it involves different products and different claim constructions. Trial in the ITC investigation concluded on June 11, 2013, post-hearing briefing was complete by July 10, 2013, and an initial determination (subject to review by the Commission) is due by September 6, 2013. At trial and in the relevant briefings, the Investigative Attorney for the Office of Unfair Import Investigations (the "Staff Attorney") took the position that the Respondents' products did not infringe the '336 patent.

The position of the Staff Attorney and the initial determination of the Administrative Law Judge ("ALJ") are irrelevant to this litigation. Aside from the fact that the ITC investigation

Case5:08-cv-00877-PSG   Document494   Filed08/15/13   Page5 of 6

involves different products and different claim constructions, the ITC's ultimate determination (as well as the ALJ's initial determination) is in no way binding on this court.  *See Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) (ITC decisions have no preclusive, *res judicata*, or collateral estoppel effect in district courts) (citing cases); *Corning Glass Works v. United States Int'l Trade Comm'n*, 799 F.2d 1559, 1570 n. 12 (Fed.Cir.1986) ("the ITC takes the position that its decisions have no *res judicata* effect in [district court] litigation."). Accordingly, evidence regarding the ITC investigation should be precluded under Fed. R. Evid. 402.

Moreover, such evidence should be excluded due to the significant danger of unfair prejudice, confusion of the issues, misleading the jury, as well as considerations of undue delay and waste of time.  Fed. R. Evid. 403.  At minimum, any reference to the ITC investigation or the position taken by the Staff Attorney must be preceded by a detailed explanation of the what the ITC is, what its investigation entails, the role and authority (or lack thereof) of the Staff Attorney, the effect of the ALJ's initial determination, and much more.  Even with such a detailed tutorial, however, it is still likely that the jury will be confused and that the positions taken by the Staff Attorney or ALJ will have an undue impact on the jury's deliberations or ultimate decision. Accordingly, the prejudicial impact of any evidence regarding the ITC investigation overwhelmingly outweighs any potential probative value.  The evidence should accordingly be excluded.  Fed. R. Evid. 403.

## Conclusion

For the foregoing reason, Defendants respectfully request that the Court enter an Order barring Plaintiffs from introducing any evidence, testimony, or argument at trial relating to any prior litigation or disputes between Patriot and TPL, TPL's bankruptcy, or the co-pending ITC investigation.

DEFENDANTS' MOTION *IN LIMINE*
NO. 1 RE PRIOR LITIGATION             4             CASE NOS. 5:08-CV-00877
                                                              5:08-CV-00882

Dated: August 15, 2013

Respectfully submitted,
AGILITY IP LAW, LLP

By: /s/ James C. Otteson
    James C. Otteson

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

KIRBY NOONAN LANCE & HOGE

By: /s/ Charles T. Hoge
    Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION