MICHAEL J. BETTINGER (SBN 122196)
mike.bettinger@klgates.com
TIMOTHY P. WALKER (SBN 105001)
timothy.walker@klgates.com
HAROLD H. DAVIS, JR. (SBN 235552)
harold.davis@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111-5994
Telephone: 415.882.8200
Facsimile: 415.882.8220

JEFFREY M. RATINOFF (SBN 197241)
jeffrey.ratinoff@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA  94304
Telephone: (650) 798-6700
Facsimile: (650) 798-6701

Attorneys for Plaintiffs, Counter-Defendants
ACER, INC., ACER AMERICA CORPORATION
and GATEWAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., <br><br> Plaintiffs and Counter-defendants, <br><br> vs. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants and Counter-claimants. <br><br> AND RELATED COUNTERCLAIMS. | Case No.  5:08-cv-00877 PSG <br><br> **PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OF ENTIRE MARKET VALUE, SIZE, WEALTH, OR OVERALL REVENUES OF PLAINTIFFS** <br><br> Date:         August 29, 2013 <br> Time:        2:00 p.m. <br> Place:       Courtroom 5 <br> Judge:      Hon. Paul S. Grewal |

PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF ENTIRE MARKET VALUE, SIZE, WEALTH, OR OVERALL REVENUES; CASE NO. 5:08-CV-00877-PSG

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on August 29, 2013 at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Paul Singh Grewal in Courtroom 5, 4th Floor of the, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs Acer Inc., Acer America Corporation and Gateway, Inc. (collectively "Plaintiffs" or "Acer/Gateway") will, and hereby does move this Court pursuant to Fed. R. Evid. 403 and 702 and controlling Federal Circuit case law for an order precluding Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited (collectively "TPL"), its counsel and its witnesses from offering evidence of the entire market value of the accused products or of Acer/Gateway's size, wealth, and overall revenues, for the reasons set forth in the following Memorandum of Points and Authorities.

This Motion is based on this Notice, the following Memorandum of Points and Authorities in support thereof, the Declaration of Harold H. Davis, Jr. in support of Plaintiffs' Motion to Exclude the Opinions and Testimony of Dr. Stephen Prowse ("*Daubert* Motion"), as well as any further materials, evidence or arguments to be presented either at or before the hearing on this Motion, and any other materials or evidence the Court deems proper.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE ISSUES TO BE DECIDED

Whether the Court should preclude TPL from offering evidence and testimony at trial regarding the entire market value of the accused products or of Acer/Gateway's size, wealth, and overall revenues.

## II. SUMMARY OF THE ARGUMENT

Plaintiffs Acer, Inc., Acer America Corporation and Gateway, Inc. (collectively "Acer/Gateway") seek an order precluding Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited (collectively "TPL"), its counsel and its witnesses from offering evidence of the entire market value of the accused products or of Acer/Gateway's size, wealth, and overall revenues. TPL may attempt to offer such evidence (and testimony and arguments based thereon) to sway the jury's sympathy and/or to somehow bolster its damages claims. Such evidence should be excluded under Fed. R. Evid. 403 as irrelevant to TPL's allegations and damages claims, and as unfairly prejudicial to Acer/Gateway. The entire market value of the accused products and Acer/Gateway's size, wealth, and overall world-wide and U.S. revenues have no bearing on any issue in this case. The only possible motive for TPL to introduce this evidence is to improperly make its damages calculations appear more reasonable by comparison to overall revenues, and to bias the jury against Acer/Gateway based on its status as a large and profitable multi-national corporation. TPL should not be permitted to do so.

## III. LEGAL ARGUMENT

TPL's expert refers to Acer/Gateway's total revenue in his expert report and intends to offer damages related opinions based upon all of Gateway's revenue over the past decade. Declaration of Harold H. Davis, Jr. in support of Plaintiffs' Motion to Exclude the Opinions and Testimony of Dr. Stephen Prowse ("Davis Decl."), Ex. 1 ("Prowse Rpt."), ¶¶ 103 and Exhibit 4. TPL should be precluded from referring to the overall revenues of the accused products, as well as the revenues associated with the sales of all Acer and Gateway products, whether or not accused of infringing the patents-in-suit.

1

PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF ENTIRE MARKET VALUE, SIZE, WEALTH, OR OVERALL REVENUES; CASE NO. 5:08-CV-00877-PSG

A patentee cannot reference the entire market value of an accused product even as a "check" on the reasonableness of a damages calculation, unless it demonstrates that the patented features form "the basis -- or even a substantial basis -- of the consumer demand" for the products. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1338 (Fed Cir. 2009) (vacating damages award where jury improperly considered entire market value of product); *see also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1319 (Fed. Cir. 2011) (upholding trial court's determination that new trial on damages necessary due to improper admission of entire market value of product).

As discussed more fully in Acer/Gateway's *Daubert* Motion, TPL's damages expert, Dr. Stephen Prowse, used total revenues for the accused Acer and Gateway products as his royalty base, which totaled approximately $591 million and $117.4 million, respectively.  Prowse Rpt., ¶¶ 100-102.  Dr. Prowse also provided an alternative royalty base for Gateway's revenues for the sales of all Gateway products (regardless of whether Dr. Prowse could determine whether they were accused of infringing the asserted patents) of approximately $7.8 billion.  *Id*. at ¶ 103 ("This royalty base assumes that all of the $7.8 billion of product [revenue] included in the Gateway sales information is, in fact, accused.").  However, neither TPL nor Dr. Prowse have identified any proof that the patented features form a substantial basis of the consumer demand of the accused Acer and Gateway product.  Therefore any reference to the entire market value of the accused products has no bearing on the issues of this case and can only serve to improperly prejudice the jury.

Allowing reference to the entire market value "cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue." *Uniloc*, 632 F.3d at 1320.  The admission of an accused infringer's "overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v. Quanta Computer, Inc*., 694 F.3d 51, 68 (Fed. Cir. 2012) (quoting *Uniloc*, 632 F.3d at 1320) (upholding trial court's exclusion of evidence of entire market value).  Any evidence related to the overall market value of the accused products should be excluded as substantially more prejudicial than probative); *see also Multimedia Patent Trust v. Apple Inc.*, 2012 WL 5873711 (S.D.Cal. Nov.

2

PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF ENTIRE MARKET VALUE, SIZE, WEALTH, OR OVERALL REVENUES; CASE NO. 5:08-CV-00877-PSG

20, 2012) (excluding patentee's damages expert from providing testimony and damages analysis to the extent it relies on or is based on Defendants' revenues or profits of the accused products pursuant to F. R. Evid. 403).

In reaching his conclusions on a reasonable royalty, Dr. Prowse also cites to Acer's total world-wide sales of $15.7 billion. Prowse Rpt., ¶ 17. TPL should be precluded from introducing this number at trial and from otherwise referring to Acer/Gateway's size, wealth, or overall revenues (including daily, quarterly, or yearly). Evidence of a defendant's net worth and wealth is "totally irrelevant to the issue of compensatory damages." *Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993); *see also LaserDynamics*, 694 F.3d at 68; *Uniloc*, 632 F.3d at 1320. This is particularly true with revenues generated from sales that occurred entirely outside of the United States. *See* 35 U.S.C.A. § 271(a); *see also Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342, 1367 (Fed.Cir.1998) (if defendant's "infringement has damaged [plaintiff's] ability to service foreign markets, [plaintiff] must rely on foreign patent protection"); (limiting infringing sales to those made within the United States).

Arguments regarding a party's wealth, size, and corporate status in an effort to bias the jury constitute prejudicial error. *See, e.g., Draiper v. Airco, Inc.*, 580 F.2d 91, 95 (3rd Cir. 1978) (granting a new trial in part because "[c]ounsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff"); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757–58 (6th Cir.1980) (granting a new trial where the plaintiff's counsel made improper comments about the financial disparity between the parties that "permeated the entire trial"). References to a party as a "wealthy, thriving, large company" and references to a company's finances and size have been held irrelevant and excluded at the motion *in limine* stage. *Cooper Tire and Rubber Co. v. Farese*, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008).

Here, evidence of Acer/Gateway's size, wealth, and overall revenues should be excluded because it has no probative value, and there is a danger that the jury might set damages based on Defendants' ability to pay. *Igo v. Coachmen Indus., Inc.*, 938 F.2d 650, 653 (6th Cir. 1991) (granting new trial based in part on counsel's reference to defendant's wealth, "obviously to

3

PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF ENTIRE MARKET VALUE, SIZE, WEALTH, OR OVERALL REVENUES; CASE NO. 5:08-CV-00877-PSG

demonstrate that [defendant] could pay a big verdict"). Such irrelevant evidence could also lead to jury confusion regarding the appropriate revenue base for any damages analysis. Fed. R. Evid. 403.

# I.     CONCLUSION

For the foregoing reasons, Acer/Gateway respectfully ask this Court to exclude any evidence of, opinions on, mention of or reference to the entire market value of the accused products and Acer/Gateway's size, wealth, and overall revenues.

Dated: August 15, 2013                                              K&L GATES LLP


By:   /s/ Jeffrey M. Ratinoff
      Michael J. Bettinger
      Timothy P. Walker
      Harold H. Davis, Jr.
      Jeffrey M. Ratinoff
      *Attorneys for Plaintiffs-Counterdefendants*
      ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.

4

PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF ENTIRE MARKET VALUE, SIZE, WEALTH, OR OVERALL REVENUES; CASE NO. 5:08-CV-00877-PSG